**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § | |

---

**DEFENDANT, THE LAW OFFICES OF KANNER & PINTALUGA, P.A.'S, MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(6) OR, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

---

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

#62546806 v3

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: */s/ Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

# TABLE OF CONTENTS

Case No. 4:24-cv-4423

TABLE OF AUTHORITIES .................................................................................................. ii

Nature and Stage of the Proceeding ................................................................................... 1

Issues to be Ruled on and Standards of Review ............................................................... 2

Summary of the Argument.................................................................................................. 3

Argument ............................................................................................................................. 4

   I.    Mr. Cook Fails to State A Claim for Violation of DPPA ...................................... 4

   II.    Plaintiffs Fail to State a Claim for Unjust Enrichment ....................................... 4

   III.    Plaintiffs Fail to State a Claim for Violation of the DTPA ............................... 5

      A.    Plaintiffs are not "Consumers" under the DTPA............................................ 5

      B.    Plaintiffs Do Not Allege They Suffered Damages as a result of The Alleged Misconduct............................................................................................................. 6

      C.    In the Alternative, Plaintiffs Should be Required to File a More Definite Statement as to Their Claim for Violation of the DTPA............................................................. 6

      D.    Plaintiffs Fail to State a RICO Claim .......................................................... 7

Conclusion ......................................................................................................................... 9

i

#62546806 v3

**TABLE OF AUTHORITIES**

Case No. 4:24-cv-4423

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 2

*Caffey v. Heller First Fin. Capital Corp.*,
  281 Fed. Appx. 315 (5th Cir. 2008) .................................................................................. 5

*Cenorin, LLC v. Tacy Med., Inc.*,
  2013 WL 1194473 (N.D. Tex. Mar. 25, 2013) .................................................................. 6

*Coghlan v. Wellcraft Marine Corp.*,
  240 F.3d 449 (5th Cir. 2001) ............................................................................................. 5

*Creel v. Dr. Says, LLC*,
  2022 WL 991568 (E.D. Tex. Mar. 31, 2022) ..................................................................... 8

*Cuvillier v. Taylor*,
  503 F.3d 397 (5th Cir. 2007) ............................................................................................. 2

*Doe v. Boys Clubs of Greater Dall., Inc.*,
  907 S.W.2d 472 (Tex. 1995) .......................................................................................... 5, 6

*Encompass Office Sols., Inc. v. Ingenix, Inc.*,
  775 F. Supp. 2d 938 (E.D. Tex. 2011)............................................................................... 4

*In re Burzynski*,
  989 F. 2d 733 (5th Cir. 1993) ............................................................................................ 8

*In re Katrina Canal Breeches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ............................................................................................. 2

*Kennedy v. Sale*,
  689 S.W.2d 890 (Tex. 1985) .............................................................................................. 5

*Kocurek v. Cuna Mut. Ins. Soc.*,
  459 Fed. Appx. 371 (5th Cir. 2012) .................................................................................. 5

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
  369 F.3d 464 (5th Cir. 2004) ............................................................................................. 2

*Matheus v. Sasser*,
  164 S.W.3d 453 (Tex. App.—Fort Worth 2005, no pet.)................................................... 6

ii

## TABLE OF AUTHORITIES

Case No. 4:24-cv-4423

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
  798 F. Supp. 2d 831 (S.D. Tex. 2011) ................................................................................... 6

*Prince v. Pinnace Brands, Inc.*,
  138 F.3d 602 (5th Cir. 1998) ................................................................................................ 8

*Riverside Nat. Bank v. Lewis*,
  603 S.W.2d 169 (Tex. 1980) ................................................................................................. 6

*Sedima SPRL v. Inrex Co.*, Inc.,
  473 U.S. 479 (1985) ........................................................................................................... 7, 8

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002) .............................................................................................................. 2

*Villarreal v. Wells Fargo Bank, N.A.*,
  814 F.3d 763 (5th Cir. 2016) ................................................................................................. 5

*Wilson v. Cinemark Corp.*,
  858 S.W.2d 645 (Tex. App.—Fort Worth 1993, no writ) ...................................................... 4

**Statutes**

18 U.S.C. § 1961(c) .................................................................................................................... 8

18 U.S.C. § 1962........................................................................................................................ 7, 8

18 U.S.C. § 1964(c) ................................................................................................................... 7, 8

18 U.S.C. § 2724(a) ..................................................................................................................... 4

Tex. Bus. & Com. Code §17.44.................................................................................................... 5

Tex. Bus. & Com. Code §17.45.................................................................................................... 6

Tex. Bus. & Com. Code § 17.50.................................................................................................. 5

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................... 2

Federal Rule of Civil Procedure 12(e) ......................................................................................... 2

iii

## NATURE AND STAGE OF THE PROCEEDING

This lawsuit arises from two alleged phone calls received by Plaintiff Esther Kelley-Cook ("Mrs. Cook") after she was involved in a motor vehicle crash. (Docket Entry No. 1, ¶ 5). Plaintiffs allege that two days after Mrs. Cook was involved in a car accident, she received a phone call inquiring about the accident. *Id.*, ¶ 19. Mrs. Cook allegedly passed the phone to her husband, Plaintiff Kelly Cook ("Mr. Cook"). *Id*. The unidentified caller allegedly solicited Mr. Cook to bring personal injury claims he may have related to the accident. *Id*. According to the Complaint, Mrs. Cook received another call from an unidentified caller on a later date offering legal representation related to the accident. *Id*. ¶ 20. During this second call, the unidentified caller allegedly told Mrs. Cook that he worked for Defendant The Law Offices of Kanner & Pintaluga, P.A. ("Kanner & Pintaluga"), and that Defendant Progressive Casualty Insurance Company ("Progressive") had given Plaintiffs' personal contact information to Kanner & Pintaluga. *Id*.

Plaintiffs do not allege they took any action at all in response to these phone calls. They do not claim to have retained or otherwise contracted with Kanner & Pintaluga in response to these phone calls. In fact, Plaintiffs do not articulate any harm they suffered as a result of these phone calls. To be certain, they do not allege they suffered any pecuniary harm to their business or property.

Plaintiffs filed this putative class action lawsuit on November 11, 2024. In their Class Action Complaint ("Complaint"), Plaintiffs assert five causes of action against both Defendants. Plaintiffs assert statutory claims for violations of Texas's anti-barratry and deceptive trade practices acts, the federal driver's privacy act, and the federal civil racketeering act. Additionally, Plaintiffs assert common law claims for civil conspiracy and unjust enrichment. This motion addresses the claims Plaintiffs assert against Kanner & Pintaluga.

1

#62546806 v3

## ISSUES TO BE RULED ON AND STANDARDS OF REVIEW

The issues to be ruled on are: (1) whether the Complaint states claims upon which relief can be granted as against Kanner & Pintaluga and (2) whether Plaintiffs should be required to provide a more definite statement as to Count Five of the Complaint.

In deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

A district court may grant a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The motion must state the defects in the pleading and the details desired. *See id.* "If a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion is appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

2

Case No. 4:24-cv-4423

## SUMMARY OF THE ARGUMENT

The Court should dismiss certain individual causes of action because they fail to state a claim upon which relief can be granted, as summarized below.

- Count Three does not allege any conduct on the part of Kanner & Pintaluga that violated the Driver's Privacy Protection Act ("DPPA") with respect to Mr. Cook.

- Count Four is deficient because Plaintiffs fail to allege that they conferred any benefit on Kanner & Pintaluga which would entitle them to relief under a theory of unjust enrichment.

- Count Five fails because the Complaint does not establish Plaintiffs are "consumers" entitled to maintain a claim for violation of Texas' Deceptive Trade Practices Act ("DTPA"). Moreover, Plaintiffs fail to allege they suffered any damages that are recoverable under DTPA. In the alternative, Plaintiff should be required to provide a more definite statement concerning the specific provisions of the DTPA allegedly violated by Kanner & Pintaluga.

- Finally, Count Six does not allege a cognizable claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiffs do not plead any predicate acts of racketeering and do not, because they cannot, allege any injury to their business or property caused by racketeering activity. Accordingly, the Court should dismiss Plaintiffs' RICO claim with prejudice.

3

#62546806 v3

## ARGUMENT

### I.      Mr. Cook Fails to State A Claim for Violation of DPPA

DPPA creates a civil claim against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." 18 U.S.C. § 2724(a). Plaintiffs allege that Progressive, not Kanner & Pintaluga, obtained and disclosed Plaintiffs' phone numbers. (Docket Entry No. 1, ¶¶ 41-42). The Complaint alleges that Mrs. Cook received two calls from Kanner & Pintaluga, and during one of the calls "passed the caller to her husband." *See Id.*, ¶¶ 19-20. Though not expressly alleged, Plaintiffs appear to claim that Kanner & Pintaluga used personal contact information obtained and disclosed to it by Progressive to place phone calls to Mrs. Cook. There are no allegations that Kanner & Pintaluga similarly used personal contact information of Mr. Cook for any purpose. Specifically, the are no allegations that Kanner & Pintaluga ever attempted to contact him. Accordingly, Mr. Cook does not allege a viable DPPA claim.

### II.      Plaintiffs Fail to State a Claim for Unjust Enrichment

Plaintiffs allege that "Defendants have been unjustly enriched by the improper receipt and retention of fees and other benefits they deprived Plaintiffs, in equity, Defendants should not be allowed to retain their revenues and benefits." (Docket Entry No. 1, ¶ 51). Even if Count Four could be construed as an equitable claim for money had and received or quantum meruit, Plaintiffs still do not state a claim because Plaintiffs do not allege that they retained Kanner & Pintaluga, nor that Kanner & Pintaluga received any "fees or other benefits" that would need to be returned to Plaintiffs. *See Wilson v. Cinemark Corp.*, 858 S.W.2d 645 (Tex. App.—Fort Worth 1993, no writ) (affirming grant of summary judgment denying unjust enrichment claim because *no benefit* obtained by fraud, duress or undue advantage); *Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 966 (E.D. Tex. 2011) (granting motion to dismiss quantum meruit claim against

4

healthcare insurer where medical provider plaintiff failed to plead facts showing it conferred benefits on the insurer). Plaintiffs have not alleged to have given anything to Kanner & Pintaluga and, therefore, cannot have anything returned to them under an unjust enrichment theory.

### III.     Plaintiffs Fail to State a Claim for Violation of the DTPA

To sustain a DTPA claim, Plaintiffs must plead: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Villarreal v. Wells Fargo Bank, N.A.,* 814 F.3d 763, 768 (5th Cir. 2016) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 478 (Tex. 1995)). "A successful Texas Deceptive Trade Practices Act (DTPA) plaintiff may recover under either the out-of-pocket rule or the benefit of the bargain rule." *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 453 (5th Cir. 2001). The Court should dismiss Count Five because i) Plaintiffs do not qualify as "consumers" and ii) the Complaint does not articulate any recoverable damages under DTPA. If not dismissed, the Court should alternatively direct Plaintiffs to replead Count Five to identify the specific provisions of DTPA that Kanner & Pintaluga purportedly violated.

### A.     Plaintiffs are not "Consumers" under the DTPA

Plaintiffs' claim under DTPA fails on its face because Plaintiffs are not "consumers" as required by the statute. It is elemental that "[a] plaintiff must prove his or her status as a consumer to prevail in an action under the DTPA." *See* Tex. Bus. & Com. Code § 17.50; *Kennedy v. Sale*, 689 S.W.2d 890, 892-93 (Tex. 1985). The explicit terms of the statute require it. Tex. Bus. & Com. Code § 17.50 ("a consumer may maintain an action" (emphasis added)). This is consistent with the purpose of the statute, which is to "protect consumers." *Id.* § 17.44 (emphasis added). The Fifth Circuit has affirmed dismissal of claims under DTPA that are not brought by consumers. *See Kocurek v. Cuna Mut. Ins. Soc.*, 459 Fed. Appx. 371, 374 (5th Cir. 2012) (affirming dismissal of Plaintiff's claims under the DTPA because Plaintiff did not purchase the policies at issue); *Caffey*

5

#62546806 v3

*v. Heller First Fin. Capital Corp.*, 281 Fed. Appx. 315, 316 (5th Cir. 2008)(affirming dismissal of claims brought by guarantors of a debt because they were not consumers for purposes of DTPA).

DTPA defines "consumer" to mean an "individual . . . *who seeks or acquires* by purchase or lease, any goods or services … ." Tex. Bus. & Com. Code § 17.45 (emphasis added); *see also Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). Plaintiffs do not meet the definition of "consumer." They do not allege they sought or acquired legal services in connection with the underlying car accident. Accordingly, for this reason alone, Plaintiffs' DTPA claim must be dismissed. *See, e.g., Cenorin, LLC v. Tacy Med., Inc.*, No. 3:12-CV-1745-L, 2013 WL 1194473, at *5 (N.D. Tex. Mar. 25, 2013) (granting defendant's motion to dismiss plaintiff's claims under the Texas DTPA because plaintiff, who had sued defendant for trademark infringement, was not a "consumer" since plaintiff had not personally purchased any of defendant's product).

### B.    Plaintiffs Do Not Allege They Suffered Damages as a result of The Alleged Misconduct

To plead a plausible DTPA claim, Plaintiffs must allege they suffered damages. *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 852 (S.D. Tex. 2011) (citing *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995)). Here, Plaintiffs do not plead any type of pecuniary loss in the form of either "benefit-of-the-bargain" or "out-of-pocket" damages, caused by Kanner & Pintaluga's alleged wrongdoing. *See Matheus v. Sasser*, 164 S.W.3d 453, 459 (Tex. App.—Fort Worth 2005, no pet.) (discussing the recognized types of compensatory damages available for a successful DTPA plaintiff). Accordingly, Plaintiffs have not pled a prima facie element of their DTPA claim.

### C.    In the Alternative, Plaintiffs Should be Required to File a More Definite Statement as to Their Claim for Violation of the DTPA

Alternatively, if the Court does not dismiss Count Five, the Court should require Plaintiffs to plead a more definite statement with respect to their claim for violations of the DPTA. Plaintiffs

6

have alleged general violations of the DTPA without stating which section(s) of the statute were allegedly violated by Kanner & Pintaluga. Section 17.46(b) enumerates 34 false, misleading, or deceptive acts or practices that could form the basis of a DTPA claim. The manner in which Count Five is plead requires Kanner & Pintaluga to guess what sections were purportedly violated and does not sufficiently give Kanner & Pintaluga adequate notice of the basis of Plaintiffs' DTPA claim. Accordingly, because Plaintiffs do not plead which sections, if any were, allegedly violated, Kanner & Pintaluga respectfully requests that the Court, at a minimum, require Plaintiffs to amend the Complaint to provide a more definite statement of Kanner & Pintaluga's purported DTPA violation(s).

### D.    Plaintiffs Fail to State a RICO Claim

The Court should dismiss Count Six of the Complaint because Plaintiffs fail to allege a violation of 18 U.S.C. § 1964(c). Section 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit …

Plaintiffs' RICO claim is deficient because the Complaint i) does not allege any unlawful "racketeering activity" as required to plead a violation of 18 U.S.C. § 1962 and ii) does not allege any injury to Plaintiffs' business or property proximately caused by racketeering activity, as required by section 1964(c).

Fatal to their RICO claim, Plaintiffs do not allege a "pattern of racketeering activity." Recovery under section 1964(c) requires pleading and proving a violation of section 1962. "A violation of § 1962(c), …, requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima SPRL v. Inrex Co.*, Inc., 473 U.S. 479, 496 (1985). The Complaint's generic reference to "racketeering activity" is insufficient to plead a RICO claim. Concerning the requirement for

7

pleading a "pattern of racketeering activity," "[t]his element has two components: 1) predicate acts—the requisite racketeering activity, and 2) a pattern of such acts." *In re Burzynski*, 989 F. 2d 733, 742 (5th Cir. 1993). Section 1961(c) identifies discrete illegal activities that qualify as "racketeering activity." Plaintiffs nowhere in Count Six or elsewhere in the Complaint allege Kanner & Pintaluga engaged in any of the enumerated predicate racketeering acts listed in section 1961(c). Because the Complaint fails to allege any specific "racketeering activity," Plaintiffs do not plead a viable RICO claim.

Plaintiffs' RICO claim fails for the additional reason that the Complaint does not allege any injury to Plaintiffs' business or property, as required for Plaintiffs to have standing to bring a RICO claim. "Succeeding on a RICO claim requires a plaintiff to prove two separate aspects: (1) substantive violation of the statute, and (2) statutory standing." *Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 991568, at *6 (E.D. Tex. Mar. 31, 2022). "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima*, 473 U.S. at 496. Plaintiffs do not allege any concrete harm caused by the alleged conduct of Defendants, let alone injury to Plaintiffs' business or property "caused by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "[A] RICO plaintiff must satisfy two elements—injury and causation." *Prince v. Pinnace Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998). The Complaint's only reference to RICO injury is the statement that "Defendant's pattern of racketeering activity damaged Plaintiffs." (Docket Entry No. 1, ¶ 67). The Complaint does not provide any factual information concerning any specific damages and does not allege in any sense how any damages were caused by any conduct on the part of Kanner & Pintaluga. "[C]onclusional allegations, unaccompanied by assertions of even general facts to show injury, fail to satisfy the RICO standing requirement." *Prince*, 138 F.3d at 606. Because Plaintiffs'

8

allegations facially belie that Plaintiffs could have suffered any injury to their business or property as a result of the phone calls at issue, the Court should dismiss Count Six with prejudice.

## CONCLUSION

For the reasons set forth herein, Kanner & Pintaluga respectfully requests the Court dismiss pursuant to Rule 12(b)(6) Counts Three, Four, and Five of the Complaint without prejudice and dismiss Plaintiffs' RICO claim in Count Six with prejudice.

Respectfully submitted,

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Pro Hac Vice forthcoming)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

9

Case No. 4:24-cv-4423

**BECK REDDEN LLP**

By: /s/ Alex B. Roberts
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Veronica A. Meza

10

#62546806 v3