**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-04423-KPE-PB |
| vs. | § § | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., Florida Profit Corporation, | § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ....................................................................................................i

TABLE OF AUTHORITIES ............................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

INTRODUCTION .............................................................................................................1

STATEMENT OF THE ISSUES AND SUMMARY OF ARGUMENT ...................................2

ARGUMENT AND AUTHORITIES ..................................................................................4

I.     Plaintiffs Fail to Allege Facts Supporting a Theory of Vicarious Liability.......................5

II.    Plaintiffs Fail to State a Claim Against Progressive for Barratry (Count I). ......................6

III.   Plaintiffs Fail to State a Claim Against Progressive for Conspiracy (Count II). ................7

IV.    Plaintiffs Fail to State a Claim Against Progressive for Violation of the Driver's
       Privacy Protection Act (Count III). ....................................................................................8

V.     Plaintiffs Fail to State a Claim Against Progressive for Unjust Enrichment (Count
       IV)........................................................................................................................................9

VI.    Plaintiffs Fail to State a Claim Against Progressive for Violation of the Texas
       Deceptive Trade Practices Act (Count V). .......................................................................11

VII.   Plaintiffs Fail to State a Claim Against Progressive for Violation of RICO (Count
       VI)......................................................................................................................................12

       A.     Plaintiffs Lack Standing to Bring a RICO Claim. ................................................12

       B.     Plaintiffs Fail to Establish a Pattern of Racketeering Activity.............................14

VIII.  Plaintiffs Are Not Entitled to Injunctive Relief. .............................................................16

CONCLUSION...................................................................................................................17

CERTIFICATE OF SERVICE ...........................................................................................19

## TABLE OF AUTHORITIES

**Cases**

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136 (Tex. 2019)..............................7

*Amin v. UPS*, 66 F.4th 568 (5th Cir. 2023) ...............................................................13

*Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253 (9th Cir. 2019)...................................9

*Arruda v. Curves Int'l, Inc.*, No. 6:20-CV-00092-ADA, 2020 WL 4289380 (W.D. Tex. July 27, 2020), *aff'd*, 861 F. App'x 831 (5th Cir. 2021) ............................................................4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................5

*Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836 (5th Cir. 2004) .................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................................5

*Bowers v. Trinity Groves, LLC*, No. 3:21-CV-0411-B, 2021 WL 3710564 (N.D. Tex. Aug. 20, 2021).........................................................................................................................5

*Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) ...............................................................13

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)..............................................4

*Elias v. Pilo*, 781 F. App'x 336 (5th Cir. 2019) ...........................................................3

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).........................5

*Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653 (Tex. App.—Houston 2006)......................................................................................................................7

*Franciscan All., Inc. v. Becerra*, 553 F. Supp. 3d 361 (N.D. Tex. 2021) ................................4, 16

*Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400 (5th Cir. 2015).....................13

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)......................................................15

*HCB Fin. Corp. v. McPherson*, 8 F.4th 335 (5th Cir. 2021).............................................4, 12, 13

*Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417 (5th Cir. 2001) .......................................12

*Landry v. PosiGen, Inc.*, No. 17-8444, 2018 WL 806227 (E.D. La. Feb. 8, 2018).....................14

*Leach v. Fed. Deposit Ins. Corp.*, 860 F.2d 1266 (5th Cir. 1988)...............................13

*Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394 (Tex. App.—San Antonio 2000) .......................................................................................................................11

*M & E Endeavours LLC v. Cintex Wireless LLC*, No. 01-15-00234-CV, 2016 WL 1590642 (Tex. App. —Houston Apr. 19, 2016)..................................................................................................10

*Maracich v. Spears*, 570 U.S. 48 (2013)...............................................................................8

*Massey v. Armco Steel Co.*, 652 S.W.2d 932 (Tex. 1983) .............................................3, 8

*Miller v. Kim Tindall & Assocs., LLC*, 633 S.W.3d 102 (Tex. App. —San Antonio 2021).........11

*Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145 (5th Cir. 2010)...............................5

*Nationscredit Corp. v. CSSI, Support Grp., Inc.*, No. 05-99-01612-CV, 2001 WL 200147 (Tex. App. —Dallas Mar. 1, 2001) .........................................................................................................10

*Nguyen v. Watts*, 605 S.W.3d 761 (Tex. App.—Houston 2020)......................................2, 6, 9, 10

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602 (5th Cir. 1998)....................................................12, 13

*Reconstruction Fin. Corp. v. Beaver County*, 328 U.S. 204 (1946) .................................................13

*Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654 (E.D. La. 2004)....................................9

*Scheffy v. Lyons*, No. 23-565, 2024 WL 838473 (E.D. La. Feb. 28, 2024). ................................15

*Sedima S.P.R.L v. Imrex Co.*, 473 U.S. 479 (1985) ......................................................................12

*Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512 (5th Cir. 2016) ....................................12

*Spencer & Assocs., P.C. v. Harper*, 612 S.W.3d 338 (Tex. App.—Houston  2019).....................7

*St. Germain v. Howard*, 556 F.3d 261 (5th Cir. 2009) ..................................................................14

*State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656 (Tex. 1994) .........................................................6

*Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563 (5th Cir. 2021) ................................................17

*Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010) ..................................................................3

*Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269 (Tex. 1995) .........................................................11

*TransUnion v. Ramirez*, 594 U.S. 413 (2021)..............................................................................13

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899 (5th Cir. 1997)...................................................................................................................................5, 14

*Vazzano v. Receivable Mgmt. Servs., LLC*, 621 F. Supp. 3d 700 (N.D. Tex. 2022) ....................13

*Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265 (Tex. App. —San Antonio 2004)............9

*Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840 (E.D. Tex. 2002) ..........................3

*Word of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118 (5th Cir. 1996), *cert. denied*,
   520 U.S. 1117 (1997) ...........................................................................................................14

**Statutes**

18 U.S.C. § 1961............................................................................................................................14

18 U.S.C. § 1962..............................................................................................................................1

18 U.S.C. § 2724..............................................................................................................................8

18 U.S.C. § 2725..............................................................................................................................8

Tex. Bus. & Com. Code § 17.45....................................................................................................12

Tex. Bus. & Com. Code § 17.46....................................................................................................11

Tex. Bus. & Com. Code § 17.50....................................................................................................11

Tex. Bus. & Com. Code §§ 17.41-17.63 (2023)..............................................................................4

Tex. Gov't Code § 82.0651 .........................................................................................................2, 6

Tex. Penal Code § 38.12 .............................................................................................................2, 6

Tex. R. Prof'l Conduct 7.3 ..........................................................................................................2, 6

**NATURE AND STAGE OF PROCEEDINGS**

This action is currently in the pleading stage.  Plaintiffs Kelly Cook and Esther Kelley-Cook filed this class action lawsuit against Defendants Progressive Casualty Insurance Company ("Progressive") and The Law Offices of Kanner & Pintaluga, P.A. ("K&P") in the United States District Court for the Southern District of Texas, Houston Division.  The Complaint alleges multiple causes of action, including barratry, conspiracy, violation of the Driver's Privacy Protection Act ("DPPA"), unjust enrichment, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO").  Plaintiffs seek damages and injunctive relief.

Plaintiffs claim that Progressive and K&P engaged in a scheme whereby Progressive provided K&P with the personal information of individuals involved in motor vehicle crashes, which K&P then used to solicit legal representation.  Plaintiffs assert that this alleged scheme violates various statutes and ethical rules, including the Texas Penal Code and the Texas Disciplinary Rules of Professional Conduct.  Plaintiffs seek to represent two classes.  The Complaint cursorily alleges that Defendants' actions have caused unspecified harm to Plaintiffs and the proposed class members.

Progressive moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiffs fail to state claims upon which relief can be granted.  Specifically, the Complaint fails to allege sufficient facts to support the various claims against Progressive.

**INTRODUCTION**

Plaintiffs' claims are both legally insufficient and fundamentally flawed.  Plaintiffs' Complaint tells a far-fetched story in which Progressive allegedly collaborates with a plaintiff's-side law firm to help the law firm solicit clients who then sue Progressive's own insureds for

1

injuries sustained in auto accidents.  Plaintiffs' tale defies logic and common sense: they never allege what benefit Progressive supposedly received from this arrangement, and no referral fees could be worth the increased claim costs arising from more numerous suits against Progressive's insureds.  Nor do Plaintiffs explain how this scheme—if it existed at all—harmed them.

Plaintiffs' litany of causes of action fails against Progressive because there is no allegation that Progressive communicated with, obtained anything from, or otherwise acted in violation of its statutory obligations towards Plaintiffs.  The claims for barratry, conspiracy, violation of the DPPA, unjust enrichment, violation of the DTPA, and violation of RICO are all inadequately pleaded and unsupported by factual allegations.  Progressive respectfully requests that this Court dismiss the Complaint against Progressive in its entirety with prejudice.

## STATEMENT OF THE ISSUES AND SUMMARY OF ARGUMENT

1.  *Whether Progressive is vicariously liable for actions by K&P.*  Plaintiffs fail to allege any facts that support holding Progressive vicariously liable for K&P's actions.

2.  *Whether Plaintiffs state a claim for barratry against Progressive.*  For Progressive to be civilly liable for barratry, Progressive must have solicited Plaintiffs through actions that violate the criminal barratry statutes or a Rule of Professional Conduct.  Tex. Gov't Code § 82.0651(c) (2023); Tex. Penal Code § 38.12(a), (b) (2023); Tex. R. Prof. Conduct 7.3.  Courts interpret the term "solicited by" to mean that the individual received a prohibited communication as a potential client, made by or on behalf of an attorney seeking employment.  *Nguyen v. Watts*, 605 S.W.3d 761, 779 (Tex. App.—Houston 2020, *pet. denied*).  Plaintiffs do not allege that Progressive or its representatives communicated with them, a necessary element for a civil barratry claim.

3.  *Whether Plaintiffs state a claim for conspiracy against Progressive.*  In the Fifth Circuit, and under Texas law, "[a]n actionable civil conspiracy is a combination by two or more

2

persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Unlike criminal conspiracy, civil conspiracy is not an independent wrong and instead presupposes perpetration of some underlying tort. *See Walsh v. America's Tele-Network Corp.*, 195 F. Supp. 2d 840, 850 (E.D. Tex. 2002). Plaintiffs fail to establish an underlying tort against Progressive as required to prove civil conspiracy. They also fail to plead several elements of a conspiracy claim.

4. *Whether Plaintiffs state a claim for violation of the DPPA by Progressive.* "The DPPA creates liability when three elements are met: (1) the defendant knowingly obtains, discloses or uses personal information; (2) from a motor vehicle record; and (3) for a purpose not permitted." *Taylor v. Acxiom Corp.*, 612 F.3d 325, 335 (5th Cir. 2010). The Complaint lacks factual allegations to support a DPPA violation because Plaintiffs do not allege that Progressive obtained their information from a "motor vehicle record" maintained by the Texas Department of Motor Vehicles.

5. *Whether Plaintiffs state a claim for unjust enrichment against Progressive.* Unjust enrichment calls for restitution only when the party receiving the money is unjustly benefitted if permitted to retain money at the expense of the other party. *Elias v. Pilo*, 781 F. App'x 336, 338 (5th Cir. 2019); *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004) (citation omitted) (to establish unjust enrichment, plaintiff must show "that defendant holds money which in equity and good conscience" belongs to plaintiff). Plaintiffs' allegations are conclusory and do not specify any benefits received by Progressive from them. There is no factual basis for an unjust enrichment claim.

6. *Whether Plaintiffs state a claim for violation of the Texas DTPA by Progressive.* To establish a DTPA violation, Plaintiffs are required to plead that: (1) Plaintiffs are consumers

3

under the DTPA; (2) Progressive can be sued under the DTPA; (3) Progressive committed a deceptive act; and (4) Progressive's actions caused Plaintiffs' damages. Tex. Bus. & Com. Code §§ 17.41-17.63 (2023). Plaintiffs are not consumers under the DTPA and have not alleged any misrepresentation or unconscionable action by Progressive.

7.    *Whether Plaintiffs state a RICO claim against Progressive.*   To state a civil RICO claim, "a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity," as well as an "an injury to the plaintiff's business or property" by reason of that RICO violation. *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021); *Arruda v. Curves Int'l, Inc.*, No. 6:20-CV-00092-ADA, 2020 WL 4289380, at *3 (W.D. Tex. July 27, 2020), *aff'd*, 861 F. App'x 831 (5th Cir. 2021). Plaintiffs fail to allege facts supporting RICO standing, a pattern of racketeering activity, or continuity of such activity. The allegations do not meet the legal standards for bringing a RICO claim.

8.    *Whether Plaintiffs allege facts that meet the requirements for injunctive relief.*  To obtain a permanent injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Franciscan All., Inc. v. Becerra*, 553 F. Supp. 3d 361, 368 (N.D. Tex. 2021) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Plaintiffs fail to demonstrate any irreparable injury or inadequacy of legal remedies, which are necessary to obtain permanent injunctive relief.

## ARGUMENT AND AUTHORITIES

Each of Plaintiffs' causes of action must be dismissed for failure to state a claim. To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Id.* (alteration added). Unsupported allegations made on information and belief likewise need not be credited on a motion to dismiss. *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

## I.    Plaintiffs Fail to Allege Facts Supporting a Theory of Vicarious Liability.

Many of Plaintiffs' claims assume that Progressive should be responsible for the acts of defendant K&P. Although Plaintiffs make numerous allegations about the actions of "Defendants," without specifying which defendant did what (*e.g.*, Compl. ¶¶ 22-23, 37-39, 42-44, 51, 54, 56-60, ECF No. 1), the specific allegations about alleged wrongdoing relate to actions by K&P, not Progressive (*e.g.*, *id*. ¶¶ 19-20, 37, 62). But Progressive cannot be held vicariously liable for K&P's independent actions. To properly assert vicarious liability, a plaintiff must allege facts that would prove an agency relationship between the defendants. *Bowers v. Trinity Groves*, *LLC*, No. 3:21-CV-0411-B, 2021 WL 3710564, at *3 (N.D. Tex. Aug. 20, 2021). Plaintiffs may not simply assert in conclusory terms that K&P is Progressive's agent for purposes of vicarious liability. *Id.* Yet Plaintiffs offer no facts that suggest Progressive should be vicariously liable for K&P's actions. For example, there are no facts alleged that would

5

indicate an agency relationship, no suggestion of how Progressive and K&P are connected, and no indication that Progressive has any control over K&P.  Nor are any facts pled that support Plaintiffs' objection to Progressive's and K&P's corporate separateness.  (*Cf.* Compl. ¶ 73, ECF No. 1.)  For this reason, the Court should not credit Plaintiffs' assertion of vicarious liability and should not attribute K&P's alleged actions to Progressive.

**II.    Plaintiffs Fail to State a Claim Against Progressive for Barratry (Count I).**

Barratry is the "solicitation of employment to prosecute or defend a claim with intent to obtain a personal benefit."  *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 658 n.2 (Tex. 1994) (citation omitted).  In order for a defendant to be civilly liable for barratry where, as here, no contract for legal services was procured, a plaintiff must have been "solicited by conduct violating" the criminal barratry statutes or a Rule of Professional Conduct.  Tex. Gov't Code § 82.0651(c); Tex. Penal Code § 38.12(a), (b); Tex. R. Prof. Conduct 7.3.[1]  The phrase "solicited by" "should be construed to mean a person has experienced a *prohibited communication* directed toward him or her as a prospective client *by or on behalf of an attorney* in an effort to gain employment."  *Nguyen*, 605 S.W.3d at 779 (emphasis added).  For example, in *Nguyen*, the court concluded that even though the unauthorized filing of presentment forms violated the barratry laws, it did not support a civil barratry claim because it was not directed toward the plaintiffs. *Id.* at 776-79.  In other words, while a criminal action for barratry may involve actions other than solicitation, civil barratry, by definition, involves an attorney making a communication to a prospective client.

---

[1] Rule 7.3 of the Rules of Professional Conduct does allow for solicitation if the communication is to another lawyer.  Tex. R. Prof. Conduct 7.3(d)(2)(i).  Plaintiff Kelly Cook is an attorney. (Compl. ¶ 19, ECF No. 1.)

Here, there is no allegation that Progressive, or any employee of Progressive, communicated with either Plaintiff at any time.  The Complaint specifically alleges that *K&P* made the offending calls, and indeed, it explicitly states that "the caller was not calling from Progressive."  (Compl. ¶¶ 5, 19, ECF No. 1.)  Plaintiffs do not allege that they received any calls from or on behalf of Progressive.  In fact, they allege they were solicited to sue a Progressive insured.  (*Id.* ¶¶ 18-19.)  Because Plaintiffs acknowledge they had no direct or indirect communication from Progressive, they were never "solicited by" Progressive or anyone acting on Progressive's behalf.  Thus, they fail to allege any actionable conduct by Progressive.  (In any event, Progressive is not a law firm and does not offer legal services.  Even if Plaintiffs had alleged they were solicited by Progressive or someone acting on Progressive's behalf, it is not facially plausible to say that Progressive was soliciting prospective clients.)  Plaintiffs' barratry claim against Progressive should be dismissed because there is no basis for holding Progressive liable.

### III.    Plaintiffs Fail to State a Claim Against Progressive for Conspiracy (Count II).

Civil conspiracy is not an independent tort cause of action.  *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-42 (Tex. 2019).  Rather, conspiracy is a derivative tort in that a defendant's liability for conspiracy "depends upon its participation in some underlying tort for which the plaintiff seeks to hold the defendant liable."  *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos.*, 217 S.W.3d 653, 668 (Tex. App.—Houston 2006, *pet. denied*).  As such, a plaintiff does not have a viable conspiracy claim if the plaintiff does not properly plead the underlying tort.  *Spencer & Assocs., P.C. v. Harper*, 612 S.W.3d 338, 354 (Tex. App.—Houston 2019, *no pet.*).

Here, Plaintiffs base their conspiracy claim on an alleged combination to commit barratry.  However, as discussed above, Plaintiffs' allegations of barratry against Progressive

7

fail. Plaintiffs do not allege that Progressive made any calls to them or that they received any calls on behalf of Progressive for the purpose of soliciting employment. Nor do Plaintiffs allege that Progressive caused K&P to contact them. Consequently, Progressive did not participate in any underlying tort that could give rise to liability for conspiracy. Without a properly pleaded underlying tort, Plaintiffs' conspiracy claim cannot succeed.

Even if the barratry claim against K&P were to survive, Plaintiffs still fail to state a claim for conspiracy against Progressive. Such a claim has as its essential elements "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey*, 652 S.W.2d at 934. Plaintiffs fail to allege what the purported object of the conspiracy was; that there was any meeting of the minds between Progressive and K&P; or that there were any actionable damages as a result of the purported conspiracy.

Because Plaintiffs fail to state claim against Progressive for barratry, and fail to allege the necessary elements of conspiracy, their conspiracy claim should be dismissed.

**IV.    Plaintiffs Fail to State a Claim Against Progressive for Violation of the Driver's Privacy Protection Act (Count III).**

The DPPA prohibits a person from (1) knowingly obtaining, disclosing, or using personal information (2) from a motor vehicle record (3) for a purpose not permitted. 18 U.S.C. § 2724(a). A "motor vehicle record," for purposes of the statute, is "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1). Importantly, the DPPA was enacted to "'establish[] a regulatory scheme that restricts the States' ability to disclose a driver's personal information without the driver's consent.'" *Maracich v. Spears*, 570 U.S. 48, 57 (2013) (citation omitted). In other words, the DPPA only precludes obtaining or using

8

information from the records of a state department of motor vehicles, not from using *any* personal information about an individual. *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1260 (9th Cir. 2019) (holding that obtaining personal information from driver's license in owner's possession did not violate DPPA); *see also Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 661 (E.D. La. 2004) (recognizing that DPPA bars "disclosure of drivers' personal information by private citizens who have obtained that information *from a DMV*" (emphasis added)).

Plaintiffs do not allege that Progressive obtained their information from the Texas Department of Motor Vehicles (DMV). Plaintiffs assert only that Progressive had *access* to the DMV's data (*see* Compl. ¶¶ 48-49, ECF No. 1). This allegation is insufficient to establish a violation of the DPPA. Progressive could have obtained Plaintiffs' information, including their phone numbers, from alternative sources, such as from Plaintiffs' own submission of a claim to Progressive or from the other driver involved in the accident. If Progressive acquired the information through these other means, there is no DPPA violation even if Progressive provided that information to K&P. Because Plaintiffs fail to allege that Progressive unlawfully accessed or used DMV data, their Complaint does not state a necessary element, and as such, the DPPA claim should be dismissed.

**V.    Plaintiffs Fail to State a Claim Against Progressive for Unjust Enrichment (Count IV).**

An action for unjust enrichment arises from the equitable principle that a person receiving benefits that were unjust for him to retain should make restitution. *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, *pet. denied*). "To recover for unjust enrichment, a plaintiff must show that the defendant has obtained a benefit from her by fraud, duress, or the taking of an undue advantage." *Nguyen*, 605 S.W.3d at 789

9

(quoting *M & E Endeavours LLC v. Cintex Wireless LLC*, No. 01-15-00234-CV, 2016 WL 1590642, at *3 (Tex. App.—Houston Apr. 19, 2016, *no pet.*)).  Similarly, the plaintiff must show that he or she is the source of the alleged improper benefit rather than having only a remote or attenuated connection to it.  *Id.* (dismissing claim of unjust enrichment when alleged benefit was too indirect, remote, and speculative); *see also Nationscredit Corp. v. CSSI, Support Grp., Inc.*, No. 05-99-01612-CV, 2001 WL 200147, at *2 (Tex. App.—Dallas Mar. 1, 2001, *no pet.*).

Plaintiffs' Complaint makes a conclusory allegation that "Defendants" were unjustly enriched by the receipt of fees and other benefits.  However, the Complaint fails to specify what fees or benefits Progressive received.  Plaintiffs do not explain how Progressive could be enriched by a scheme to locate injured parties to sue Progressive's own insureds—or even how Progressive was enriched by K&P's alleged solicitations of Plaintiffs.  Plaintiffs do not, and cannot, plead that Progressive received any benefits directly (or even indirectly) from them, whether as a result of allegedly wrongful acts or otherwise.  This is particularly true here where there are not even any allegations that Plaintiffs conveyed any fees or other benefits to K&P.  Plaintiffs did not provide any benefit directly to Progressive, and they do not allege any benefit to Progressive.  *Cf. Nguyen*, 605 S.W.3d at 790 (dismissing unjust enrichment claim where benefit derived was too speculative).  Without specific allegations detailing the fees or benefits received by Progressive, and without demonstrating that Plaintiffs were the source of any improper benefit, Plaintiffs' claim of unjust enrichment against Progressive lacks the necessary factual support.  Accordingly, the unjust enrichment claim against Progressive should be dismissed.

**VI.   Plaintiffs Fail to State a Claim Against Progressive for Violation of the Texas Deceptive Trade Practices Act (Count V).**

Texas' DTPA protects consumers from "false, misleading, or deceptive acts or practices," from an "unconscionable action or course of action by any person," and from the "breach of an express or implied warranty," or from acts or practices that violate Chapter 541 of the Insurance Code, provided those acts are "in the conduct of any trade or commerce" and produce actual damage.  Tex. Bus. & Com. Code §§ 17.46(a), 17.50(a)(1)-(3).  Importantly, the DTPA only protects consumers: "consumer status is an essential element of a DTPA cause of action." *Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 400 (Tex. App.—San Antonio 2000, *no pet.*).

Because Plaintiffs did not seek to acquire goods or services from Progressive by purchase or lease, and no such goods or services form the basis of their Complaint, Plaintiffs are not consumers under the DTPA.  *See Miller v. Kim Tindall & Assocs., LLC*, 633 S.W.3d 102, 105 (Tex. App.—San Antonio 2021, *pet. denied*).  Plaintiffs' only purported relationship with Progressive is that they sought proceeds under an insurance policy as third-party claimants against Progressive's insureds, but this relationship does not make them consumers of insurance. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995) (citation omitted) ("A party whose only relation to an insurance policy is to seek policy proceeds is not a 'consumer.'").

Moreover, Plaintiffs do not allege any misrepresentation, unconscionable action, or breach of warranty on the part of Progressive; nor do they allege any misrepresentations, discrimination, or unfair settlement practices barred by Chapter 541 of the Texas Insurance Code.  *Cf.* Tex. Bus. & Com. Code § 17.50(a).  The only allegation against Progressive is that Progressive (or an unknown agent) shared Plaintiffs' personal information with K&P.  But that does not rise to the level of unconscionable action that requires Progressive to have taken

11

advantage of Plaintiffs' "lack of knowledge, ability, experience, or capacity . . . to a grossly unfair degree."  Tex. Bus. & Com. Code § 17.45(5).

Because Plaintiffs are not consumers of Progressive's goods or services and do not allege any actionable deceptive practices by Progressive, their DTPA claim should be dismissed.

**VII.   Plaintiffs Fail to State a Claim Against Progressive for Violation of RICO (Count VI).**

Not satisfied with their other claims against Progressive, Plaintiffs also accuse Progressive of being part of a criminal racketeering enterprise.  This claim fails as well.  To establish civil RICO liability, Plaintiffs must allege: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.  *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 523-24 (5th Cir. 2016) (citation and quotations omitted).  They must also allege "an injury to the plaintiff's business or property" by reason of a RICO violation.  *HCB Fin. Corp.*, 8 F.4th at 338 (citation and quotations omitted).  For the reasons set forth below, Plaintiff does not plausibly allege a RICO claim.

**A.    Plaintiffs Lack Standing to Bring a RICO Claim.**

As an initial matter, Plaintiffs cannot establish statutory standing to pursue a RICO claim. Statutory standing is distinct from Article III standing, and is analyzed under Rule 12(b)(6) rather than Rule 12(b)(1).  *HCB Fin. Corp.*, 8 F.4th at 339.  To establish RICO standing, a plaintiff must satisfy two elements: injury and causation.  *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998).  A "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property."  *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (quoting *Sedima S.P.R.L v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Additionally, Fifth Circuit precedent requires a RICO plaintiff to show a "conclusive financial

12

loss" and not harm to "mere expectancy" or "intangible" interests. *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 408 (5th Cir. 2015) (citations omitted). In determining whether a plaintiff has alleged an injury to a property interest sufficient to confer RICO standing, courts look to state law. *See Leach v. Fed. Deposit Ins. Corp.*, 860 F.2d 1266, 1274 n.14 (5th Cir. 1988) (instructing that courts should look to state law for "[a]ny definition of the term 'property,' an inherently state law-related term").

Here, Plaintiffs do not explicitly allege any injury; their only potential injury arises from the two phone calls received from K&P and "infringing on their time." (*See* Compl. ¶ 43, ECF No. 1.) Texas law recognizes right of privacy, "defined as the right of an individual to be left alone, to live a life of seclusion." *Amin v. UPS*, 66 F.4th 568, 578 (5th Cir. 2023) (citation and quotations omitted). But any infringement on that right is intangible. *Vazzano v. Receivable Mgmt. Servs., LLC*, 621 F. Supp. 3d 700, 709 (N.D. Tex. 2022) (citing *TransUnion v. Ramirez*, 594 U.S. 413, 424-25 (2021)); *see also, e.g.*, *Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005) (recognizing that "personal discomfort and annoyance" were personal harms that did not support RICO standing).

As the Fifth Circuit established in *Gil Ramirez Group*, intangible harm is insufficient to establish RICO standing. Any supposed harm resulting from K&P's phone calls to the Plaintiffs is intangible harm; thus, it is insufficient to confer RICO standing. *Price*, 138 F.3d at 607 (citation omitted) ("Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing."). Because Plaintiffs cannot allege an injury to their business or property, the RICO claim should be dismissed. *HCB Fin. Corp.*, 8 F.4th at 343 ("to survive a motion to dismiss, a civil RICO claimant must plausibly allege an injury").

13

### B.    Plaintiffs Fail to Establish a Pattern of Racketeering Activity.

"A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (per curiam) (citation omitted).  To establish a pattern of racketeering activity, "a plaintiff must show that the racketeering predicates are *related*, and that they amount to or pose a threat of *continued criminal activity*." *Word of Faith World Outreach Ctr. Church v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996), *cert. denied*, 520 U.S. 1117 (1997) (internal quotation marks omitted).  Continuity "may be shown by either a closed period of repeated conduct, or an open-ended period of conduct that by its nature projects into the future with a threat of repetition." *Id.* (internal quotation marks omitted).

First, Plaintiffs do not sufficiently allege two or more predicate criminal acts.  Under RICO, the predicate acts of "racketeering activity" must fall within certain categories: they must involve acts or threats of murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, or other acts that would be indictable under certain specified federal statutes.  18 U.S.C. § 1961(1).  The only potential criminal act described in the Complaint is K&P's alleged barratry in soliciting Plaintiffs, but barratry is not one of the listed acts of racketeering activity under RICO.  Nor do Plaintiffs identify any possible predicate act or acts Progressive itself committed.  The only allegation against Progressive in the RICO section of the Complaint is Plaintiffs' allegation, "[o]n information and belief," that Progressive was paid for referring individuals to K&P.  (Compl. ¶ 69, ECF No. 1.)  Although a plaintiff may plead fraud and RICO claims on information and belief, a plaintiff must plead facts to suggest that information and belief are reasonable.  *Landry v. PosiGen, Inc.*, No. 17-8444, 2018 WL 806227, at *4 (E.D. La. Feb. 8, 2018); *see also Thompson*, 125 F.3d at 903 (upholding dismissal of fraud allegations based on

14

information and belief and stating that factual basis for such belief must be stated).  There are no facts supporting the allegation that Progressive received any payment from K&P.  And even if there were, this is not a crime that could constitute a predicate act under RICO.

Second, Plaintiffs do not allege the necessary continued criminal activity, either over a closed period or an open-ended period of conduct, to support a RICO pattern of racketeering activity.  To demonstrate continuity over a closed period, one must provide evidence of a sequence of interconnected events spanning a significant duration.  *Scheffy v. Lyons*, No. 23-565, 2024 WL 838473, at *7 (E.D. La. Feb. 28, 2024).  Predicate acts extending over "a few weeks or months" and threatening no future criminal conduct do not satisfy this requirement.  *Id.* (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989)).  To establish continuity over an open period, on the other hand, there must be an ongoing threat of continued racketeering activity.  *Id.* A threat of continued racketeering activity can be established when the predicate acts either inherently pose a distinct threat of prolonged racketeering activity or are integral to the regular operations of an ongoing entity.  *Id.*

With respect to continuity over a closed period, Plaintiffs' allegations are insufficient. Their allegations of racketeering activity are limited to receipt of Plaintiffs' information and two phone calls allegedly made by K&P over a one-month period in October 2024 (*see* Compl. ¶¶ 18-20, ECF No. 1).  But Plaintiffs must provide evidence of a sequence of interconnected events spanning more than just a few weeks or months.  *Scheffy*, 2024 WL 838473, at *7. Therefore, even if, as Plaintiffs allege, "Progressive gave K&P the Plaintiffs' phone numbers under an agreement between Progressive and K&P" (*see* Compl. ¶ 20, ECF No. 1)—and even if such action could constitute a predicate act, which it cannot—the Complaint does not sufficiently allege continuity of racketeering activity.

15

With respect to continuity over an open period, Plaintiffs' allegations are likewise insufficient.  Plaintiffs do not allege that any predicate act purportedly committed by Progressive poses a distinct and inherent threat of prolonged racketeering activity.  To do so, Plaintiffs must demonstrate that the alleged conduct is part of Progressive's regular way of doing business or that it poses a threat of continuing criminal activity.  But as previously noted, Plaintiffs' assertions with respect to Progressive's alleged role in the scheme are pled solely on "information and belief," without providing any explanation or factual basis for this belief.  Plaintiffs fail to plead any facts to support an inference that the alleged acts of passing injured parties' phone numbers to K&P are part of Progressive's regular operations.  This lack of specificity discredits their allegations.  And without demonstrating that Progressive's actions are part of a long-term pattern or pose a significant threat of ongoing racketeering activity, Plaintiffs cannot establish the necessary continuity required for their claim.  Plaintiffs' only reference to continuity is the conclusory statement that the alleged scheme was "long-lasting."  (Compl. ¶ 67, ECF No. 1).  But this vague statement refers to no specific time frame and does not indicate the scheme will continue into the future.

Plaintiffs' RICO claim should be dismissed because Plaintiffs fail to allege a "pattern" of "racketeering activity."

## VIII.   Plaintiffs Are Not Entitled to Injunctive Relief.

Plaintiffs request injunctive relief in addition to their alleged damages.  (Compl. ¶ 77, ECF No. 1.)  In order to obtain a permanent injunction, Plaintiffs must show "(1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Franciscan All., Inc.*, 553 F. Supp. 3d at 368

16

(citation and quotations omitted).  Additionally, Plaintiffs seeking an injunction must demonstrate a likelihood of success on the merits—if "plaintiffs' claims were properly dismissed, they cannot show a likelihood of success on the merits" and their claim for injunctive relief must fail.  *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 576 (5th Cir. 2021).  To the extent that Plaintiffs' substantive claims are dismissed, their request for injunctive relief should be dismissed as well.

But even if any claim survives, the request for injunctive relief should be dismissed. Plaintiffs do not even attempt to allege that their injury is irreparable; that their remedies at law are inadequate; or that a remedy in equity is warranted.  As discussed above, Plaintiffs fail to allege any injury caused by Progressive, let alone any irreparable injury.  Further, to the extent Plaintiffs were injured by any action by Progressive, their remedies at law, which they are pursuing in this action, are adequate to redress any harm to them.

## CONCLUSION

For the foregoing reasons, Defendant Progressive Casualty Insurance Company respectfully requests that this Court grant its Motion to Dismiss.  Plaintiffs' claims for barratry, conspiracy, violation of the DPPA, unjust enrichment, violation of the DTPA, and violation of the RICO Act are inadequately pleaded and unsupported.  The allegations against Progressive are not only implausible but also legally insufficient.  Progressive respectfully requests that this Court dismiss the Complaint in its entirety with prejudice and grant any further relief that the Court deems just and proper.

Dated: January 15, 2025

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Kymberly Kochis*
Kymberly Kochis (*pro hac vice*)

17

1114 Avenues of the Americas
The Grace Building, 40th Floor
New York, NY 10023
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

James L. Silliman
State Bar No. 24081416
Fed. ID No. 2365032
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
jimsilliman@eversheds-sutherland.com

*Attorneys for Defendant*
*Progressive Casualty Insurance Company*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2025, a copy of the foregoing was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel and parties of record.

/s/ *Kymberly Kochis*
Kymberly Kochis (*pro hac vice*)

19