**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT THE LAW OFFICES OF KANNER & PINTALUGA, P.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE KEITH ELLISON:

## I.      INTRODUCTION

In its Motion to Dismiss Plaintiffs' Amended Class Action Complaint, The Law Offices of Kanner & Pintaluga, P.A. (K&P) has provided this Court with neither a factual nor a legal basis for dismissing the Complaint.[1] Instead, K&P seeks dismissal by ignoring the plain text of the relevant statutes and Plaintiffs' Complaint, or by misinterpreting what the law requires to state a claim. Accordingly, its Motion to Dismiss must be denied. Alternatively, if this Court determines Plaintiffs' Complaint falls short of the governing standard, Plaintiffs request an opportunity to file an amended complaint setting forth additional facts in support of their claims.

---

[1]      With the exception of Plaintiffs' claims for unjust enrichment, for which Plaintiffs concede dismissal.

## II.    LEGAL STANDARD

In reviewing a complaint on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must consider all facts alleged in the complaint as true and construe the pleadings in a light most favorable to the plaintiff. *Paselk v. Texas*, No. 4:12cv754, 2013 U.S. Dist. LEXIS 127420, at \*14 (E.D. Tex. June 6, 2013) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994)). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) requires more than labels and conclusions or "a formulaic recitation of the elements of a cause of action," it does not require detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Twombly* and *Iqbal* did not abrogate the notice standard pleading of Rule 8(a)(2) but confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A claim should not be dismissed so long as there are "enough facts to state a claim to relief that is plausible on its face." *Bunch v. Mollabashy*, No. 3:13-CV-1075-G (BH), 2015 U.S. Dist. LEXIS 38717, at \*13 (N.D. Tex. Mar. 26, 2015) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Paselk*, 2013 U.S. Dist. LEXIS 127420 at \*14.

## III.    ARGUMENT

K&P does not dispute Plaintiffs have properly pled claims of Barratry (Count I) and Conspiracy (Count II) but argues Plaintiffs' Complaint fails on Count III (violations of the DPPA),

*Plaintiffs' Response in Opposition to*
*K&P's Motion to Dismiss*

Count IV (unjust enrichment), Count V (violations of the DTPA), and Count VI (RICO). The specific and well-supported facts in the Complaint, which the Court must construe as true, support the plausible inference K&P is culpable for the harm alleged. Accordingly, Plaintiffs' claims satisfy the governing pleading standards and dismissal pursuant to Rule 12(b)(6) is inappropriate.

### A.   Plaintiffs' Complaint sufficiently pleads violations of the DPPA in Count II.

K&P does not dispute Plaintiffs have properly brought DPPA claims as to K&P's solicitation of Dr. Kelley-Cook. Instead, K&P focuses on Mr. Cook's claims, which allegedly fail because the Complaint does not allege K&P "called Mr. Cook or otherwise used personal contact information of Mr. Cook for **any** purpose." K&P's Mot. to Dismiss, ECF No. 31, p. 4 (emphasis in original). But the DPPA does not require the defendant *use* impermissibly obtained personal information for liability to arise.

Merely obtaining personal information from a motor vehicle record for an impermissible purpose is actionable. 18 U.S.C. § 2724(a). K&P even quotes the disjunctive language of the DPPA in its Motion. K&P's Mot. to Dismiss, ECF No. 31, p. 4 ("DPPA creates a civil claim against '[a] person who knowingly *obtains*, discloses *or* uses personal information from a motor vehicle record'…") (emphasis added). As the Third Circuit has recognized, "both obtaining and using motor vehicle information for an impermissible purpose violates the DPPA[.]" *Pichler v. UNITE*, 542 F.3d 380, 392 (3d Cir. 2008).

The Complaint alleges the motor vehicle record K&P used to acquire Dr. Kelley-Cook's personal information contained Mr. Cook's information as well. *See* Compl., ¶ 21–22 (stating that the motor vehicle registration listed both Plaintiffs as owners of the vehicle and contained both of their information). Because the Complaint contains facts plausibly showing that K&P illegally *obtained* Mr. Cook's personal information, the Complaint properly alleges violations of the DPPA

as to both Plaintiffs.

**B.      Plaintiffs' Complaint sufficiently pleads violations of the DTPA.**

K&P argues Plaintiffs are not "consumers" and, thus, cannot bring a DTPA claim. K&P's Mot. to Dismiss, ECF No. 31, at 6–7. But Plaintiffs laid out the statutory basis of their standing under the DTPA in their Complaint.

Plaintiffs' standing under the DTPA is provided by Texas Business & Commercial Code § 302.303, which specifically authorizes a private right of action for individuals who have received solicitation in violation of the Texas Business and Commerce Code Chapter 302. K&P does not dispute the phone calls were solicitation calls or that K&P is not registered to make telephone solicitations. Because Texas Business & Commercial Code § 302.101 requires registration for telephone solicitations, K&P's call to Plaintiffs violate Chapter 302.

Thus, Plaintiffs are not required to be "consumers" under the DTPA because they are "purchasers" who received illegal telephone solicitation under Chapter 302, which specifically authorizes individuals to pursue a civil action under the DTPA for violations.[2] *See* Tex. Bus. & Com. Code Ann. § 302.303 ("(a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17; (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce this chapter."); *see also Callier v. Unified Health, LLC*, No. EP-23-CV-375-KC, 2024 WL 3418778, at *7 (W.D. Tex. July 15, 2024) (plaintiff brought solicitation registration claims pursuant to the DTPA, as authorized by statute, without having bought or consumed anything from the defendant). Indeed, it makes little sense to limit liability for improper telephone *solicitations* to those cases where the defendant was

---

[2] *See* Tex. Bus. & Com. Code Ann. § 17.41 (providing that Chapter 17, Subchapter E may be cited as "the Deceptive Trade Practices-Consumer Protection Act.").

*Plaintiffs' Response in Opposition to*
*K&P's Motion to Dismiss*                                                                 Page 4 of 10

successful (that is, the plaintiff acquired the goods or services) or the plaintiff initiated the transaction (that is, the plaintiff sought the goods or services).

K&P next argues the Court should dismiss Plaintiffs' DTPA claim because Plaintiffs failed to allege which of the "34 enumerated false, misleading or deceptive acts or practices" found in § 17.46 K&P violated. K&P's Mot. to Dismiss, ECF No. 31, p. 5. As stated above, Plaintiffs' claim for illegal solicitation is statutorily defined as a "false, misleading, or deceptive act or practice" under the DTPA. Tex. Bus. & Com. Code Ann. § 302.303. Regardless, the specific violations listed in § 17.46 are not exclusive, and the facts in Plaintiffs' Complaint that describe the deceptive and unconscionable method by which K&P solicits clients meet the criteria as a deceptive trade practice under the DTPA. *See* Tex. Bus. & Com. Code Ann. § 17.46(b) ("the term 'false, misleading, or deceptive acts or practices' includes, **but is not limited to**, the following acts") (emphasis added); Tex. Bus. & Com. Code Ann. § 17.44 ("This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions.").

K&P's final argument for dismissal of Plaintiffs' DTPA claims concerns Plaintiffs' allegations regarding damages. The DTPA allows damages for mental anguish, which Plaintiffs have alleged in tandem with K&P's invasion of their privacy by accessing their personal information and unlawfully soliciting them. Tex. Bus. & Com. Code Ann. § 17.50. *See also Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921–22 (4th Cir. 2022) ("the district court here found standing because '[p]laintiffs' alleged harms are closely related to the invasion of privacy, which has long provided a basis for recovery at common law.' We agree. Indeed, . . . we recently rebuffed a nearly identical standing challenge in a case arising under the Telephone Consumer Protection Act ("TCPA"), another consumer privacy statute that, like the DPPA, provides a private right of

action against offenders.").

Plaintiffs' Complaint adequately pleads facts detailing K&P's invasion of their privacy and the resulting legally cognizable damages.

### C.      Plaintiffs' Complaint sufficiently pleads a RICO claim.

K&P next attacks Plaintiffs' RICO claim, arguing that Plaintiffs alleged neither a pattern of racketeering activity nor a cognizable injury. But Plaintiffs' Complaint makes clear that K&P and co-Defendant Progressive Casualty Insurance Company engaged in a racketeering enterprise that violated the privacy rights of individuals involved in automobile accidents reported to Progressive by exchanging unlawfully acquired personal information and engaging in fraudulent telephone solicitation pursuant to that exchange.

Plaintiffs' Complaint details the Defendants' racketeering activity. Progressive, as a car insurer, received reports of accidents that included vehicle identification information. Compl. ¶ 20–22. Progressive used this information to illegally access motor vehicle records to obtain the personal information of the vehicles' owners, which it then sold to K&P. *Id*. K&P used this information to commit the crime of barratry by illegally calling owners of vehicles and promising large settlements for filing lawsuits. *Id*. at ¶ 19–24. By exchanging this illegally obtained information to fraudulently solicit clients and settlements, K&P and Progressive formed an enterprise to engage in a pattern of the racketeering activity of wire fraud. K&P's use of telephone solicitation is wire fraud: as alleged in the Complaint, the K&P representative that called Dr. Kelley-Cook did not identify the law firm for which he worked until pressed to do so and made false promises regarding large settlements in exchange for the filing of potentially frivolous lawsuits. Compl. ¶ 29–21.

K&P argues Plaintiffs failed to adequately plead cognizable damages under RICO and

accordingly do not have standing to raise the claim. Paragraph 80 of Plaintiffs' Complaint affirmatively pleads Plaintiffs have been injured in the amount of at least $5,000 as a result of Defendants' racketeering activities. Mr. Cook is a personal injury attorney whose practice is built around handling insurance claims and vehicle accident cases. Compl. ¶ 19. K&P's illegal solicitation of clients, and Progressive's illegal sale of personal information to facilitate that illegal solicitation, resulted in a loss of Mr. Cook's business interest by at least $5,000 through stealing Mr. Cook's potential clients via wire fraud. This loss of business interest is recognized in this Circuit as supportable RICO damages. "[L]oss of a legal entitlement is sufficient but not invariably necessary to sustain a RICO claim." *Gil Ramirez Group, L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 410 (5th Cir. 2015). "A plaintiff need not show that the other party *would have been obliged* to confer a benefit, only that the other party *would have conferred* the benefit." *Id*. Moreover, at this early stage of litigation, Plaintiff need not provide an exact number of damages, nor even present an individual who, but for Defendants' interference, would have hired Mr. Cook. "At the pleading stage, *general factual allegations* of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Warnock v. State Farm Mut. Auto. Ins. Co.*, No. CIVA 5:08CV01DCBJMR, 2008 WL 4594129, at *4 (S.D. Miss. Oct. 14, 2008) (quoting *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir.1998)).

Plaintiffs have met the standard for maintaining a RICO claim and K&P's Motion to Dismiss should be denied.

**D.    Plaintiffs' Complaint sufficiently pleads a claim for injunctive relief.**

K&P argues Plaintiffs have not shown a permanent injunction is necessary or appropriate because "[t]here is no alleged or commonsense reason why Kanner & Pintaluga would contact

Plaintiffs in the future for any reason." K&P Mot. to Dimiss, ECF No. 31, p. 10. Naturally, K&P is in an excellent position to renounce any future contact with Plaintiffs on its own behalf, but even if Plaintiffs were willing to accept K&P at its word, Plaintiffs asserted the request for permanent injunction on behalf of the class they intend to represent. Plaintiffs' Complaint makes it clear K&P and Progressive's scheme to defraud accident victims through the use of harassing, exploiting, and unduly influential promises of large settlements is a large-scale and ongoing scheme. Compl. ¶ 23. Whether K&P continues to illegally contact the Cooks is irrelevant in this analysis—without a permanent injunction, Defendants will continue in their illegal harassment campaign against accident victims who have their personal information stolen by Progressive and sold to K&P. Accordingly, failure to grant the injunction will result in irreparable injury to accident victims, the protection of these victims' personal information vastly outweighs damages K&P may sustain by being disallowed from continuing in their already illegal activity, and this injunction will serve the public interest by disallowing further harassment and exploitation of accident victims. All the elements of granting a permanent injunction are met.

### E.      In the alternative, Plaintiffs should be given leave to amend.

Plaintiffs' Complaint stands on its own merit: it presents a well-supported, cogent and logical sequence of facts demonstrating a plausible inference that K&P is liable for the claims presented. Should the Court disagree, however, Plaintiffs respectfully request leave to amend to address any deficiencies.  "If it appears that given an opportunity to amend the pleading, the plaintiff would be able to state a claim upon which relief could be granted, the court should grant leave to amend." *In re Key Energy Servs. Sec. Litig.*, 166 F. Supp. 3d at 830 (citing *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 U.S. Dist. LEXIS 16624 (N.D. Tex. Mar. 7, 2007)).

*Plaintiffs' Response in Opposition to*
*K&P's Motion to Dismiss*

Respectfully submitted,

*/s/ Leigh S. Montgomery*
**EKSM, LLP**
Jarrett L. Ellzey
Texas Bar No. 24040864
jellzey@eksm.com
Tom Kherkher
Texas Bar No. 24113389
tkherkher@eksm.com
Leigh S. Montgomery
Texas Bar No. 24052214
lmontgomery@eksm.com
4200 Montrose, Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEYS FOR PLAINTIFFS,**
**AND THOSE SIMILARLY SITUATED**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2025, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

to all parties in this case.

 */s/Leigh S. Montgomery*
Leigh S. Montgomery