**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No.: 4:24-cv-04423-KPE-PB |
| vs. | § § | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ...........................................................................................................i

TABLE OF AUTHORITIES.................................................................................................. ii

INTRODUCTION .................................................................................................................1

ARGUMENT AND AUTHORITIES....................................................................................1

I.  Plaintiffs Cannot Hold Progressive Responsible for the Actions of K&P. ........................1

 A.  Plaintiffs Fail to State a Claim for Civil Conspiracy. .............................................1

 B.  Plaintiffs Fail to Allege Any Other Basis for Vicarious Liability. .........................4

 C.  Because There Is No Basis for Vicarious Liability, Plaintiffs Fail to State Claims for Barratry and DTPA Violations Against Progressive. ...........................6

II.  Plaintiffs Fail to State a Claim for Violation of the DPPA.................................................6

III.  Plaintiffs Fail to State a Claim for RICO...........................................................................7

 A.  Plaintiffs Do Not Allege a Valid Underlying Predicate Act to Support the RICO Claim. ............................................................................................................7

 B.  Plaintiffs' New Allegations of Damages Do Not Suffice to Confer RICO Standing. .................................................................................................................8

IV.  Plaintiffs Should Not Be Permitted to Amend the Complaint Yet Again. ......................10

CONCLUSION....................................................................................................................10

CERTIFICATE OF SERVICE ...........................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136 (Tex. 2019).............................2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................2

*Ashlar Fin. Servs. v. Sterling Fin. Co.*, No. 3:00cv2814-AH, 2002 WL 206439 (N.D. Tex. Feb. 8, 2002).......................................................................................................................3

*Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997)...........................................................................3

*Crooks v. Moses*, 138 S.W.3d 629 (Tex. App. — Dallas 2004)......................................................4

*Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608 (Tex. 1996)............................................2

*Gordon v. Neugebauer*, 57 F. Supp. 3d 766 (N.D. Tex. 2014) .....................................................7

*Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587 (S.D. Tex. 2022) ..................................5

*In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518 (5th Cir. 1995).................................................9

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001) ............................3

*McPeters v. Edwards*, 806 F. Supp. 2d 978 (S.D. Tex. 2011), *aff'd*, 464 F. App'x 351 (5th Cir. 2012)...................................................................................................................................8

*Meyer v. Holley*, 537 U.S. 280 (2003) ...........................................................................................5

*Middaugh v. InterBank*, 528 F. Supp. 3d 509 (N.D. Tex. 2021)....................................................8

*Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125 (Tex. 2018) ..........................................4, 5

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061 (5th Cir. 1994).................................................4

*United States ex rel. Jackson v. Ventavia Research Grp., LLC*, 667 F. Supp. 3d 332 (E.D. Tex. 2023).........................................................................................................................................8

*United States ex rel. Miniex v. Houston Hous. Auth.*, No. 21-20435, 2023 WL 6174416 (5th Cir. 2023).........................................................................................................................................5

*United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450 (5th Cir. 2005) .......7

*Williams v. WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997)........................................................7

**Rules**

Fed. R. Civ. P. 9(b) ..........................................................................................................................7

**INTRODUCTION**

Having failed to address Progressive's arguments for dismissal when amending their Complaint, Plaintiffs now try to salvage their far-fetched tale of wrongdoing by adding allegations nowhere to be found in their Amended Complaint. Neither the facts alleged in the Amended Complaint nor the allegations added in Plaintiffs' Opposition Brief support holding Progressive liable for the actions of K&P—which is the only basis for the claims against Progressive.

Plaintiffs continue to fail to state a claim against Progressive for civil conspiracy, barratry, DTPA, DPPA, and RICO violations. With respect to the conspiracy claim, Plaintiffs fail to allege a meeting of the minds or the object of the alleged conspiracy. Nor do they identify any other basis for finding vicarious liability. Because of that, their claims for barratry and violation of the DTPA fail, as they acknowledge Progressive can only be vicariously, not directly, liable for those claims. Further, the flaws in Plaintiffs' claims under the DPPA and RICO statutes are not remedied by Plaintiffs' Opposition Brief. Because of these incurable defects, the Court should dismiss Plaintiffs' Amended Complaint as to Progressive with prejudice.

**ARGUMENT AND AUTHORITIES**

**I.      Plaintiffs Cannot Hold Progressive Responsible for the Actions of K&P.**

Several of Plaintiffs' causes of action are predicated on the theory that Progressive is liable for K&P's actions. (*See* Pls.' Resp. in Opp'n to Progressive's Mot. to Dismiss ("Opp'n Br."), ECF No. 36 at 4, 6.) But Plaintiffs' allegations of conspiracy and vicarious liability do not suffice to extend liability from K&P to Progressive.

**A.      Plaintiffs Fail to State a Claim for Civil Conspiracy.**

Plaintiffs' allegations fall well short of a properly-pled claim for civil conspiracy. (*Cf. id.* at 4.) The parties agree that the elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or

1

more unlawful, overt acts; and (5) damages as the proximate result." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) (citation and internal quotation marks omitted).

The Amended Complaint and Plaintiffs' Opposition Brief do not sufficiently demonstrate these elements.  First, there is no allegation of a meeting of minds between Progressive and K&P regarding the alleged scheme.  Plaintiffs allege the parties "conspired."  (Opp'n Br., ECF No. 36 at 4.)  But that is merely a conclusory allegation that can be disregarded.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements").  The Amended Complaint lacks allegations demonstrating that both Progressive and K&P had a mutual understanding or agreement to accomplish the purported illegal objective.  Yet "[f]or a civil conspiracy to arise, the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement.  One cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge." *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996) (citations omitted).  Merely alleging that Progressive provided information to K&P is not enough to substantiate a conspiracy claim.  Nowhere do Plaintiffs allege that Progressive knew what K&P would do with the information Progressive allegedly provided. Taking Plaintiffs' allegations as true (even though they are based on double hearsay), Progressive provided information to K&P for unknown reasons and then K&P allegedly solicited Plaintiffs in Texas in violation of the barratry statute on its own.  It requires an inferential leap to assume Progressive knew what K&P was going to do with the information provided.  Plaintiffs cannot fill in the gaps of their Amended Complaint with such an inferential leap.

Second, there is no allegation supporting the assertion that Progressive and K&P somehow agreed on the object to be accomplished.  Plaintiffs characterize the object of the conspiracy as "illegally soliciting clients and filing frivolous lawsuits." (Opp'n Br., ECF No. 36 at 4.)  But again, there is no allegation that Progressive was involved in the solicitations of clients, or even that Progressive was aware that such solicitations took place.  This purported object also fails any plausibility test: the contention is that Progressive had an object of *having frivolous lawsuits filed against its own insureds*, whom it would be obligated to defend.  Why would Progressive conspire with a law firm to increase its own claim costs?[1]  And why would Progressive conspire with K&P to solicit Plaintiffs to represent them in a personal injury suit when Plaintiffs were not in the vehicle or even "present at the time of the crash"?  (Am. Compl. ¶ 21, ECF No. 24.)

To the extent Plaintiffs' barratry and conspiracy claims are based on a "fraudulent scheme" (*e.g.*, Am. Compl. ¶¶ 28, 44, 66, ECF No. 24), they also fail to satisfy the stringent pleading requirements of Rule 9(b).  *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."); *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997) (fraud-based conspiracy claim must be pled with particularity).  Rule 9(b) requires plaintiffs "to allege *as to each individual defendant* the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Ashlar Fin. Servs. v. Sterling Fin. Co.*, No. 3:00cv2814-AH, 2002 WL 206439, at *4 (N.D. Tex. Feb. 8, 2002) (emphasis added) (internal quotation marks omitted).

---

[1] In apparent acknowledgement that it would be nonsensical for Progressive to provide information to K&P, Plaintiffs' Amended Complaint repeatedly refers to a possible rogue agent acting within Progressive. (*E.g.*, Am. Compl. ¶¶ 2, 22, 23, ECF No. 24.)  Plaintiffs' Opposition does not even attempt to argue that these vague, unsupported allegations are enough to survive a motion to dismiss. (*Cf.* Progressive Mem. in Supp. of Mot. to Dismiss, ECF No. 32-1 at 11-12.)

Throughout the Amended Complaint and even their Opposition Brief, Plaintiffs do not provide specific facts to support their claims.  They omit details about the alleged fraudulent acts committed by Progressive, failing to meet the requirement for particularity regarding the "who, what, when, where, and how" of the alleged fraudulent scheme.  Plaintiffs rely excessively on the allowance for fraud pleadings based on information and belief.  Although the Fifth Circuit acknowledges that "fraud pleadings may be based on information and belief," it cautions that "this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (citation and internal quotation marks omitted).  Plaintiffs cannot circumvent Rule 9(b) by alleging fraud without providing a foundation for their beliefs or specific, plausible facts.

Because Plaintiffs do not plausibly allege a conspiracy in which Progressive was involved—no matter the pleading standard applied—their claim for conspiracy should be dismissed.

**B.      Plaintiffs Fail to Allege Any Other Basis for Vicarious Liability.**

In their Opposition Brief, Plaintiffs assert that even if the relationship between Progressive and K&P does not rise to the level of conspiracy, they sufficiently plead vicarious liability.  (Opp'n Br., ECF No. 36 at 9-10.)  This is incorrect.  Plaintiffs' allegations do not support any theory of vicarious liability, especially the agency theory they seem to suggest in their briefing.  (*Id.* at 10.)

Vicarious liability is not, in and of itself, an independent cause of action.  *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App. — Dallas 2004).  "Under the common-law doctrine of respondeat superior, or vicarious liability, liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018) (citation and internal quotation marks

4

omitted).   However, this relationship must justify holding parties accountable for each other's actions.  *See id.*  For example, an employer may be vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, even if the principal or employer did not personally commit a wrong.  *See Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 594-95 (S.D. Tex. 2022); *see also United States ex rel. Miniex v. Houston Hous. Auth.*, No. 21-20435, 2023 WL 6174416, at *4 (5th Cir. 2023) (principal is subject to liability for torts of its agent if agent commits torts while acting with actual authority or with apparent authority in dealing with third party on behalf of principal).  To determine whether an agency relationship exists, the Supreme Court looks to the Restatement of Agency, which requires both the principal's control over the agent and both parties' consent to the agent acting on the principal's behalf.  *Meyer v. Holley*, 537 U.S. 280, 286 (2003) (citing Restatement (Second) of Agency § 1).

It is indisputable that Progressive and K&P do not share an employer-employee relationship.  Instead, Plaintiffs contend that Progressive and K&P should each be held liable for the other's actions due to the existence of some unidentified relationship.  This contention is not supported by law.  To establish vicarious liability, Plaintiffs must present a valid legal theory.  The mere existence of "a relationship" or the provision of information, as claimed by Plaintiffs, does not impose liability on Progressive for K&P's actions.  Plaintiffs do not allege that Progressive or K&P controls the other, or that either party consented to the other acting on its behalf.  (Such a relationship is wholly implausible; Progressive and K&P are adverse in any number of insurance claims and lawsuits, so it makes no sense that one would have authority to act for the other.)  Because Plaintiffs fail to plead or allege an agent-principal relationship, let alone allege facts sufficient to show that Progressive had control over K&P, Plaintiffs cannot substantiate a claim

for vicarious liability.  The Court should therefore reject any claim that Progressive is vicariously liable for any act performed by K&P.

      **C.**      **Because There Is No Basis for Vicarious Liability, Plaintiffs Fail to State Claims for Barratry and DTPA Violations Against Progressive.**

Plaintiffs admit that there is no independent basis for holding Progressive directly liable under the barratry and DTPA statutes.  (Opp'n Br., ECF No. 36 at 4 ("Progressive's liability for barratry is part and parcel of its liability for civil conspiracy and vice versa; the two must be considered together."); *id.* at 6 ("Plaintiffs readily admit they did not seek to purchase anything from Progressive, nor did a representative from Progressive make the soliciting phone call they received. . . . Accordingly, Plaintiffs have alleged that Progressive is a participant in K&P's violation of the DTPA by conspiring to engage in the scheme that ultimately violated the law.").)  Plaintiffs do not dispute that these claims are entirely contingent upon the existence of a conspiracy or other basis for vicarious liability.  As discussed above, no basis for holding Progressive vicariously liable for K&P's actions has been adequately pled.  Accordingly, the Court must dismiss Plaintiffs' causes of action for barratry and violation of the DTPA.

**II.**      **Plaintiffs Fail to State a Claim for Violation of the DPPA.**

Plaintiffs argue that there is "no alternative method" by which Progressive could have obtained Plaintiffs' contact information other than from DMV records.  (Opp'n Br., ECF No. 36 at 5.)   But Plaintiffs still do not (and cannot) allege that Progressive *in fact* obtained that information from a DMV record.  (*See* Am. Compl. ¶ 55, ECF No. 24 (alleging only that Progressive had access to DMV records).)  Progressive has shown there are plenty of other ways Progressive could have (and indeed, did) obtain Plaintiffs' information.  (Progressive Mem. in Supp. of Mot. to Dismiss, ECF No. 32-1 at 16.)  Plaintiffs' allegations are therefore insufficient to plead a claim for violation of the DPPA.

III.    **Plaintiffs Fail to State a Claim for RICO.**

A.    **Plaintiffs Do Not Allege a Valid Underlying Predicate Act to Support the RICO Claim.**

Plaintiffs make no attempt to claim barratry or violation of the DPPA is a predicate criminal act under RICO. (*Cf.* Progressive Mem. in Supp. of Mot. to Dismiss, ECF No. 32-1 at 22; *see also* K&P Mot. to Dismiss, ECF No. 31 at 14.) "For state law predicate acts, only crimes prohibited in state statutes *and* listed in section 1961(1) can serve as predicate offenses for the purpose of a RICO claim." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 777 (N.D. Tex. 2014) (citation and internal quotation marks omitted) (emphasis in original). Plaintiffs do not—and cannot—claim that barratry or violation of the DPPA are underlying crimes that can serve as a predicate act. Thus, to the extent Plaintiffs' RICO claim is based on a predicate act of barratry or violation of the DPPA, as suggested in paragraph 77 of their Amended Complaint, Plaintiffs implicitly acknowledge the claim must be dismissed.

In their Opposition Brief, Plaintiffs pivot to an argument that the alleged racketeering activity consisted of wire fraud. (Opp'n Br., ECF No. 36 at 7.) But if Plaintiffs' Amended Complaint—which refers only in passing to "the U.S. Mail and interstate wire or radio communications" (Am. Compl. ¶ 17, ECF No. 24) attempts to assert fraud as the predicate act for their RICO claim, Plaintiffs must plead fraud in accordance with the heightened pleading standard of Rule 9(b). *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("Fed. R. Civ. P. 9(b) applies to . . . RICO claims resting on allegations of fraud."). At a minimum, Plaintiffs must plead the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). They do not.

In order to allege wire or mail fraud as a RICO predicate act, "a plaintiff must be able to demonstrate: (1) a scheme to defraud by means of false or fraudulent representation, (2) interstate

7

or intrastate use of the mails to execute the scheme, (3) the use of the mails by the defendant connected with [the] scheme, and (4) actual injury to the plaintiff." *McPeters v. Edwards*, 806 F. Supp. 2d 978, 989 (S.D. Tex. 2011), *aff'd*, 464 F. App'x 351 (5th Cir. 2012) (citation and internal quotation marks omitted). Additionally, the "use of the wire must be interstate." *Id.* at 990. Here, Plaintiffs fail to allege that Progressive was involved in a scheme to defraud Plaintiffs (or anyone else) by means of false or fraudulent representation. Plaintiffs do not claim that either K&P or Progressive misrepresented anything to them at any point; in fact, when asked, K&P allegedly explained the entire so-called scheme to Mr. Cook. (Am. Compl. ¶ 20, ECF No. 24.) Further, Plaintiffs do not allege that Progressive used a phone or any other means to commit wire fraud. Nor do Plaintiffs allege *interstate* use of the wire; they do not allege where K&P was calling from—only that the recipients of alleged solicitations were located in Texas. (*Id.* at ¶ 19 n.1.)

Because Plaintiffs fail to allege a predicate act, their RICO claim must be dismissed.

**B.    Plaintiffs' New Allegations of Damages Do Not Suffice to Confer RICO Standing.**

Faced with their failure to plead damages sufficient to confer RICO standing, Plaintiffs attempt to introduce new allegations in their Opposition Brief. This is not permitted. Courts have consistently held that plaintiffs cannot rely on new allegations made in response to a motion to dismiss. *United States ex rel. Jackson v. Ventavia Research Grp., LLC*, 667 F. Supp. 3d 332, 358 (E.D. Tex. 2023) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. This rule extends to new theories of liability under the same cause of action." (citations and internal punctuation omitted)); *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 535 (N.D. Tex. 2021) ("As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." (citations omitted)).

Not only is Plaintiffs' new claim for lost business opportunities not alleged in the Amended Complaint, but it is unfounded and illogical. Plaintiffs allege that the underlying accident (which they were not present for) was a "straightforward, no-injury collision" that resulted in "minor property damage"—so small that Plaintiffs did not even report the accident to their insurance carrier. (Am. Compl. ¶¶ 4-5, ECF No. 24.) From this minor accident, Plaintiffs speculate that Mr. Cook could have earned at least $5,000 in attorneys' fees. (Opp'n Br., ECF No. 36 at 8.) Plaintiffs fail to explain how Mr. Cook could suffer a loss of business from an incident that resulted in minimal damage. Nor do they explain how Mr. Cook could ethically represent other accident victims who would be "defraud[ed] and exploit[ed]" by solicitations from K&P. (*Cf. id.* at 8.)

The allegation of lost business opportunities is too speculative to support RICO standing. Plaintiffs do not point to any actual purported lost business; they simply surmise that Mr. Cook would have represented accident victims if K&P had not solicited them. But Plaintiffs nowhere allege that K&P actually obtained any clients through its allegedly wrongful solicitations; only that K&P made phone calls. (*E.g.*, Am. Compl. ¶ 19 & n.1, ECF No. 24.) Even if they had, there is nothing to suggest that those individuals would otherwise have hired Mr. Cook rather than any of the numerous other plaintiffs' personal injury lawyers in the Houston area. Where "claimed damages would have required extensive speculation and would not simply entail a calculation of present, actual damages," those "speculative damages are not compensable under RICO." *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995) (holding that allegations of lost opportunity were too speculative to confer RICO standing) (citation omitted). Here, it requires extensive speculation to assume that Mr. Cook would have obtained additional clients but for K&P's wrongful acts, let alone to quantify the alleged lost business opportunity. Plaintiffs do not even attempt to argue Mrs. Cook has standing.

9

Plaintiffs' attempt to introduce new allegations in response to a motion to dismiss is impermissible and the new allegations should not be considered.  Even if they were considered, however, they would be insufficient to confer RICO standing on Plaintiffs.  The RICO claim should therefore be dismissed.

## IV.    Plaintiffs Should Not Be Permitted to Amend the Complaint Yet Again.

After Plaintiffs filed their original Complaint, Progressive moved to dismiss, making substantially the same arguments as in the present motion to dismiss.  Rather than oppose Progressive's motion, Plaintiffs chose to amend the complaint, but chose not to address all of Progressive's arguments for dismissal in the amendment.  Plaintiffs should not be allowed a third opportunity.

Further, in their Opposition Brief Plaintiffs effectively attempt to amend their Complaint a third time by asserting new theories of wire fraud and lost business opportunity.  But these new allegations, even if properly pleaded, would fail.  Any attempt to amend the Complaint would therefore be futile.

The Court should deny Plaintiffs leave to file a Second Amended Complaint.

## CONCLUSION

Plaintiffs' arguments in response to Progressive's motion to dismiss fail to cure the defects in their Amended Complaint.  Having now had two bites at the apple—by amending their Complaint *after* reading the arguments Progressive raised in its initial motion to dismiss— Plaintiffs should be denied a third.  Progressive therefore respectfully requests that the Court grant its Motion to Dismiss, dismiss the Amended Complaint in its entirety as to Progressive with prejudice, and grant any further relief that the Court deems just and proper.

10

Dated: April 9, 2025

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Kymberly Kochis*
Kymberly Kochis (*pro hac vice*)
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, NY 10023
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
kymkochis@eversheds-sutherland.com

James L. Silliman
State Bar No. 24081416
Fed. ID No. 2365032
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
jimsilliman@eversheds-sutherland.com

*Attorneys for Defendant*
*Progressive Casualty Insurance Company*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, a copy of the foregoing was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel and parties of record.

/s/ Kymberly Kochis
Kymberly Kochis (*pro hac vice*)

12