**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § | JURY TRIAL DEMANDED |
| | § | |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § | |
| *Defendants*. | § § | |

---

**DEFENDANT, THE LAW OFFICES OF KANNER & PINTALUGA, P.A.'S,
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Admitted Pro Hac Vice)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of
Kanner & Pintaluga, P.A.*

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: */s/ Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

## TABLE OF CONTENTS

Case No. 4:24-cv-4423

TABLE OF AUTHORITIES ....................................................................................... ii

Nature and Stage of the Proceeding ........................................................................ 1

Issues to be Ruled on and Standards of Review ..................................................... 2

Summary of the Argument ....................................................................................... 4

Argument .................................................................................................................. 5

I.    Mr. Cook Lacks Article III Standing ............................................................. 5

II.   Mrs. Cook, Alone, Can Assert a Barratry Claim Against Kanner & Pintaluga and Only

Based on Violations of Sections 38.12(a) and (b) of the Texas Penal Code and Rule 7.03

of the Texas Disciplinary Rules of Professional Conduct ................................. 7

    A.  Plaintiffs Can Only Pursue Civil Barratry Claims Based on Alleged Violations of

    Sections 38.12(a) and (b) of the Texas Penal Code and Rule 7.03 of the Texas

    Disciplinary Rules of Professional Conduct ..................................................... 7

    B.  Mr. Cook Cannot Assert a Civil Barratry Claim Against Kanner & Pintaluga Because

    He is a Lawyer ...................................................................................... 7

III.  Plaintiffs Fail to State Claims for Barratry Premised on Violations of Texas Penal Code

Section 38.12(b)(1) and Disciplinary Rules 7.03 (c) and (d) ............................ 8

IV.   Plaintiffs Fail to Assert Viable Class Action Claims ...................................... 9

    A.    Plaintiffs Cannot Represent a Class of Persons That Entered into Contracts with

    Kanner & Pintaluga ................................................................................. 9

    B.    A Class of Persons With Similar Solicitation Claims is not Ascertainable ............... 11

i

**TABLE OF CONTENTS**

Case No. 4:24-cv-4423

V.    Plaintiffs Fail to State Claims Against Kanner & Pintaluga Because the Factual Allegations of the Complaint are Inconsistent ................................................................. 13

VI.    Plaintiffs Fail to State a Claim Against Kanner & Pintaluga for Civil Conspiracy ........... 15

VII.    Plaintiffs Fail to Allege Sufficient Facts to Hold Kanner & Pintaluga Vicariously Liable for the Conduct of an Unidentified Third Party ................................................................. 17

VIII.    Plaintiffs Fail to State a Claim for Injunctive Relief ........................................................ 18

Conclusion ................................................................................................................................. 20

#63634395 v3

## TABLE OF AUTHORITIES

Case No. 4:24-cv-4423

**Page(s)**

**Cases**

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC,*
  580 S.W.3d 136 (Tex. 2019) ....................................................................6, 15

*Am. Surgical Assistants, Inc. v. United Healthcare of Texas, Inc.,*
  2010 WL 1340557 (S.D. Tex. Mar. 30, 2010) ...................................17

*Ames v. Great S. Bank,*
  672 S.W.2d 447 (Tex. 1984) ...............................................................18

*Ashcroft v. Iqubal,*
  129 S. Ct. 1937 (2009) .........................................................................8

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................4

*Christiana Tr. v. Riddle,*
  911 F.3d 799 (5th Cir. 2018) ..............................................................17

*Clapper v. Amnesty Intern. USA,*
  568 U.S. 398 (2013) .............................................................................5

*Collins v. Morgan Stanley Dean Witter,*
  224 F.3d 496 (5th Cir. 2000) ................................................................8

*Cuvillier v. Taylor,*
  503 F.3d 397 (5th Cir. 2007) ................................................................4

*DeBremaecker v. Short,*
  433 F. 2d 733 (5th Cir. 197) ...............................................................12

*East Tex. Motor Freight Sys., Inc. v. Rodriguez,*
  431 U.S. 395, (1977) ...........................................................................10

*Elson v. Black,*
  56 F. 4th 1002 (5th Cir. 2023) ............................................................10

*Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,*
  762 F. 2d 464 (5th Cir. 1985) .............................................................19

*Friendship Medical Center, Ltd. v. Space Rentals,*
  62 F.R.D. 106 (N.D. Ill. 1974) ...........................................................15

#63634395 v3

**TABLE OF AUTHORITIES**

Case No. 4:24-cv-4423

*Garcia v. Swire Pac. Holdings, Inc.*,
   2010 WL 1524230 (S.D. Fla. Apr. 14, 2010) ....................................................14

*General Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) ...........................................................................................10

*Greater Houston Transportation Company v. Phillips*,
   801 S.W.2d 523 (Tex.1990) ...............................................................................17

*Hilliard v. Ferguson*,
   30 F.3d 649 (5th Cir. 1994) ................................................................................15

*Holland America Ins. Co. v. Succession of Roy*,
   777 F.2d 992 (5th Cir. 1985) ..............................................................................19

*In re Katrina Canal Breeches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ................................................................................4

*James v. City of Dallas*,
   254 F.3d 551 (5th Cir. 2001) ................................................................................3

*John v. Nat'l Sec. Fire & Cas. Co.*,
   501 F. 3d 443 (5th Cir. 2007) .............................................................................12

*Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*,
   630 F.2d 250 (5th Cir. 1980) ..............................................................................17

*Lujan v. Def. of Wildlife*,
   504 U.S. 555 (1992) .........................................................................................3, 5

*Maloney v. Scottsdale Ins. Co.*,
   256 F. Appx. 29 (9th Cir. 2007) .........................................................................13

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
   369 F.3d 464 (5th Cir. 2004) ................................................................................4

*Matter of Cyr*,
   838 F. Appx. 54 (5th Cir. 2020) .........................................................................18

*Monson v. McClenny, Moseley & Associates, PLLC*,
   2024 WL 4329141 (S.D. Tex. Sept. 19, 2024) ...................................................16

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ..............................................................................................3

#63634395 v3

**TABLE OF AUTHORITIES**

Case No. 4:24-cv-4423

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.,*
  45 F.4th 816 (5th Cir. 2022) ............................................................................................3

*Rivera v. Wyeth-Ayerst Labs.,*
  283 F.3d 315 (5th Cir. 2002) ...........................................................................................3

*Schlesinger v. Reservists Committee to Stop the War,*
  418 U.S. 208, 216 (1974) ................................................................................................10

*Spokeo, Inc. v. Robins,*
  578 U.S. 330 (2016) .........................................................................................................3

*Syck v. Lonon,*
  2009 WL 10695540 (S.D. Tex. Feb. 13, 2009) ..............................................................19

*TransUnion, LLC v. Ramirez,*
  594 U.S. 413 (2021) ......................................................................................................3, 6

*U.S. Bank Nat. Ass'n v. Bank of Am., N.A.,*
  2012 WL 6136017 (S.D.N.Y. Dec. 11, 2012) ................................................................13

*VRC LLC v. City of Dallas,*
  460 F. 3d 607 (5th Cir. 2006) .........................................................................................18

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ........................................................................................................10

**Statutes**

Article III of the U.S. Constitution..........................................................................3, 4, 5, 6

Texas Government Code § 82.0651........................................................................Passim

Texas Government Code § 82.0651(b)........................................................................11

Texas Government Code § 82.0651(c)...............................................................6, 10, 11

Texas Government Code § 82.0651(d)..........................................................................6

Texas Penal Code § 38.12 .......................................................................................Passim

Texas Penal Code § 38.12(a) ........................................................................................7

Texas Penal Code § 38.12(b)............................................................................2, 11, 16

Texas Penal Code § 38.12(c).....................................................................................7, 11

v

**TABLE OF AUTHORITIES**

Case No. 4:24-cv-4423

Texas Penal Code §38.12(d)......................................................................................16

**Rules**

Fed. R. Civ. P. 11(b)(3) ...........................................................................................14

Federal Rule of Civil Procedure 23(a).................................................................9, 10

Texas Disciplinary Rule of Professional Conduct Rule 7.03…………………............ .........11

Texas Disciplinary Rules of Professional Conduct 7.03 (c) and (d)................... ................2, 4

vi

Case No. 4:24-cv-4423

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs' Second Amended Complaint (the "Complaint") represents a third attempt by Plaintiffs to state viable claims against the Defendants based on two alleged phone calls made to Plaintiff Esther Kelley-Cook ("Mrs. Cook"), after a motor vehicle she owned with her husband, Plaintiff Kelly Cook ("Mr. Cook"), was involved in a motor vehicle accident. *See* (Docket Entry No. 46, ¶¶ 22-24). Plaintiffs allege that two days after the car accident, Mrs. Cook received a phone call inquiring about the accident. *Id.*, ¶ 23. Mrs. Cook allegedly passed the phone to her husband, Mr. Cook. *Id.* The unidentified caller allegedly solicited Mr. Cook during this call to file personal injury claims he may have related to the accident. *Id.* Plaintiffs allege Mrs. Cook received another call from another unidentified caller on a later date, offering legal representation related to the accident. *Id.*, ¶ 24. During this second call, the unidentified caller allegedly identified himself to Mrs. Cook as a representative of Defendant, The Law Offices of Kanner & Pintaluga, P.A. ("Kanner & Pintaluga"), and stated Defendant, Progressive Casualty Insurance Company ("Progressive"), had provided her personal contact information to Kanner & Pintaluga. *Id.*

The Complaint does not allege anyone called Mr. Cook at any time. To the contrary, it makes clear the alleged calls were placed to Mrs. Cook alone. *See* (Docket Entry No. 24, ¶¶ 23-24). Additionally, like the prior complaints, the most recent complaint does not allege Plaintiffs took any action at all in response to these phone calls. Plaintiffs do not claim to have retained or otherwise contracted with Kanner & Pintaluga in response to these phone calls. Yet, Plaintiffs seek relief on behalf of putative class members that were allegedly clients of Kanner & Pintaluga, including requesting disgorgement of fees. *Id.*, ¶¶ 3 and 34. Moreover, Plaintiffs do not articulate any actual damages or economic harm they suffered because of these phone calls. Rather, the only harm allegedly suffered by the Plaintiffs was an invasion of their privacy. *Id.*, ¶ 35.

1

Plaintiffs filed this putative class action lawsuit on November 11, 2024. (Docket Entry No. 1). In their original complaint, Plaintiffs asserted six causes of action against both Defendants. *Id.* Plaintiffs asserted statutory claims for violations of Texas's anti-barratry and deceptive trade practices acts, the federal driver's privacy act, and the federal civil racketeering act. *Id.* Additionally, Plaintiffs asserted common law claims for civil conspiracy and unjust enrichment. *Id.* Kanner & Pintaluga moved to dismiss certain causes of action in the initial complaint because they failed to state a claim upon which relief could be granted. (Docket Entry No. 22). In response, Plaintiffs filed their Amended Complaint, presumably to remedy the deficiencies of the original complaint. (Docket Entry No. 24). Regardless, those deficiencies remained and, thus, Kanner & Pintaluga again moved to dismiss certain causes of action and, additionally, to dismiss Plaintiffs' request for injunctive relief. (Docket Entry No. 31). After the Court granted, in part, Kanner & Pintaluga's Motion to Dismiss the Amended Complaint, Plaintiffs filed the instant Complaint. This time, Plaintiffs only assert two causes of action against Defendants: (1) a statutory claim for violation of Texas's anti-barratry statute; and (2) a common law claim for civil conspiracy. (Docket Entry No. 46). Plaintiffs again also seek injunctive relief. *Id*., at ¶¶ 63-64.

Kanner & Pintaluga now seeks dismissal of the Complaint with prejudice.

### ISSUES TO BE RULED ON AND STANDARDS OF REVIEW

The issues to be ruled on are: (1) whether Mr. Cook possesses Article III standing to maintain his claims in this lawsuit (2) whether Plaintiffs can assert barratry claims based on alleged violations of any subsections of Texas Penal Code § 38.12 other than subsections 38.12(a) and (b); (3) whether Mr. Cook, a lawyer, can assert a barratry claim against Kanner & Pintaluga for alleged solicitation; (4) whether Plaintiffs state claims for barratry premised on violations of Texas Penal Code section 38.12(b)(1) and Disciplinary Rules of Professional Conduct 7.03 (c) and (d); (5) whether Plaintiffs can represent a class of persons who, unlike Plaintiffs, entered into

representation agreements with Kanner & Pintaluga; (6) whether a class of persons with claims similar to those of Plaintiffs is ascertainable; (7) whether Plaintiffs state claims upon which relief can be granted in light of the inconsistent facts alleged in the Complaint; (8) whether Plaintiffs state a cause of action for conspiracy against Kanner & Pintaluga; (9) whether the facts in the Complaint establish an agency relationship between Kanner & Pintaluga and an unidentified third party, and (10) whether Plaintiffs assert a viable claim for injunctive relief.

Article III of the United States Constitution limits federal-court jurisdiction to "cases" or "controversies." U.S. Const. art. III, § 2. To satisfy Article III standing to survive a motion to dismiss under rule 12(b)(1), a plaintiff must establish "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). "'[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages).'" *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022) (citing *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). The party seeking federal jurisdiction has the burden of establishing standing. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992).

Even in the context of a class action, this Court must determine whether the individual named plaintiffs have standing to pursue the asserted claims against the defendants. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). If the named plaintiffs lack standing to sue, the case must be dismissed. *See Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 318-22 (5th Cir. 2002) (dismissing class action case for lack of standing when the case was on interlocutory appeal from an order certifying the class); *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 919 (2002) (dismissing several class wide claims on interlocutory appeal from an order certifying the class because the named plaintiffs lacked standing to sue).

In deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## SUMMARY OF THE ARGUMENT

The Court should dismiss Plaintiffs' Complaint with prejudice because Plaintiffs fail to state a claim upon which relief can be granted, as summarized below:

- Mr. Cook lacks Article III standing because of a lack of injury in fact.

- Plaintiffs' barratry claims, as a matter of law, are limited to sections 38.12(a) and (b) of the Texas Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

- Because he is an attorney, Mr. Cook cannot assert claims premised on violations of either sections 38.12(a) and (b) of the Texas Penal Code or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

- Plaintiffs fail to state claims for barratry premised on violations of Texas Penal Code section 38.12(b)(1) and Disciplinary Rules of Professional Conduct 7.03 (c) and (d).

- Plaintiffs are unable to represent a putative class of persons who entered into representation agreements with Kanner & Pintaluga.

- A putative class of persons with claims similar to those of Plaintiffs is not ascertainable.

- Plaintiffs fail to state claims for barratry and conspiracy because the core factual allegations of the Complaint are inconsistent.

- Plaintiffs fail to state a cause of action against Kanner & Pintaluga for civil conspiracy.

- Plaintiffs' claims based on vicarious liability do not sufficiently allege an agency relationship between Kanner & Pintaluga and an unidentified third party.

- Plaintiffs do not plead the requisite elements of a claim for injunctive relief and, in any event, cannot plead irreparable harm.

**ARGUMENT**

## I.    Mr. Cook Lacks Article III Standing

The Court lacks subject matter jurisdiction over Mr. Cook's claims because Mr. Cook did not suffer any injury in fact caused by the two alleged phone calls made to his wife. "Injury in fact" for purposes of Article III standing requires a plaintiff allege an invasion of a legally protected interest. *See Lujan*, 504 U.S. at 560. An injury in fact must be (1) concrete, not abstract, (2) particularized, not generalized, and (3) actual or imminent, not conjectural or hypothetical. *Id.*; *see also Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013). The Complaint fails to allege any such injury in fact suffered by Mr. Cook.

With respect to their alleged injuries, Plaintiffs claim they "suffered damages in that they had their privacy invaded" because of the two phones calls. *See* (Docket Entry No. 46, ¶ 35). Yet, the facts alleged in the Complaint belie Mr. Cook's privacy was ever invaded. Plaintiffs specifically allege the two phone calls at issue were placed to Mrs. Cook rather than Mr. Cook, and Mr. Cook voluntarily spoke with the caller on his wife's phone during the first call because Mrs. Cook "handed the call to her husband." *Id.*, at ¶ 23. The allegation that the alleged calls were placed to Mrs. Cook alone, repeated now in three successive complaints, demonstrates Mr. Cook's privacy was never invaded.

5

Mr. Cook seeks to recover statutory damages in Count One for barratry pursuant to Texas Government Code § 82.0651.[1]  This Court lacks subject matter jurisdiction to give him any relief because he did not suffer an injury in fact. The Supreme Court's decision in *TransUnion LLC v. Ramirez* holds that a class action plaintiff seeking statutory damages, alleging only a violation of a statute, without any alleged concrete harm lacks Article III standing. *See TransUnion*, 594 U.S. 413 (2021). The Court explained that the "creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *Id.*, 594 U.S. at 426. Only a plaintiff "*concretely harmed* by a defendant's statutory violation" has Article III standing to seek redress from the defendant. *Id.* at 427 (emphasis in original). In other words, "an injury in law is not an injury in fact." *Id.* Mr. Cook does not and cannot allege any actual concrete injury recoverable under Count One and by extension Count Two.[2]

Because Mr. Cook's claimed entitlement to statutory damages is not enough to establish Article III standing, his claim in Count One should be dismissed with prejudice. Similarly, Count Two, which asserts a claim for conspiracy to commit barratry in violation of Texas law, fails to establish Article III standing for the same reason as Count One. *See Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-142 (Tex. 2019) (civil conspiracy is a derivative tort).

---

[1] In Count One, Plaintiffs seek statutory damages under section 82.0651(b) and (d), but subsection (b) is applicable only to "[a] client." (Docket Entry No. 46, ¶ 53). Plaintiffs do not allege that they retained Kanner & Pintaluga and, thus, at best, only subsection (d) would apply to Plaintiffs and permits a successful plaintiff to recover: (1) a penalty in the amount of $10,000; (2) actual damages caused by the prohibited conduct; and (3) reasonable and necessary attorney's fees. *See* Texas Gov't Code § 82.0651(c)-(d).

[2] Count Two for civil conspiracy is necessarily predicated on proving the statutory violations asserted in Count One.

**II.    Mrs. Cook, Alone, Can Assert a Barratry Claim Against Kanner & Pintaluga and Only Based on Violations of Sections 38.12(a) and (b) of the Texas Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct**

**A.    Plaintiffs Can Only Pursue Civil Barratry Claims Based on Alleged Violations of Sections 38.12(a) and (b) of the Texas Penal Code and Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct**

Count One of the Complaint asserts a claim for civil liability for barratry pursuant to Texas Government Code § 82.0651. Plaintiffs do not allege they entered into agreements for legal services with Kanner & Pintaluga. Because they did not contract with Kanner & Pintaluga, subsection 82.0651(c) of the Penal Code governs their claims. Subsection 82.0651(c) affords a civil remedy to a person i) "who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct," ii) "*but did not enter into a contract as a result of that conduct*." (emphasis added). Thus, to the extent Plaintiffs' barratry claims are premised on alleged violations of the Texas Penal Code, Plaintiffs may only recover by proving violations of subsections 38.12(a) and (b) of the Code; violations of any other parts of section 38.12, including specifically subsection 38.12(d), do not afford Plaintiffs a civil remedy. The Court therefore should dismiss Plaintiffs' statutory barratry claim in Count One to the extent it is premised on alleged violations of any subsections of Penal Code § 38.12 other than subsections 38.12(a) and (b).

**B.    Mr. Cook Cannot Assert a Civil Barratry Claim Against Kanner & Pintaluga Because He is a Lawyer**

As discussed above, Plaintiffs' statutory barratry claims hinge on and are constrained to establishing a violation of either subsection 38.12(a) of the Penal Code, subsection 38.12(b) of the Penal Code, or Disciplinary Rule 7.03. Importantly, Penal Code section 38.12 expressly excepts from its reach conduct falling under subsections 38.12(a) or (b) "authorized by the Texas Disciplinary Rules of Professional Conduct." Tex. Penal Code § 38.12(c). As a result, Plaintiffs' barratry claims against Kanner & Pintaluga, regardless of whether they depend on violations of

Penal Code § 38.12 or Disciplinary Rule 7.03, are unsustainable if the alleged conduct of Kanner & Pintaluga was permitted under the Disciplinary Rules of Professional Conduct. Mr. Cook alleges he is an attorney and was an attorney at the time he was allegedly solicited. *See* (Docket Entry No. 46, ¶ 23). Disciplinary Rule 7.03 authorizes solicitation of "another lawyer." Tex. Discipl. R. Prof'l Conduct 7.03(b)(1) ("A lawyer shall not solicit . . . professional employment from a non-client, *unless the target of the solicitation is . . . another lawyer.*") (emphasis added). Because the alleged solicitation of Mr. Cook was authorized by the Disciplinary Rules of Professional Conduct, Mr. Cook cannot assert a barratry claim against Kanner & Pintaluga, as a matter of law. Only Mrs. Cook may do so.

### III.    Plaintiffs Fail to State Claims for Barratry Premised on Violations of Texas Penal Code Section 38.12(b)(1) and Disciplinary Rules 7.03 (c) and (d)

In paragraph 33 of the Complaint, Plaintiffs baldly assert Defendants violated numerous subsections of Texas Penal Code Section 38.12 and Disciplinary Rule 7.03, including specifically Penal Code section 38.12(b)(1) and Disciplinary Rule subsections 7.03(c) and (d). As discussed above, Plaintiffs' statutory barratry claims hinge on and are constrained to establishing a violation of either subsection 38.12(a) of the Penal Code, subsection 38.12(b) of the Penal Code, or Disciplinary Rule 7.03. Plaintiffs fail to allege barratry claims based on a violation of Penal Code subsection 38.12(b)(1) because they do not allege any ultimate facts supporting such a violation. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when Plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). "[T]o avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts,* not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The Complaint does not offer any specific facts supporting Kanner & Pintaluga "knowingly finance[d] the commission of an offense" in violation of section 38.12(b)(1).

Plaintiffs' barratry claims are equally deficient with respect to their reliance on Disciplinary Rule subsections 7.03(c) and (d). These rules prohibit a lawyer from i) sending, delivering or transmitting "communication that involves *coercion, duress, overreaching, intimidation, or undue influence*" and ii) sending "solicitation communication to a prospective client, if . . . *misleadingly designed to resemble a legal pleading or other legal document* . . . or . . . not plainly marked or clearly designated an 'ADVERTISEMENT' . . . ." Tex. Discipl. R. Prof'l Conduct 7.03(c) and (d). The Complaint nowhere alleges Plaintiffs were at any time subjected to coercion, duress, overreaching, intimidation, or undue influence. Further, Plaintiffs do not allege the communications at issue were false, fraudulent, misleading, deceptive, or contained any unfair statement or claim. Finally, there are no allegations Kanner & Pintaluga sent any written materials to Plaintiffs, belying it sent anything resembling a legal document or something not clearly marked as advertising.

## IV.    Plaintiffs Fail to Assert Viable Class Action Claims

### A.    Plaintiffs Cannot Represent a Class of Persons That Entered into Contracts with Kanner & Pintaluga

Because Plaintiffs did not enter into representation agreements with Kanner & Pintaluga, Plaintiffs cannot represent putative class members who did. Plaintiffs lack the prerequisite commonality of interest with such persons under Federal Rule of Civil Procedure 23(a). Pursuant to Texas Government Code section 82.0651, the statute on which Plaintiffs base their barratry claim, a person who entered into a contract with an attorney as a result of unlawful solicitation suffers a redressable injury different from a person who was solicited by but did not enter into a contract with the soliciting attorney. The Court should dismiss Plaintiffs' class action claims with respect to alleged representation of persons who entered into agreements with Kanner & Pintaluga

because Plaintiff cannot satisfy the commonality requirement of Federal Rule of Civil Procedure 23(a) with respect to such claims.

"District courts are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained." *Elson v. Black*, 56 F. 4th 1002, 1006 (5th Cir. 2023) (affirming order striking class action allegations). Concerning the commonality requirement of Rule 23(a), "[a]s [the United States Supreme] Court has repeatedly held, a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)). "Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 157 (1982)). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id*. at 351.

Here, Plaintiffs neither possess the same interest nor have they suffered the same injury as putative class members allegedly solicited by and who additionally entered representation agreements with Kanner & Pintaluga. Plainly, Plaintiffs cannot prove the claims of such persons by proving their own, the touchstone of commonality. They cannot, by proving their own claims, establish liability on the part of Kanner & Pintaluga to these persons who, unlike Plaintiffs here, entered into representation agreements. Plaintiffs further did not suffer the same injury as persons allegedly solicited that contracted with Kanner & Pintaluga. Because Plaintiffs did not contract with Kanner & Pintaluga, their claims are constrained to section subsection (c) of Texas Government Code section 82.0651, which applies to persons who were allegedly solicited but did not subsequently hire the defendant. The remedies available to Plaintiffs under section 82.0651(c) are a statutory penalty, actual damages caused by the solicitation, and attorney's fees. The putative

10

class members who allegedly became clients of Kanner & Pintaluga suffered additional statutory damages unavailable to Plaintiffs. These damages include disgorgement of fees and expenses paid to the defendant and fees and expenses paid to any third parties pursuant to the parties' agreement. *See* Tex. Gov't Code § 82.0651(b). As a matter of law, Plaintiffs lack the requisite commonality with such persons to assert claims on their behalf, mandating dismissal of Plaintiffs' class action claims with respect to persons who allegedly entered into agreements with Kanner & Pintaluga because of alleged unlawful solicitation.

### B.    A Class of Persons with Similar Solicitation Claims is not Ascertainable

Plaintiffs assert class action claims for civil liability for unlawful barratry pursuant to Texas Government Code section 82.0651. Plaintiffs' barratry claims (and attendant conspiracy claims) hinge on and are constrained to establishing a violation of subsections 38.12(a) or 38.12(b) of the Texas Penal Code and/or Rule 7.03 of the Texas Disciplinary Rule of Professional Conduct. *See* Tex. Gov't Code § 82.0651(c) (concerning claims by persons "who did not enter into a contract"). As is expressly articulated in section 82.0651(c), only a "person who was solicited by conduct violating" the above provisions "may file a civil action." *Id.* Significantly, Penal Code section 38.12 contains a safe harbor provision that excepts from criminal barratry "conduct [that] is authorized by the Texas Disciplinary Rules of Professional Conduct." Tex. Penal Code § 38.12(c). As a result, Kanner & Pintaluga may only be found liable to Plaintiffs and the putative class for barratry if Kanner & Pintaluga solicited Plaintiffs and the putative class members in a manner that violates the solicitation provisions of the Disciplinary Rules of Professional Conduct.

The Court should dismiss Plaintiffs' class action claims because multiple individualized fact issues would need to be resolved to ascertain whether Kanner & Pintaluga solicited employment during phone calls with each putative class member in a manner not authorized by the Texas Disciplinary Rules of Professional Conduct. "It is elementary that in order to maintain

a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F. 2d 733, 734 (5th Cir. 197) (affirming order dismissal of class action claims). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F. 3d 443, 445 (5th Cir. 2007) (affirming order dismissing class allegations). A class representative plaintiff must sufficiently plead "an ascertainable class, to survive scrutiny under rule 12(b)(6)." *Id.*

To ascertain the class members here, the Court would first need to determine if Kanner & Pintaluga i) had a phone call with each putative class member, ii) during which it engaged in solicitation. In light of the Texas Penal Code section 38.12 safe harbor provision, which exempts from unlawful barratry conduct permitted under the Texas Disciplinary Rules of Professional Conduct, the Court would first need to apply the definition of solicitation found in the Disciplinary Rules to determine if solicitation occurred during a phone call with each class member. Texas Disciplinary Rule 7.03(b) provides: "A lawyer 'solicits' employment by making a 'solicitation communication,' as that term is defined in Rule 7.01(b)(2)." Rule 7.01(b)(2) defines a "solicitation communication" as:

> a communication substantially motivated by pecuniary gain that is made by or on behalf of a lawyer to a specific person who has not sought the lawyer's advice or services, which reasonably can be understood as offering to provide legal services that the lawyer knows or reasonably should know the person needs in a particular matter.

Thus, to determine whether a putative class member was solicited pursuant to the Texas Disciplinary Rules, the following fact issues would need to be resolved with regard to each phone call with each putative class member: 1) whether the caller was motivated by pecuniary gain, 2) whether the person receiving the call had sought legal advice from Kanner & Pintaluga, and 3) whether the caller offered to provide legal services Kanner & Pintaluga knew or reasonably should

have known the person needed in a particular matter. Unquestionably, it would be impossible to use class-wide proof of any sort to determine if each putative class member received a phone call meeting this definition of solicitation.

Yet, even if it were possible to determine which putative class members received a phone call solicitation meeting the definition of Rule 7.01(b)(2), the inquiry to ascertain class members would not end there. Disciplinary Rule 7.03(b) authorizes lawyer solicitation of certain categories of persons. It expressly permits solicitation of a client. It also authorizes solicitation of a non-client who is 1) a lawyer, 2) "a person who has a family, close personal, or prior business or professional relationship with the lawyer," and 3) "a person who is known by the lawyer to be an experienced user of the type of legal services involved for business matters." Determination of whether each putative class member falls into any of these categories and therefore was not unlawfully solicited would necessarily require resolution of highly individualized fact issues over and above those concerning whether a solicitation communication occurred in the first instance. Because the inability to ascertain the members of the class is evident on the face of the pleadings, the Court should dismiss Plaintiffs' class action allegations with prejudice.

## V.     Plaintiffs Fail to State Claims Against Kanner & Pintaluga Because the Factual Allegations of the Complaint are Inconsistent

"Where plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss." *U.S. Bank Nat. Ass'n v. Bank of Am., N.A.*, No. 12 Civ. 4873 CM, 2012 WL 6136017, at *7 (S.D.N.Y. Dec. 11, 2012); *see also Maloney v. Scottsdale Ins. Co.*, 256 F. Appx. 29, 31-32 (9th Cir. 2007) (finding a complaint failed to state a claim upon which relief could be granted based upon factually inconsistent allegations in a complaint not pleaded in the alternative but incorporated into each cause of action). While the Federal Rules of Civil Procedure expressly permit alternatively pleading, "Rule 8's permission to pursue alternative legal and factual theories

13

is not unlimited." *Garcia v. Swire Pac. Holdings, Inc.*, No. 09-23839, 2010 WL 1524230, at *5 (S.D. Fla. Apr. 14, 2010). When a person files a pleading in federal court, that person makes a representation that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions [in the pleading] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "Therefore, read jointly, Rules 8 and 11 only permit the pleading of alternative factual theories if counsel . . . after conducting an adequate investigation, is unable to determine the true facts."

While Plaintiffs proclaim they have investigated the facts and refer to current "existing evidence" to support their allegations, the factual allegations are inconsistent and not pled in the alternative. Plaintiffs allege Kanner & Pintaluga made the two subject phones calls directly after obtaining Plaintiffs' "personal contact information from Progressive, or a confederate operating within Progressive . . . ." (Docket Entry No. 46, ¶¶ 23-24, 26-27) (alleging "Progressive . . . provided [Plaintiffs' contact information] to K&P as part of an ongoing barratry scheme."); *see also id.*, at ¶¶ 30-31 (alleging there is an agreement between Progressive and Kanner & Pintaluga and the Defendants "operate under a systematic arrangement . . . [where] Progressive . . . discloses private driver information to K&P, *who in turn pays Progressive for the information . . .*") (emphasis added). Next, Plaintiffs allege an unidentified third party "case runner" made the subject phone calls on behalf of Kanner & Pintaluga and Kanner & Pintaluga is liable under a vicarious liability theory. *Id.*, at ¶¶ 14 and 32. Finally, Plaintiffs also plead an unidentified third party "case runner" "impersonat[ed] law firms to pressure victims into signing blank retainer packets" and Kanner & Pintaluga "obtained signed case packs from" this alleged "solicitation ring." *Id.*, at ¶¶ 2.

These inconsistent allegations are all incorporated into Plaintiffs' barratry and civil conspiracy claims. *See* (Docket Entry No. 46, ¶¶ 49, 55). The discrepancies in Plaintiffs' pleading prevents Kanner & Pintaluga from being able to respond to the complaint and constitutes grounds for dismissal. *See Friendship Medical Center, Ltd. v. Space Rentals*, 62 F.R.D. 106 (N.D. Ill. 1974) (Where inconsistent statements are not pleaded in the alternative, they prevent the defendant from properly responding to the complaint and may constitute grounds for dismissal.). The allegations flip flop between theories of direct liability and vicarious liability, and no liability at all when the Plaintiffs allege third-party case runners "impersonat[e] law firms to pressure victims into signing *blank* retainer packets." For this reason, Plaintiffs fail to state a cause of action.

## VI.    Plaintiffs Fail to State a Claim Against Kanner & Pintaluga for Civil Conspiracy

Count Two "is raised against both Defendants because they [purportedly] operated in concert with each other to commit barratry." *See* (Docket Entry No. 46, ¶ 56). As discussed above, Plaintiffs allege inconsistent facts about whether Kanner & Pintaluga or an unidentified third party "case runner" made the phone calls. Assuming Kanner & Pintaluga made the phone calls directly, either through an employee or agent, Kanner & Pintaluga cannot be in a conspiracy with itself. *See Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) ("[A] 'corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.'"). Therefore, the only way Plaintiffs can state a cause of action against Kanner & Pintaluga for civil conspiracy is if Plaintiffs state a plausible free-standing barratry claim against Progressive. *See Agar*, 580 S.W.3d at 140-142 (civil conspiracy is a derivative tort).

Plaintiffs do not allege Progressive made the phone calls at issue. They do not allege the unidentified third party "case runner" is an agent of Progressive, either. Indeed, Plaintiffs only allege that Kanner & Pintaluga solicited prospective clients. *See* (Docket Entry No. 46, ¶ 51). Therefore, Plaintiffs have not stated a claim against Progressive for unlawful solicitation.

According to Plaintiffs, section 38.12, which addresses improper solicitation by non-lawyers, "includes sections criminalizing the *facilitation* of solicitation . . . ." *See* (Docket Entry No. 46, ¶ 50). However, "facilitation of solicitation" does not appear anywhere in the text of section 38.12. While not expressly pled, to the extent Plaintiffs are relying on section 38.12(b), that section provides:

> (b) A person commits an offense if the person:
>
> (1) *knowingly finances* the commission of an offense under Subsection (a);
>
> (2) *invests funds* the person knows or believes are intended to further the commission of an offense under Subsection (a); or
>
> (3) *is a professional who knowingly accepts employment* within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

Tex. Penal Code § 38.12(b) (emphasis added). Plaintiffs do not allege Progressive financed or invested funds to further the commission of barratry under subsection (a). Nor do Plaintiffs allege Progressive accepted employment resulting from the solicitation violating subsection (a). Therefore, Plaintiffs have not stated a cause action against Progressive under section 38.12(b).

Finally, to the extent Plaintiffs contend Progressive has violated either section 38.12(d) or Disciplinary Rule 7.03, it still is not sufficient to state a cause of action for barratry against Progressive. *See* (Docket Entry No. 46, ¶ 33). First, as noted above, Plaintiffs cannot assert claims for barratry under section 38.12(d). *See supra*, section II.A. Second, the plain text of section 38.12(d) provides a person commits an offense if the person "is an attorney, chiropractor, physician, surgeon, or private investigator . . . or any person licensed, certified, or registered by a health care regulatory agency of this state." There are no allegations in the Complaint suggesting that Progressive falls within the scope of persons that can commit an offense under section 38.12(d). Next, Disciplinary Rule 7.03 only applies to lawyers. Tex. Discipl. R. Prof'l Conduct 7.03; *see also Monson v. McClenny, Moseley & Associates, PLLC*, No. 4:23-CV-00928, 2024 WL

4329141, at *3 (S.D. Tex. Sept. 19, 2024), *report and recommendation adopted*, No. 4:23-CV-00928, 2024 WL 5185688 (S.D. Tex. Dec. 6, 2024) (rejecting contention that barratry claim against non-lawyer could be premised on a purported violation of Rule 7.03(e)).

Because Progressive cannot conspire with itself, and Plaintiffs have not stated a cause of action for barratry against Progressive, Plaintiffs have not stated a cause of action for civil conspiracy in Count Two against Kanner & Pintaluga. *Am. Surgical Assistants, Inc. v. United Healthcare of Texas, Inc.*, No. CIV.A. 4:09-CV-0774, 2010 WL 1340557, at *3 (S.D. Tex. Mar. 30, 2010) (finding plaintiff there failed to state a claim where the allegations merely tracked the language of the elements of a cause of action, without pleading specific facts as to each element).

## VII.    Plaintiffs Fail to Allege Sufficient Facts to Hold Kanner & Pintaluga Vicariously Liable for the Conduct of an Unidentified Third Party

Under Texas law, "[g]enerally, there is no duty to control the conduct of third persons." *Greater Houston Transportation Company v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990). Exceptions to the rule exist "when a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct" such as "between employer and employee . . . and independent contractor and contractee under special circumstances." *Id.* Plaintiffs do not allege these purported unidentified "case runners" were employees of Kanner & Pintaluga. Moreover, while the Complaint references vicarious liability principles generally, it is insufficient because Plaintiffs must plead facts to establish an agency relationship between Kanner & Pintaluga and the unidentified third parties. *See e.g., Christiana Tr. v. Riddle*, 911 F.3d 799, 803 (5th Cir. 2018) (affirming district court's dismissal of complaint lacking factual allegations to establish an agency relationship between defendant and a mortgage servicing agent).

Under Texas law, agency relationships are created by express or implied agreements by the parties. *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 269 (5th Cir.

1980). The relationship may also be based on apparent authority where the principal permits the agent to hold herself out as having authority and a reasonable person concludes the agent has such authority. *See Ames v. Great S. Bank*, 672 S.W.2d 447, 450 (Tex. 1984). Plaintiffs have not alleged facts to establish the unidentified "case runner" was Kanner & Pintaluga's agent. To be certain, Plaintiffs do not allege Kanner & Pintaluga and the unidentified third party "case runner" entered into an agreement to form an agency relationship. And the allegations in the Complaint are inconsistent with a theory of agency based on the third party "case runner's" purported apparent authority to act on Kanner & Pintaluga's behalf. Specifically, Plaintiffs allege the third parties "impersonat[e] law firms" and seek to hold Kanner & Pintaluga vicariously liable "[r]egardless of the authority [it] expressly grants these third parties." *See* (Docket Entry No. 46, ¶¶ 2). None of the facts alleged suggest the third party "case runner" was Kanner & Pintaluga's agent or had any authority to act on Kanner & Pintaluga's behalf. Absent such allegations of an agency relationship, Plaintiffs did not sufficiently plead grounds on which Kanner & Pintaluga could be vicariously liable for the "case runner's" actions. *See Matter of Cyr*, 838 F. Appx. 54, 63 (5th Cir. 2020) (affirming district court's dismissal of Plaintiff's claims based on a theory of vicarious liability).

## VIII.   Plaintiffs Fail to State a Claim for Injunctive Relief

Plaintiffs fail to allege harm to them in the future warranting the entry of a permanent injunction. "The party seeking a permanent injunction must . . . establish (1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest*." VRC LLC v. City of Dallas*, 460 F. 3d 607, 611 (5th Cir. 2006). Plaintiffs fail to allege *any* of these elements, only asserting they seek injunctive relief. *See* (Docket Entry No. 46, ¶ 63).

In particular, Plaintiffs did not—because they cannot—allege they will suffer irreparable

harm in the future if the Court does not enter an injunction precluding Kanner & Pintaluga from contacting them and soliciting legal representation. Any potential harm or fear of harm in the future is merely speculative. Plaintiffs have not alleged Kanner & Pintaluga continues to call them. Plaintiffs do not even allege they suspect or fear they will be solicited by Kanner & Pintaluga again in the future. Indeed, there is no alleged or commonsense reason why Kanner & Pintaluga would contact Plaintiffs in the future for any reason, especially after being sued for allegedly doing so in the past. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (reversing district court's injunction finding an absence of irreparable injury).

Moreover, in the Fifth Circuit, an injury is generally considered to be irreparable if the injury cannot be undone through monetary relief. *See Enterprise International, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F. 2d 464, 472-73 (5th Cir. 1985) (stating the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weigh[ ]s heavily against a claim of irreparable harm"). Here, Texas statutory law provides for monetary relief, including statutory damages, actual damages and an award of attorneys' fees, if a plaintiff prevails on his or her barratry claim.

Putting aside that Plaintiffs only include one paragraph in the Complaint seeking injunctive relief without pleading the necessary elements, Plaintiffs cannot plead the irreparable injury required to be entitled to injunctive relief. Therefore, the Court should dismiss Plaintiffs' claim for injunctive relief. *Syck v. Lonon*, No. CV B-08-136, 2009 WL 10695540, at *10 (S.D. Tex. Feb. 13, 2009) (dismissing claim for injunction where Plaintiff did not plead any imminent, irreparable harm).

Case No. 4:24-cv-4423

CONCLUSION

For the reasons set forth herein, Kanner & Pintaluga respectfully requests the Court dismiss

Plaintiffs' Second Amended Complaint with prejudice, pursuant to Federal Rule of Civil

Procedure 12(b)(6).

Respectfully submitted,

*Attorneys for Defendant, The Law Offices of*
*Kanner & Pintaluga, P.A.*

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Pro Hac Vice forthcoming)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: /s/ Alex B. Roberts
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

20

Case No. 4:24-cv-4423

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Veronica A. Meza*