**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

TO THE HONORABLE KEITH ELLISON:

COME NOW Plaintiffs Kelly Cook and Esther Kelley-Cook, filing this response to Defendant Progressive Casualty Insurance Company's Motion to Dismiss, and would respectfully show the Court as follows:

## I.    INTRODUCTION

In its Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Motion to Dismiss"), Defendant Progressive Casualty Insurance Company ("Progressive" or "Defendant") has again provided this Court with neither a factual nor a legal basis for dismissing Plaintiffs' Second Amended Class Action Complaint ("Complaint"). As with its first Motion to Dismiss, Defendant's basis of dismissal requires alternately ignoring or decontextualizing the facts Plaintiffs present, followed by improperly applying legal standards, and fails to provide a legitimate basis for dismissal. Accordingly, its Motion to Dismiss must be denied. Alternatively,

PLAINTIFFS' RESPONSE TO PROGRESSIVE'S MOTION TO DISMISS                    PAGE 1 OF 11

if this Court determines that Plaintiffs' Complaint falls short of the governing standard, Plaintiffs request an opportunity to file an amended complaint setting forth additional facts in support of their claims.

## II.    LEGAL STANDARD

In reviewing a complaint on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must consider all facts alleged in the complaint as true and construe the pleadings in a light most favorable to the plaintiff. *Paselk v. Texas*, No. 4:12cv754, 2013 U.S. Dist. LEXIS 127420, at *14 (E.D. Tex. June 6, 2013) (citing *Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994)). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) requires more than labels and conclusions or "a formulaic recitation of the elements of a cause of action," it does not require detailed factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Twombly* and *Iqbal* did not abrogate the notice standard pleading of Rule 8(a)(2) but confirmed that Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A claim should not be dismissed so long as there are "enough facts to state a claim to relief that is plausible on its face." *Bunch v. Mollabashy*, No. 3:13-CV-1075-G (BH), 2015 U.S. Dist. LEXIS 38717, at *13 (N.D. Tex. Mar. 26, 2015) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Paselk*, 2013 U.S. Dist. LEXIS 127420 at *14.

## III.    ARGUMENT

The crux of Progressive's argument for dismissal is that Progressive has not committed any illegal act outlined in the Complaint because it cannot be held liable for co-Defendant The Law Offices of Kanner & Pintaluga P.A.'s ("K&P"), or K&P's agent's, illegal acts. This argument requires an inappropriate parsing of the claims and allegations in Plaintiffs' Complaint. The Complaint must be viewed as a whole, and when taken in context, Plaintiffs clearly and plausibly provide the basis for Progressive's liability in this case. Indeed, Progressive's actions are the very basis of the claim because without Progressive's illegal provision of accident victim information, K&P would not have illegally solicited those victims. Plaintiffs' claims fully satisfy the governing pleading standards and dismissal pursuant to Rule 12(b)(6) is inappropriate.

### A.    Plaintiffs' complaint sufficiently pleads barratry and civil conspiracy claims.

In the premier example of Progressive's divide-and-conquer tactic for dismantling Plaintiffs' Complaint, Progressive argues that it is not liable for civil conspiracy because it is not liable for the underlying tort of barratry, but then argues that it is not liable for barratry because it is not liable for civil conspiracy. This obviously circular reasoning only works when the two claims are considered wholly separately, which is an improper method for evaluating Plaintiffs' Complaint.

### 1.    Plaintiffs' complaint sufficiently pleads the elements of civil conspiracy.

 "When used as a theory of vicarious liability, civil conspiracy is part of the factual situation that permits a remedy against co-conspirators" because "[w]ithout it, there would be no grounds for recovery against co-conspirators who did not commit the underlying unlawful act." *Agar Corp., Inc. v. Electro Circuits Intl., LLC*, 580 S.W.3d 136, 141 (Tex. 2019). Thus, "it is not inconsistent to say civil conspiracy is a vicarious liability theory while also recognizing that it is a kind of cause

of action." *Id*. Texas courts have "characterize[d] vicarious liability itself as a cause of action when sorting through plaintiffs' various claims" while noting that "characterizing civil conspiracy as a cause of action does not mean it is an independent tort." *Id*. (citing *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 105 n.2 (Tex. 2018); *N.P. v. Methodist Hosp.*, 190 S.W.3d 217, 225 (Tex. App.--Hous. [1st Dist.] 2006); *Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.--Dallas 2004)). Accordingly, Progressive's liability for barratry is part and parcel of its liability for civil conspiracy and vice versa; the two must be considered together.

Plaintiffs have properly alleged barratry claims against K&P; the concern for Progressive is whether Plaintiffs have properly brought civil conspiracy claims against Progressive that would hold Progressive liable for K&P's barratry because "a proven civil conspiracy means 'each of [the] defendants in error is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination.'" *Agar Corp.*, 580 S.W.3d at 140 (quoting *State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550, 559 (1937)).

To properly plead civil conspiracy under Texas law, Plaintiffs must demonstrate the following: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Agar Corp.*, 580 S.W.3d at 141 (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Plaintiffs Complaint fully and plausibly pleads these elements. Progressive, or its insiders, and K&P, or its agent, (two or more persons) arranged (meeting of the minds) to exchange the illegally obtained personal information (unlawful, overt act #1) of victims of car accidents involving individuals insured by Progressive for the purpose of illegally soliciting clients and filing frivolous lawsuits (object or course of action and unlawful, overt act #2), and the individuals whose information was obtained suffered a violation of their privacy as a result

(damages). Compl. ¶ 1–36. More specifically, when an insurance claim for a car accident was filed with Progressive, Progressive, or an insider within Progressive, used the information in the claim to obtain the personal information of the individuals involved in the accident. *Id.* at ¶ 28. Progressive then sold or otherwise provided this information to K&P, understanding that K&P would use the information to solicit the accident victims as clients by promising large settlements in exchange for agreeing to file a lawsuit. *Id.* The accident victims suffered damages as a result. *Id.* at ¶ 34–36.

Progressive now asserts that Plaintiffs' conspiracy claim must fail because Plaintiffs have not provided a basis by which Progressive could have known what K&P intended to do with the personal information provided by Progressive, but this requires a level of detail not required at the pleading stage. Plaintiffs Complaint plausibly lays out the scheme by which Progressive, or an insider, provided personal information to K&P, or its agent, for the purpose of illegally soliciting accident victims. Compl. ¶ 28. The Complaint alleges that Progressive adjusters are motivated to sell off small claims to reap corporate rewards, and K&P, or its agent, provided a mechanism by which these adjusters could clear their claims with minimal labor. Id. The only way an adjuster could clear his or her claims list through the sale of personal information to K&P, or its agent, is if the adjuster was aware that the information was moving to a law firm intending to settle the claim on the accident victim's behalf. There was obviously a meeting of the minds on this issue, and a mutual understanding that the personal information sold would be used to file lawsuits and settle claims outside of the adjuster's purview.

Because Plaintiffs have properly pled the underlying tort of barratry and have likewise properly pled a civil conspiracy to commit barratry, Plaintiffs have properly brought both barratry and civil conspiracy claims against Progressive and its Motion to Dismiss must be denied.

### 2. *Plaintiffs' Complaint sufficiently pleads vicarious liability.*

Progressive's argument relies heavily on the self-serving assertion that because Progressive would not benefit from any scheme that defrauds Progressive's insureds, Progressive would never entire into a scheme to do so. But Plaintiffs' Complaint alleges facts that plausibly demonstrate that a Progressive employee or insider may benefit from the scheme absent a benefit to the Progressive corporation. Progressive is vicariously liable for any agent or insider's acts because of Progressive's internal policies that facilitate and promote the scheme.

"Agency is a legal relationship created by an express or implied agreement or by operation of law whereby the agent is authorized to act for the principal, subject to the principal's control." *Schrum v. Land*, 12 F. Supp. 2d 576, 581 (S.D. Tex. 1997) (quoting *Karl Rove & Co. v. Thornburgh,* 39 F.3d 1273, 1296 (5th Cir.1994)). To prove an agency relationship, Plaintiffs must show that Progressive "had the right to control both the means and the details of the process by which the alleged agent was to accomplish the task." *Id*. at 581–82 (citing *Karl Rove*, 39 F.3d at 1296; *In re Carolin Paxson Advertising, Inc.,* 938 F.2d 595, 598 (5th Cir.1991); *United States v. Contemporary Health Management,* 807 F. Supp. 47, 49 (E.D.Tex.1992)).

"An agent has only as much authority as its principal either expressly or impliedly confers." *Id*. at 582. "A principal is liable for its agent's acts when the agent has actual or apparent authority to commit those acts, or when the principal ratifies them." *Id*. (citing *Spring Garden 79U, Inc. v. Stewart Title Co.*, 874 S.W.2d 945, 948 (Tex. App.--Hous. [1st Dist.] 1994). To determine whether an employee was acting with the scope of his or her employment, the employee's actions must be: "(1) within the general authority given him; (2) in furtherance of the employer's business; and (3) for the accomplishment of the object for which the employee was employed." *Ross v. Marshall*, 426 F.3d 745, 763–64 (5th Cir. 2005) (collecting cases). When determining a principal's vicarious

liability, "the proper question is not whether the principal authorized the specific wrongful act, but whether the agent was acting within the *scope* of the agency at the time of committing the act." *Schrum*, 12 F. Supp. 2d at 581 (citing *Celtic Life Ins. Co. v. Coats,* 885 S.W.2d 96, 99 (Tex.1994)).

The question is not, as Progressive claims, whether selling the personal information of accident victims to third parties is permitted within an insurance adjuster's scope of employment; clearly no insurance company would explicitly authorize illegal activity. Rather, the issue is whether these "rogue" adjusters were acting within the scope of their authority when selling the personal information. The primary employment duty of insurance adjusters is to investigate and assess insurance claims to determine how much the insurance company must pay out, and they are given broad leeway in settling and clearing claims under a certain amount. Thus, the settling of claims under the authorized amount is clearly within the authority given to adjusters, furthers the insurance company's business, and accomplishes the object for which the employee was employed.

As alleged in the Complaint, Progressive's adjusters are given authority to settle claims under a certain amount with little or no corporate oversight. Compl. ¶ 28. Adjusters are incentivized to settle these smaller claims quickly by Progressive's corporate structure, which provides bonuses for closing claims quickly and efficiently. *Id*. Accordingly, Progressive controlled the means and details of its insiders' settling of these claims by empowering adjusters to settle claims without oversight and incentivizing the quick settling of those claims. Progressive's adjusters act within the control, scope, and authority Progressive gives, and Progressive is liable for their actions.

**B.      Plaintiffs' Complaint sufficiently pleads claims for damages.**

Because Plaintiffs have properly pled the underlying claims, they are entitled to the properly alleged damages associated with those claims.

### 1.    Plaintiffs' Complaint sufficiently pleads claims for injunctive relief.

Plaintiffs assert the request for permanent injunction on behalf of the class they intend to represent. Plaintiffs' Complaint makes it clear that K&P and Progressive's scheme to defraud accident victims through the use of harassing, exploiting, and unduly influential promises of large settlements is large-scale and ongoing scheme. Compl. ¶ 27. Without a permanent injunction, Defendants will continue in their illegal harassment campaign against accident victims who have their personal information stolen by Progressive and sold to K&P. Accordingly, failure to grant the injunction will result in irreparable injury to accident victims, the protection of these victims' personal information vastly outweighs damages Progressive may sustain by being disallowed from continuing in their already illegal activity, and this injunction will clearly and obviously serve the public interest by disallowing further harassment and exploitation of accident victims. All the elements of granting a permanent injunction are met.

### 2.    Plaintiffs' Complaint sufficiently pleads claims for punitive damages.

Progressive's arguments against punitive damages are based on the same arguments they raise for dismissal of Plaintiffs' vicarious liability claims and fail for the same reasons. In failing to supervise its adjusters and by accepting the settlement of small claims without questioning or investigating the manner in which those claims were settled, Progressive ratified and approved its adjusters' settlement of claims via shunting the personal information of accident victims into the law firm solicitation pipeline. *See Schrum*, 12 F. Supp. 2d at 582 ("A principal is liable for its agent's acts when the agent has actual or apparent authority to commit those acts, or when the principal ratifies them.").

**C.**    **In the alternative, Plaintiffs should be given leave to amend.**

Plaintiffs' Complaint stands on its own merit: it presents a well-supported, cogent and logical sequence of facts demonstrating a plausible inference that Progressive is liable for the claims presented. Should the Court disagree, however, Plaintiffs respectfully request leave to amend to address any deficiencies.  "If it appears that given an opportunity to amend the pleading, the plaintiff would be able to state a claim upon which relief could be granted, the court should grant leave to amend." *In re Key Energy Servs. Sec. Litig.*, 166 F. Supp. 3d at 830 (citing *People's Choice Home Loan, Inc. v. Mora*, No. 3:06-CV-1709-G, 2007 U.S. Dist. LEXIS 16624 (N.D. Tex. Mar. 7, 2007)).

Respectfully submitted,

*/s/ Jarrett L. Ellzey*

**EKSM, LLP**
Jarrett L. Ellzey
Texas Bar No. 24040864
jellzey@eksm.com
Tom Kherkher
Texas Bar No. 24113389
tkherkher@eksm.com
Leigh S. Montgomery
Texas Bar No. 24052214
lmontgomery@eksm.com
4200 Montrose, Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEYS FOR PLAINTIFFS,**
**AND THOSE SIMILARLY SITUATED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served via CM/ECF on all counsel of record on this day, the 5th day of June 2025.

/s/ Jarrett L. Ellzey
Jarrett L. Ellzey