United States District Court
Southern District of Texas
**ENTERED**
July 15, 2025
Nathan Ochsner, Clerk

DeUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>VS.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY, et al.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-cv-4423 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Reconsideration of the Court's dismissal of their class claims against Defendant the Law Offices of Kanner & Pintaluga, P.A. ("K&P"). Doc. 68. For the reasons below, the motion is **DENIED**.

### I. BACKGROUND

This putative class action arises from alleged unlawful attorney solicitation following a minor motor vehicle accident involving Plaintiffs on October 15, 2024. According to the Second Amended Complaint, two days after the accident, Mrs. Kelley-Cook received an unsolicited telephone call from an individual inquiring about the accident. Doc. 46 at ¶¶ 22-24. During this call, Mrs. Kelley-Cook allegedly handed the phone to her husband, Mr. Cook, who was then offered "$10,000 to sign up with K&P" for legal representation. *Id*. A second call to Mrs. Kelley-Cook on October 22, 2024 purportedly came from an individual identifying himself as a K&P representative who stated that Progressive Casualty Insurance Company ("Progressive") had provided Plaintiffs' contact information to K&P. *Id*. at ¶ 24.

Plaintiffs allege K&P systematically obtains protected driver information through third-party intermediaries referred to as "case runners" to solicit accident victims in violation of Texas barratry laws (Tex. Penal Code § 38.12) and ethical rules (Tex. Disciplinary Rules of Professional Conduct 7.03). *Id* at ¶¶ 28, 51. The Second Amended Complaint asserts three causes of action: (1) barratry under Texas Government Code § 82.0651; (2) civil conspiracy; and (3) a request for injunctive relief to halt the alleged solicitation scheme. *Id*. at ¶¶ 49-65).

On June 16, 2025, following a hearing, the Court granted in part K&P's Second Motion to Dismiss (Doc. 54). The Court's order: (1) dismissed all claims except Mrs. Kelley-Cook's individual barratry claim; (2) struck the class allegations as unascertainable; and (3) denied leave for further amendment. *See* Minute Entry entered June 16, 2025. In its ruling, the Court found that Mr. Cook lacked Article III standing because he was not the direct recipient of the calls and suffered no concrete injury. *Id*. The Court further held the proposed class was unascertainable due to the need for individualized inquiries into each alleged solicitation. *Id*.

Plaintiffs now move for reconsideration under Federal Rule of Civil Procedure 59(e), arguing the dismissal of their class claims was premature and lacked the "rigorous analysis" required by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Doc. 68.

## II.  STANDARD OF REVIEW

Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Reconsideration may be granted only where the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence that could not have been discovered earlier through the exercise of due diligence; or (3) the need to correct a clear error of law or fact to prevent

manifest injustice. Fed. R. Civ. P. 59(e); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567-568 (5th Cir. 2003).

Notably, Rule 59(e) motions cannot be used to relitigate issues already decided or to advance arguments that could have been raised earlier. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The party seeking reconsideration bears a "high burden" to show that extraordinary circumstances justify revisiting the Court's prior decision. *United States v. Salinas*, 665 F.Supp.2d 717, 720 (W.D. Tex. 2009).

### III. ANALYSIS

Plaintiffs argue the Court erred in dismissing their class claims because (1) the dismissal was premature, as no discovery had been conducted on class ascertainability, and (2) the Court failed to provide a "rigorous analysis" of the class issues. Neither argument justifies reconsideration.

#### A. The Dismissal Was Not Premature

Plaintiffs first argue the Court erred by dismissing their class allegations prior to discovery, contending such determinations are generally premature before class certification briefing. Doc. 68 at 3-5. While it is true that courts typically address class certification after discovery, dismissal at the pleading stage is appropriate where, as here, the complaint demonstrates inherent barriers to certification. *See Hogans v. Charter Communs., Inc.*, 563 F. Supp. 3d 464 (E.D.N.C. 2021). The Fifth Circuit has expressly held that "[w]here it is facially apparent from the pleadings that there is no ascertainable class," district courts may dismiss class allegations before certification. *John v. Nat'l Sec. Fire & Cas. Co.,* 501 F.3d 443, 445 (5th Cir. 2007).

Although the parties raise other issues related to class certification, the briefing largely focuses on the issue of ascertainability. It is a matter of clear precedent that, to maintain a class

action, the proposed class must be adequately defined and clearly ascertainable by reference to objective criteria. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012). Indeed, while the Court need know the identity of each class member, the class definition must be sufficiently definite in that it is administratively feasible for the court to determine whether a particular individual is a member. *Carroll v. SGS Auto. Servs.*, No. 16-537-SDD-RLB, 2020 U.S. Dist. LEXIS 223674 at *7 (M.D. La. Nov. 30, 2020). The Court must be able to make this determination without having to answer numerous fact-intensive questions. *Morrow v. Washington*, 277 F.R.D. 172 (E.D. Tex. 2011). "Class allegations may be dismissed pursuant to a Rule 12(b)(6) motion to dismiss if the nonexistence of an ascertainable class of persons to be represented is 'facially apparent from the pleadings.'" *Sharp Mexican Partners, LP v. Republic Waste Servs. of Texas, Ltd.*, No. 3:17-CV-1605-S, 2018 U.S. Dist. LEXIS 145469, 2018 WL 4053365, at *3 (N.D. Tex. Aug. 24, 2018). Courts in this circuit have previously granted motions to strike class allegations where membership of the "proposed class cannot be determined without first inquiring into the substantive merits of each individual claim," because such a class is not ascertainable. *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 95097, 2008 WL 4681368, at *9-10 (E.D. La. Oct. 21, 2008).

The proposed class consists of "all Texas citizens whose vehicles were involved in motor vehicle crashes and were subsequently contacted by K&P between November 2020 and November 2024." Doc. 46 at ¶ 37. This definition suffers from multiple ascertainability defects apparent from the face of the complaint.

First, determining whether any particular communication constituted prohibited "solicitation" under Texas Rule of Professional Conduct 7.03 would require individualized inquiries into the content and context of each call. The rule defines "solicitation" as a

communication "substantially motivated by pecuniary gain" made to someone who "has not sought the lawyer's advice or services," and which offers "legal services that the lawyer knows or reasonably should know the person needs in a particular matter." Tex. Disciplinary Rules of Prof'l Conduct 7.01(b)(2). These elements cannot be established through common proof for all putative class members.

Second, even if solicitation occurred, Rule 7.03(b) exempts communications directed to: (1) lawyers; (2) persons with family, close personal, or prior professional relationships with the attorney; or (3) "experienced users" of legal services for business matters. These exceptions would require case-by-case determinations that defeat ascertainability. *See DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (class must be "adequately defined and clearly ascertainable").

Third, Plaintiffs' vicarious liability theory—that K&P is liable for the conduct of unidentified "case runners"—would necessitate individualized inquiries into whether each third-party solicitor acted as K&P's agent. The complaint alleges no facts showing K&P controlled these alleged runners or ratified their methods. Doc. 46 at ¶ 32. Indeed, the complaint does not even provide the identity of the case-runners. Instead, membership in the class would depend on subjective, case-by-case determinations about the nature of these amorphous and unidentifiable third-party relationships, precisely the type of administratively infeasible factual inquiries that defeats ascertainability. Without a way to distinguish between solicitations attributable to K&P and those initiated independently by third parties, the class cannot be objectively defined or managed, making certification impossible.

Plaintiffs' reliance on *Monson v. McClenny, Moseley & Associates, PLLC*, 2024 U.S. Dist. LEXIS 45664 (S.D. Tex. Feb. 23, 2024), is unavailing. In *Monson*, Magistrate Judge Ho declined to strike class allegations at the pleading stage because the plaintiff had not yet addressed critical

distinctions between putative class members who retained the defendant law firm and those who did not. *Id.* at *11. The court emphasized that further refinement of the class definition - such as excluding clients who entered into representation agreements - might resolve ascertainability concerns under Rule 23. *Id.* at *26-27. Significantly, the *Monson* court deferred its ruling on class viability, noting the parties had not adequately briefed threshold issues including whether the named plaintiff could satisfy the typicality requirement of Rule 23(a)(3) for both subsets of class members, or whether differing limitations periods under Texas Government Code § 82.0651(c) would require subclassing. *Id.* at *27.

The present case differs materially from *Monson*. Here, Plaintiffs' proposed class definition suffers from inherent and incurable defects that are apparent from the face of the Second Amended Complaint. The *Monson* court's deferral of class certification issues does not assist Plaintiffs here. As the Court previously explained, Plaintiffs' proposed class requires individualized inquiries into: (1) whether each communication qualified as prohibited solicitation under Texas Disciplinary Rule 7.03—a fact-intensive determination requiring scrutiny of call transcripts (if they exist), affidavits of potential plaintiffs (if they remember), timing, and context; (2) whether any Rule 7.03(b) exemptions apply; and (3) whether K&P may be held vicariously liable for third-party solicitors—a theory demanding case-by-case analysis of agency relationships that the complaint fails to plausibly allege. These hurdles are not merely procedural; they render the class impossible to ascertain without a series of mini-trials, defeating the efficiency and fairness goals of Rule 23. Where *Monson* left open the possibility of narrowing the class to address deficiencies in an administratively feasible way, the defects in Plaintiffs' complaint are categorical, making administrative management of the class unworkable.

### B. The Court Provided Sufficient Analysis

Plaintiffs next contend the Court failed to conduct the "rigorous analysis" mandated by *Dukes* when dismissing their class claims. 564 U.S. at 350 ("certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. . .[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim."). This argument misapprehends both the record and applicable law.

While *Dukes* requires careful scrutiny of class certification issues, it does not mandate any particular form or length of analysis. *See* 564 U.S. at 351. *Prantil v. Arkema Inc.*, 986 F.3d 570, 574 (5th Cir. 2021) (upholding a grant of class certification where the district court "heard arguments on each of [defendant's] motions" and "did not disregard its gatekeeping role"); s*ee also Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 195-96 (5th Cir. 2010) (affirming denial of class certification where plaintiffs failed "to demonstrate that state law variations" did not defeat predominance). Here, as the Court acknowledged during the June 16 hearing, the Court's dismissal order reflected consideration of the pleadings and oral arguments, which revealed fundamental defects in the class allegations. While the Court's minute entry may have been brief, its consideration of the issues was not. The Court's careful consideration of the pleadings, evaluation of the case law, and several hearings on this matter satisfied the Fifth Circuit's standards of analysis.

Moreover, Plaintiffs cite no authority requiring courts to await certification briefing before dismissing class allegations that are plainly defective on their face. To the contrary, district courts have inherent authority to strike class allegations early in litigation when the complaint makes clear that class treatment is inappropriate. *See John*, 501 F.3d at 445.

### C. There Are No New Arguments or Evidence

Plaintiffs' motion rehashes arguments already raised in opposition to K&P's Second Motion to Dismiss. Rule 59(e) does not permit such relitigation. *Templet*, 367 F.3d at 478–79. Plaintiffs identify no intervening change in law, newly discovered evidence, or clear error.

## IV. CONCLUSION

Plaintiffs have not met their burden under Rule 59(e). The Court's dismissal of the class claims was neither premature nor deficient in analysis. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**

Signed at Houston, Texas on July 15, 2025.

                                              Keith P. Ellison
                                              United States District Judge