**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING APPEAL**

TO THE HONORABLE KEITH ELLISON:

Plaintiff Esther Kelley-Cook ("Plaintiff"), by and through her undersigned counsel, and for her Motion to Stay Proceedings Pending Appeal, states and alleges as follows:

## I.    INTRODUCTION

On July 15, this Court entered an Order denying Plaintiffs' Motion to Reconsider its earlier dismissal of Plaintiffs' class claims. On July 29, Plaintiff Kelley-Cook filed a Rule 23(f) Petition to Appeal that Order with the Fifth Circuit. Plaintiff now respectfully requests a stay of these proceedings pending the appeal. Allowing discovery in this case to proceed on Dr. Kelley-Cook's individual claims while the appeal on class claims pends may result in bifurcated discovery that will irreparably harm Plaintiff; but staying these proceedings pending the appeal will not prejudice or harm any interested party.

## II.    LEGAL STANDARD

This Court has "inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). To determine whether to grant a stay, the Court considers the following factors: "(1) whether the movant makes a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether other interested parties will be irreparably injured by a stay; and (4) where the public interest lies." *Earl v. Boeing Co.*, 21 F.4th 895, 898 (5th Cir. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)). All four factors are met here, and a stay is warranted.

## III.    ARGUMENT

This Court should stay these proceedings pending the outcome of Plaintiff's appeal because to do otherwise would cause irreparable harm to Plaintiff, would not cause irreparable harm to other interested parties, and is in the interest of judicial economy.

### A.    Plaintiff is likely to succeed on the merits.

Respectfully, Plaintiff is likely to succeed on the merits in pursuing her class claims. Much of the evidence required to prove the ascertainability of the class is only available to Plaintiff through discovery to which the Court denied Plaintiff access in its premature dismissal. Moreover, the analysis the Court used placed an undue and impossible burden on any plaintiff seeking to certify a barratry class claim, which is likely an erroneous application of Texas law. Once discovery is available, Plaintiff will have access to information proving the agency relationship Defendant allegedly has with case runners, as well as the company policies and payment information detailing the exact manner and method of Defendant's systematic and large-scale solicitation scheme.

**B.**     **Plaintiff will be irreparably injured without a stay.**

If Plaintiff are required to pursue Dr. Kelley-Cook's individual claim separately while their appeal pends, they will lose the option to discover information supporting class claims should the Fifth Circuit overturn the dismissal of class claims. Plaintiff cannot depose Defendant, their alleged case runners, or other involved parties for individual information, and then depose them a second time for class information without irreparably prejudicing Plaintiff's chances to gain the information she needs to support her claims. A piecemeal approach to gathering the information will lead to the convoluted and unmanageable discovery that Plaintiff's appeal is meant to prevent. Plaintiff should be given the opportunity to engage in targeted, specific, and wholesale discovery after resolution of the class issue; to require otherwise is irreparably prejudicial to Plaintiff.

Plaintiff and dismissed Plaintiff, Kelly Cook, are already scheduled to sit for depositions on August 27, 2025. Should the Court decline to stay the proceedings, not only will Dr. Kelley-Cook be required to sit for one deposition for her individual claims and another later deposition for class claims, Mr. Cook, who's claims were dismissed along with the class claims, will likewise have to sit for multiple depositions. Likewise, this case may require testimony from individuals working for Progressive Casualty Insurance Company. It is unreasonable to expect these individuals (one of whom is already attempting to evade discovery), who are not parties to the lawsuit, to sit for multiple depositions concerning the same subject matter. *See Earl*, 21 F.4th at 900 ("The upshot of a full stay here is that there will be one exhaustive round of discovery post-appeal, rather than two distinct rounds of discovery pending-and post-appeal.").

**C.**     **Other interested parties will not be irreparably injured by a stay.**

Defendant's defense of this case will not be irreparably injured if the underlying proceedings are stayed pending the appeal. Defendant will have as much access to Plaintiff's

testimony once an appeal is decided as it does now; there is no threat of spoliation of evidence. There can no irreparable harm to any interested party as a result of imposing a stay.

**D.      Public interest favors a stay.**

Finally, "the public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on appeal." *Earl*, 21 F.4th at 900 (citing *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)).

## IV.      CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests this Court stay the proceedings in this case pending Plaintiff's Rule 23(f) appeal, and for such other relief as may be just and proper.

Respectfully submitted,

*/s/ Jarrett L. Ellzey*
**EKSM, LLP**
Jarrett L. Ellzey
Texas Bar No. 24040864
jellzey@eksm.com
Tom Kherkher
Texas Bar No. 24113389
tkherkher@eksm.com
Leigh S. Montgomery
Texas Bar No. 24052214
lmontgomery@eksm.com
4200 Montrose, Ste. 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEYS FOR PLAINTIFFS,
AND THOSE SIMILARLY SITUATED**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 30, 2025, I conferred with Ted Craig, counsel for Kanner & Pintaluga, P.A. about this motion and the relief sought herein.  Mr. Craig stated that Defendant Kanner & Pintaluga, P.A. is opposed to a stay of this case pending Plaintiff's application for interlocutory appeal under Rule 23(f) and the appeal itself, if granted.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I served all counsel or record with this instrument via ECF and pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of Texas.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey