**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § § | |

---

**DEFENDANT, THE LAW OFFICES OF KANNER & PINTALUGA,
P.A.'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO STAY PROCEEDINGS PENDING APPEAL**

---

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of
Kanner & Pintaluga, P.A.*

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: */s/ Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

## I.    INTRODUCTION

None of the four factors to be considered by the Court supports granting a stay of these proceedings pending the resolution of Plaintiff's Rule 23(f) appeal. Plaintiff does not demonstrate a likelihood of success on the merits, and none of Plaintiff's arguments for staying discovery demonstrates Plaintiff will be irreparably injured by discovery on the merits of her claims, especially because discovery on her individual claims is necessary regardless of whether this case proceeds as a class action. Rather, it is Kanner & Pintaluga that would be prejudiced by a stay that delays the depositions of Plaintiff and her husband, the only witnesses concerning the two phone calls forming the entire basis of Plaintiff's remaining barratry claim. Finally, the public interest favors a speedy resolution of the claims asserted in this matter. Because Plaintiff fails to meet her burden to show a stay is needed under the circumstances, the Court should deny Plaintiff's Motion to Stay Proceedings Pending Appeal (Doc. 70).

## II.    ARGUMENT

### A.    Standard

Rule 23(f) of the Federal Rules of Civil Procedure provides that a court of appeals "may permit an appeal from an order granting or denying class-action certification . . . ." Fed. R. Civ. P. 23(f). As of the date of this response, the Fifth Circuit has not granted Plaintiff leave to pursue an interlocutory appeal of the Court's dismissal of Plaintiff's class action claims. "Stays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) (citing *M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, *1 (S.D. Tex. July 21, 2011); *In re Mounce*, No. 04-5182-lmc, 2008 WL 2714423, at *6 (Bankr. W.D. Tex. July 10, 2008)). When deciding a motion to stay, the district court considers the following factors: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the

1

stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Id.* (citing *In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987)). "The first two factors are the most critical," and "[t]he proponent of a stay bears the burden of establishing its need." *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020) (quotations omitted). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Texas v. United States*, 787 F.3d 733, 747 (5th Cir. 2015) (quotation omitted).

### B. Plaintiff Fails to Demonstrate a Likelihood of Success on the Merits

The Court can "begin and end" its analysis "with the first factor: likelihood of success on the merits." *NAACP v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024). "When evaluating the first factor, '[i]t is not enough that the chance of success on the merits be better than negligible.'" *Abbott*, 961 F.3d at 389 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "Indeed, in the mine run of appeals, likelihood of success remains a prerequisite, and a presentation of a substantial case alone is not sufficient." *Id.* (cleaned up). Here, it is unlikely that the Fifth  will exercise its discretion to grant the Plaintiff's petition.

### 1. It is Unlikely the Fifth Circuit Will Grant the Plaintiff's Petition

The Fifth Circuit has identified two unique circumstances that might conceivably warrant the exercise of its discretion to grant review under Rule 23(f). They are, "when the certification decision turns on a novel or unsettled question of law [or] is likely dispositive of the litigation." *Seeligson v. Devon Energy Prod. Co., L.P.*, 804 F. App'x 304, 305 & n.6 (5th Cir. 2020) (per curiam) (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 32 (2017)); *see also* Fed. R. Civ. P. 26(f) advisory committee's note to 1998 amendment. The Plaintiff's petition presents neither situation.

First, the order on appeal is not dispositive of the case. Plaintiff argues the district court's order sounds the "death knell" for her case. It does not. The "death knell" justification for

2

interlocutory review applies only to those cases in which a petitioner can show that "the probable expense of prosecuting the lawsuit to completion" will likely grow so out of proportion to the "size of the individual plaintiff's claim" that "the individual plaintiff cannot feasibly continue to litigate his claim alone." *Cf. Graci v. United States*, 472 F.2d 124, 126 (5th Cir. 1973). The barratry statute provides for "$10,000" as a ***penalty***—in addition to an award of both (*i*) "actual damages" and (*ii*) "reasonable and necessary attorney's fees." TEX. GOV'T CODE § 82.0651(b)(3)–(5), (d)(1)–(2). Because Plaintiff, if successful on her individual claim, would be entitled to recover all "reasonable and necessary attorney's fees," continued litigation of her individual claim is incapable of affecting the expense-to-recovery ratio or the economic feasibility of Plaintiff's suit. Therefore, the order on appeal does not sound the "death knell" for Plaintiff's suit.

Second, there is no novel or unsettled questions of law. It is well-settled that district courts have the authority to enter an order denying class certification prior to the start of discovery. A "district court may dismiss . . . class allegation[s] on the pleadings" "[w]here it is facially apparent from the pleadings that there is no ascertainable class." *John v. National Security Fire & Casualty Co.*, 501 F.3d 443, 445 (5th Cir. 2007). Such a dismissal is a valid exercise of "[t]he trial court['s] . . . independent obligation to decide whether an action was properly brought as a class action[.]" *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 559 (5th Cir. 1981) (citations omitted). Instead of addressing the rule of *John*, Plaintiff argues "[m]uch of the evidence required to prove the ascertainability of the class is only available to Plaintiff through discovery . . . ." Motion to Stay, Doc. 70, at p. 2. She makes no attempt to address how her pleading *on its face* was sufficient to determine ascertainability. That the proposed class was unascertainable was plain from the face of the Second Amended Complaint. The Court correctly dismissed Plaintiff's class-wide claims with prejudice. Therefore, it is unlikely the Fifth Circuit will exercise its discretion to grant the Plaintiff's Rule 23(f) petition.

3

### 2.    Even if the Petition is Granted, Plaintiff Will Not Prevail on the Merits of Her Appeal

Assuming that the Fifth Circuit grants the petition, Plaintiff will ultimately be unsuccessful on the merits. A decision on whether to certify a class "is reviewed for abuse of discretion." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 923 (5th Cir. 2023) (citation omitted). "An abuse of discretion occurs only when all reasonable persons would reject the view of the district court." *Cleven v. Mid-Am. Apartment Communities, Inc.*, 20 F.4th 171, 176 (5th Cir. 2021) (cleaned up).

The Second Amended Complaint defines the proposed class as "[a]ll Texas citizens or entities who's [*sic*] vehicle was involved in, a motor vehicle crash and were, thereafter, contacted by K&P from November 11, 2020, through the original filing date of this suit, November 11, 2024, inclusive." Doc. 46, at ¶ 37 (emphasis removed). The only persons excluded from that proposed class were "any employees, officers, directors of Defendants, and attorneys appearing in this case, and any judge assigned to hear this action." *Id.*, at ¶ 38. "The Fifth Circuit has . . . articulated an 'ascertainability' requirement for Rule 23 class actions." *Braidwood*, 70 F.4th at 933 (citation omitted) (Rule 23(b)(2) proposed class). "In order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Cleven*, 20 F.4th at 176 (quotation omitted) (Rule 23(b)(3) proposed class). The Court was correct in concluding that membership in Plaintiff's proposed class was not ascertainable.

First, there is no administratively feasible method to connect a years-old phone number with a particular putative class member. "A proposed class that identifies phone numbers and not people does not comport with the requirements of Rule 23 . . . [and] cannot be called ascertainable." *Carroll v. SGS Auto. Servs., Inc.*, 2021 WL 2550278, at *3 (M.D. La. June 22, 2021); *see Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 525 (E.D. Wis. 2014) (finding no case involving a years-long "window of time where ascertainability was met solely based on reverse lookups" of phone numbers). A phone number, by itself, is not enough to make any

4

determination = of class membership status. To identify a class adequately, "it would be necessary to identify the people assigned to th[e] numbers at the time the allegedly offending calls were made, which may not be the people currently assigned to those numbers." *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 236 (S.D. Ill. 2011). Furthermore, "[i]f not entirely impossible, retrieving all of the necessary records from [the telephone carriers] . . . is an incredibly herculean task . . . [and] of such a 'daunting' nature that it makes the class definition insufficient." *Tech v. United States*, 271 F.R.D. 451, 456–57 (M.D. Pa. 2010) (quotation omitted); *see also Warnick v. Dish Network, LLC*, 301 F.R.D. 551, 557 (D. Colo. 2014).

Additionally, the ascertainability problem inherent in the proposed class is not localized to any subgroup of putative class members—but rather extends to the *entire* proposed class. Plaintiff expressly conceded she "*d[id] not seek* to include individuals who signed representation agreements with K&P in their class definition." Doc. 61 at p. 7 (emphasis added). According to the Second Amended Complaint, "Plaintiffs seek to certify a class of individuals who received unwanted solicitation from K&P or K&P's agent *who did not sign a representation agreement*." *Id.* (emphasis added). The very members of the proposed class are those for whom Kanner & Pintaluga has *no* ongoing attorney-client relationship and, therefore, *no* up-to-date contact information that might conceivably link a phone number to a particular putative member. Thus, the Court did not err in concluding that no part of the class is ascertainable.

Moreover, the Court rightly recognized the indeterminacy of the universe of call records Plaintiff wishes to use in determining class membership. In the Second Amended Complaint, Plaintiffs allege "third-party case runners . . . conduct[ed] solicitation[s] on [K&P's] behalf." Doc. 46, at ¶¶ 10–16, 28. Yet, Plaintiff has not identified any third-party runner allegedly having an agency relationship with Kanner & Pintaluga. As the Court correctly observed, those unidentified "third-party runners" are entities for which the operative complaint "alleges no facts showing K&P

5

controlled these alleged runners or ratified their methods." Doc. 69, at p. 5. Because those purported "third-party relationships" are "amorphous and unidentifiable," *id*., no amount of discovery of Kanner & Pintaluga's or the third-party runners' call logs (if any) would allow this Court to conclude that the set of phone numbers Plaintiff may use for ascertaining membership is anywhere near complete. That further renders the proposed class unascertainable. *See Ohio State Troopers Ass'n, Inc. v. Point Blank Enters., Inc.*, 481 F. Supp. 3d 1258, 1277 (S.D. Fla. 2020), *aff'd*, 2021 WL 4427772 (11th Cir. Sept. 27, 2021).

Accordingly, Plaintiff has not made "the necessary 'strong showing' that [her] position is likely to be vindicated" on appeal. *Abbott*, 961 F.3d at 402 (quoting *Nken*, 556 U.S. at 426). For this reason alone, the Motion to Stay should be denied.

### C.    Plaintiff Fails to Demonstrate Irreparable Injury Absent a Stay

Plaintiff claims she will be irreparably harmed for two reasons: (1) "[she] will lose the option to discover information supporting class claims should the Fifth Circuit overturn the dismissal of class claims"; and (2) Plaintiff and Mr. Kelly Cook (who is now a non-party having had his claims dismissed) will have to engage in discovery and potentially deposed[1] twice "for class claims." Doc. 70, p. 3. Neither contention is correct.

Plaintiff will not "lose the option" to engage in discovery in the unlikely event the Fifth Circuit overturns the dismissal of the class claims. The discovery cut-off deadline is on April 30, 2026. *See* Doc. 34. Plaintiff has not cited to any authority that she cannot depose Kanner & Pintaluga or third parties a second time should the issues or claims change in this case if class claims are revived. Moreover, even if the Plaintiff's preference is not to "piecemeal" discovery, the discovery cut-off deadline is over 8 months away, and she has the option to wait to depose

---

[1] Plaintiff Mrs. Cook and former Plaintiff Mr. Cook are scheduled to be deposed on August 27, 2025.

Kanner & Pintaluga or any non-parties she chooses. Further, "the prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4. This is particularly true where "the discovery will be necessary whether or not the appeal is successful." *Id*. Here, the appeal will not impact Mrs. Cook's individual claims and, thus, Plaintiffs will be engaging in discovery that will be necessary regardless of the outcome of the appeal.

### D.     Kanner & Pintaluga Would Be Prejudiced by a Stay

On the other hand, Kanner & Pintaluga would be prejudiced by a stay of discovery. The case was originally filed in November 2024 premised on two phone calls that occurred in October 2024. Kanner & Pintaluga has an interest in deposing the only known witnesses to the two alleged calls—Mrs. and Mr. Cook—whose memories may fade as time passes. Further delay will only jeopardize Kanner & Pintaluga's defense of the claims against it.

### E.     Public Interest Favors Denial of a Stay

Plaintiff argues the public interest supports staying the proceedings to avoid "'potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on the appeal.'" Doc. 70, at p. 4. First, Plaintiff has not demonstrated a likelihood of success on appeal. Second, as noted above, taking the deposition of Mr. and Mrs. Cook will not be "wasteful or unnecessary" because the appeal will not impact Plaintiff's individual claims. *See e.g., In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (finding a stay would not further judicial economy where most of the discovery would need to be conducted even if the Rule 23(f) appeal was successful). Finally, the public interest favors speedy resolution of disputes. *Id*.

### III.    CONCLUSION

For the reasons set forth herein, Kanner & Pintaluga respectfully requests the Court deny

Plaintiff's Motion to Stay Proceeding Pending Appeal (Doc. 70).

Respectfully submitted,

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Admitted Pro Hac Vice)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of
Kanner & Pintaluga, P.A.*

Of Counsel:
**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: */s/ Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Ted C. Craig*