**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § § | |

---

**DEFENDANT, THE LAW OFFICES OF KANNER & PINTALUGA,**
**P.A.'S, MOTION FOR SANCTIONS PURSUANT TO FEDERAL**
**RULE OF CIVIL PROCEDURE 11**

---

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of*
*Kanner & Pintaluga, P.A.*

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

Pursuant to Federal Rule of Civil Procedure 11, Defendant, The Law Offices of Kanner & Pintaluga, P.A. ("Kanner & Pintaluga"), moves for the entry of sanctions against Plaintiffs and their counsel for pursuing baseless barratry and conspiracy claims in Plaintiffs' Second Amended Complaint (Docket Entry No. 46).[1]

## INTRODUCTION

Kanner & Pintaluga brings this motion for sanctions pursuant to Federal Rule of Civil Procedure 11(b)(3) concerning Plaintiffs' allegations in their Second Amended Complaint that Kanner & Pintaluga (1) had an agreement with the co-defendant Progressive Casualty Insurance Company ("Progressive"); (2) obtained Plaintiffs' contact information from Progressive; and (3) solicited Plaintiffs by phone using such information. *See* (Docket Entry No. 46, ¶¶ 1, 5, 24, 26-27, 30-31, 36, 50-51, 56). Rule 11 requires a party and its counsel to conduct a reasonable inquiry *before* filing a complaint. At the time they filed the instant Second Amended Complaint, Plaintiffs (and their counsel) knowingly lacked any admissible evidence that Kanner & Pintaluga had an agreement with Progressive through which it obtained Plaintiffs' contact information and that Kanner & Pintaluga, rather than a third-party impersonating Kanner & Pintaluga, placed the alleged solicitation phone calls to Mrs. Cook.

Plaintiffs' allegations concerning an agreement between Kanner & Pintaluga and Progressive, Kanner & Pintaluga's acquisition of Plaintiffs' contact information from Progressive, and Kanner & Pintaluga placing solicitation phone calls to Mrs. Cook – both at the time the original complaint was filed and today – are based entirely on inadmissible hearsay statements purportedly made during phones calls with Plaintiffs by persons claiming to be affiliated with Kanner & Pintaluga but were not. Plaintiffs knew when they filed the Second Amended Complaint these

---

[1] Kanner & Pintaluga served this Motion for Sanctions on Plaintiffs' counsel, Jarrett Ellzey, on May 22, 2025.

persons likely were not representatives of Kanner & Pintaluga. This knowledge is evident from Plaintiffs' inclusion of conflicting allegations in the Second Amended Complaint. Specifically, Plaintiffs allege unidentified third party "case runners" were participants in a "solicitation ring" that involved making solicitation phone calls by "impersonating law firms" to suggest their legitimacy. *See* (Docket Entry No. 46, ¶¶ 2, 28). Because Plaintiffs never had any admissible evidence supporting that the alleged bad actor was Kanner & Pintaluga, as opposed to third party "case runners," the Court should enter sanctions in the amount of the attorney's fees Kanner & Pintaluga has incurred defending Plaintiffs' claims.

### FACTUAL AND PROCEDURAL BACKGROUND

### I.      Factual Allegations of the Operative Complaint

Plaintiffs' operative complaint is their Second Amended Complaint (the "Complaint") (Docket Entry No. 46). Plaintiffs' claims are based on two alleged phone calls made to Plaintiff Esther Kelley-Cook ("Mrs. Cook"), after a motor vehicle she owned with her husband, Plaintiff Kelly Cook ("Mr. Cook"), was involved in a motor vehicle accident. *See* (Docket Entry No. 46, ¶¶ 22-24). Plaintiffs do not identify who placed the two calls, but allege during the second call, the unidentified caller allegedly identified himself to Mrs. Cook as a representative of Kanner & Pintaluga and stated Progressive had provided Mrs. Cook's personal contact information to Kanner & Pintaluga. *Id*.; *see also id*., ¶ 1.

In support of their claims, Plaintiffs advance the factual contentions that Kanner & Pintaluga made the two subject phones calls directly after obtaining Plaintiffs' "personal contact information from Progressive, or a confederate operating within Progressive . . . ." (Docket Entry No. 46, ¶¶ 23-24, 26-27) (alleging "Progressive . . . provided [Plaintiffs' contact information] to K&P as part of an ongoing barratry scheme."); *see also id.*, at ¶¶ 30-31, 36 (alleging there is an agreement between Progressive and Kanner & Pintaluga and the Defendants "operate under a

systematic arrangement . . . [where] Progressive . . . discloses private driver information to K&P, *who in turn pays Progressive for the information . . .*") (emphasis added); *Id*., at ¶¶ 5, 24 (alleging Plaintiffs were contacted by Kanner & Pintaluga directly). These same factual allegations were made in the previously filed original Complaint and First Amended Complaint. *See* (Docket Entry No. 1, ¶¶ 2-3, 5-6, 20, 69); *see also* (Docket Entry No. 24, ¶¶ 1-3, 5-6, 20,22-26, and fn. 1).

In the Complaint, Plaintiffs also advance a conflicting factual theory of the case. According to Plaintiffs, Kanner & Pintaluga instead of obtaining Plaintiffs' contact information and calling them, "obtained signed case packets from a solicitation ring composed of third-parties (case runners) . . . *impersonating law firms* to pressure victims into signing *blank* retainer packets. These packets are then sent to firms like [Kanner & Pintaluga] . . . ." (Docket Entry No. 46, ¶ 2) (emphasis added). To be certain, Plaintiffs repeatedly allege that these unidentified third parties "obtained crash victim information from Progressive and solicited Plaintiffs . . . ." *Id*., ¶ 5; *see also id*., ¶ 28 (alleging case runners collect information about accidents and accident victims and use that information to sign up clients for law firms, and that their source of information is insurance companies). These inconsistent allegations are based, according to the Plaintiffs, on "existing evidence." (Docket Entry No. 46, ¶ 2).

## II.      Procedural History

Plaintiffs filed this putative class action lawsuit on November 11, 2024. (Docket Entry No. 1). In their original complaint, Plaintiffs asserted six causes of action against both Defendants. *Id.* Plaintiffs asserted statutory claims for violations of Texas's anti-barratry and deceptive trade practices acts, the federal driver's privacy act, and the federal civil racketeering act. *Id.* Additionally, Plaintiffs asserted common law claims for civil conspiracy and unjust enrichment. *Id.* Kanner & Pintaluga moved to dismiss certain causes of action in the initial complaint because they failed to state a claim upon which relief could be granted. (Docket Entry No. 22). In response,

3

Plaintiffs filed their Amended Complaint, presumably to remedy the deficiencies of the original complaint. (Docket Entry No. 24). Regardless, those deficiencies remained and, thus, Kanner & Pintaluga again moved to dismiss certain causes of action and, additionally, to dismiss Plaintiffs' request for injunctive relief. (Docket Entry No. 31). After the Court granted, in part, Kanner & Pintaluga's Motion to Dismiss the Amended Complaint, Plaintiffs filed the instant Complaint. This time, Plaintiffs only assert two causes of action against Defendants: (1) a statutory claim for violation of Texas's anti-barratry statute; and (2) a common law claim for civil conspiracy. *See* (Docket Entry No. 46). Plaintiffs again also seek injunctive relief. *Id*., at ¶¶ 63-64. For the first time in this action, in the instant Complaint, Plaintiffs advance the conflicting factual theory that third party "case runners" obtained Plaintiffs' contact information from a Progressive claims adjuster and called the Plaintiffs.

## ARGUMENT

### I.      Legal Standard

When filing a pleading in federal court, an attorney certifies pursuant to Rule 11 that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Rule 11 imposes an affirmative duty on counsel to make "some prefiling inquiry" into both the facts so as to be in a position to certify that the proposed paper is well grounded in fact. *McDaniel v. Runnels Cnty., Texas*, 208 F. 3d 1006, 2000 WL 177897 (5th Cir. 2000) (affirming Rule 11 sanctions where the allegations and factual contentions did not have evidentiary support). Although Rule 11 does not require that a signer be correct in his or her legal theories and factual assertions, it does require that the signer reasonably inquire, research and investigate the facts and law prior to filing a pleading so that the factual and

4

legal grounds asserted are "plausible" or reasonable under the circumstances. *See* Advisory

Committee Notes to Rule 11.

"[T]he standard under which the attorney is measured [under Rule 11] is an *objective, not subjective*, standard of reasonableness under the circumstances." *Jenkins v. Methodist Hospitals of Dallas, Inc.,* 478 F.3d 255, 263–65 (5th Cir.2007) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F. 3d 796, 802  (5th Cir.2003) (en banc)(quoting *Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d 1018, 1024 (5th Cir.1994)) (emphasis in original). "Accordingly, an attorney's good faith will *not*, by itself, protect against the imposition of Rule 11 sanctions." *Jenkins*, 478 F. 3d at 264 (citing *Childs,* 29 F.3d at 1024) (emphasis in original). When assessing whether Rule 11 sanctions are appropriate, the Fifth Circuit has adopted the "snapshot" rule, assessing liability under Rule 11 "only for a violation existing *at the moment* of filing." *Marlin v. Moody Nat'l Bank, N.A*., 533 F. 3d 374, 380 (5th Cir. 2008) (emphasis added). In other words, sanctions may be assessed when an advocated position is unwarranted at the time of the filing. *See e.g., Childs v. State Farm Mut. Auto. Ins. Co*., 29 F. 3d 1018, 1024 (5th Cir. 1994) (finding that while claim may have been initially supported, in light of the evidence contradicting the claims, the plaintiff's attorney "could not, without a more substantial investigation" continue to sign pleadings certifying that the claims were not fraudulent.). Moreover, "if facts are discovered that show that there is no longer a good faith basis for a position taken by a party, a pleading, motion, or other paper signed after those facts come to light reaffirming that position can be the basis of a violation of the rule." *Childs*, 29 F.3d at 1024, n.18; *see also Vackar v. Sentry Supply, Inc*., H-12-3716, 2014 WL 28853, * 10 (S.D. Tex. Jan. 2, 2014) (finding sanctions were warranted where party continued to advance false statements and accusations that the evidence repeatedly failed to support and instead showed were false).

Sanctions are warranted here because there is absolutely no objective factual basis for Plaintiffs' allegations that there was an agreement between Progressive and Kanner & Pintaluga,

and Kanner & Pintaluga obtained the Plaintiffs' contact information from Progressive. Similarly, there is no factual basis for Plaintiffs' allegation that Kanner & Pintaluga called the Plaintiffs. Kanner & Pintaluga has filed two motions to dismiss drawing this to Plaintiffs' attention, yet Plaintiffs persist to advance these baseless allegations.

## II.     A Reasonable Pre-Filing Inquiry Would Have Revealed That Plaintiffs' Assertions Regarding Kanner & Pintaluga's Involvement Are False

Plaintiff's entire case hinges on inadmissible and unverified hearsay evidence. That Kanner & Pintaluga and Progressive had an arrangement or agreement whereby they conspired to commit barratry is pure fiction. This allegation is only based on the inadmissible hearsay of an unidentified caller alleged in the Complaint. This hearsay lacks the factual support necessary to satisfy the affirmative duties imposed on counsel under Rule 11. Indeed, Kanner & Pintaluga propounded interrogatories requesting Mr. Cook to identify the persons who made each phone call and their employer and "to state the means by which Plaintiffs identified this person and their employer." *See* **Exhibit 1**, Plaintiff Kelly Cook's Objections and Responses to Interrogatories, at nos. 4-5.[2] In response, Mr. Cook, admitted he "doesn't know the identity of the caller[s] or their employer[s]." *Id.* Further, when asked to state the basis for Plaintiffs' contention that the callers were associated with Kanner & Pintaluga, Mr. Cook responded that he was solely relying on the inadmissible hearsay of an unknown person who spoke with him. *Id.*, at nos. 6-7 ("the caller identified Kanner & Pintaluga as the law firm"). By Plaintiffs' own admission, however, unknown third parties impersonate law firms such as Kanner & Pintaluga for purposes of soliciting representation. *See* (Docket Entry No. 46, ¶ 2). Accordingly, any claimed reliance on the representations made by the

---

[2] After the Court dismissed Mr. Cook's individual claims on June 26, 2025, Kanner & Pintaluga served Mrs. Cook with the same interrogatories previously served on Mr. Cook. On August 14, 2025, Mrs. Cook responded to the Second Set of Interrogatories in substantially the same manner as Mr. Cook. *See* **Exhibit 3**, Plaintiff Esther Kelley-Cook's Objections and Responses to Defendant's Second Set of Interrogatories, at Interrogatories Nos. 1-4.

caller to ascribe wrongdoing to Kanner & Pintaluga is objectively unreasonable.

To be certain, at the time Plaintiffs filed the Complaint, there was no reliable evidence that Progressive and Kanner & Pintaluga had an agreement involving the exchange of accident victim's personal contact information or that Progressive (an insurance company) provided the personal contact information of accident victims to Kanner & Pintaluga (a law firm representing plaintiffs in personal injury lawsuits). This notion is not only absurd, but also unreasonable and not plausible. Consistent with the falsity of these allegations, Kanner & Pintaluga has responded to discovery indicating that it has no document evidencing any contracts, agreements, or financial arrangements with Progressive. *See* **Exhibit 2**, Kanner & Pintaluga, P.A.'s Responses to Plaintiffs' Request for Production, at no. 19. Moreover, Mr. Cook served interrogatory answers inquiring about the phone numbers associated with the two alleged phones calls: (786) 371-0905 and (832)397-6311. *See* **Exhibit 1**, Plaintiff Kelly Cook's Objections and Responses to Interrogatories, at nos. 10-11. Kanner & Pintaluga has responded in discovery that it has no documents containing either of these two telephone numbers.[3] *See* **Exhibit 2**, at no. 6. Thus, a reasonable pre-filing inquiry would have revealed to Plaintiffs' counsel that Kanner & Pintaluga did not solicit Plaintiffs.

## CONCLUSION

For the foregoing reasons, Defendant, The Law Offices of Kanner & Pintaluga, P.A., respectfully requests that the Court enter an Order finding that Plaintiffs' allegations against him violate Rule 11(b)(3), awarding Kanner & Pintaluga attorney's fees and costs incurred as a result of Plaintiffs' violations, dismissing the claims asserted against it in the Second Amended Complaint, and awarding such other sanctions as the Court deems necessary to deter repetition of Plaintiffs' conduct and comparable conduct by others similarly situated.

[3] The lack any connection to these phone numbers is consistent with the fact that Kanner & Pintaluga does not have any documents identifying or referencing Plaintiffs in any respect. *See* Exhibit 2 at nos. 1-5, 8-12.

7

Respectfully submitted,

Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Pro Hac Vice forthcoming)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Ted C. Craig*