IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

|  |  |  |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFFS' EMERGENCY MOTION TO STAY AND/OR QUASH DEPOSITIONS**

TO HONORABLE KEITH ELLISION:

Dismissed Plaintiff Kelly Cook and Plaintiff Esther Kelley-Cook (collectively "Plaintiffs") respectfully move this Court, on an emergency basis, to stay and/or quash the depositions noticed for August 27, 2025, and to quash the subpoena served on Plaintiff Kelly Cook, and in support state as follows:

 **I.    INTRODUCTION AND EMERGENCY NATURE OF RELIEF**

Defendant The Law Offices of Kanner & Pintaluga, P.A. ("K&P") has noticed both Plaintiffs' depositions for August 27, 2025. Plaintiffs have consistently acted in good faith, cooperatively offering dates, agreeing to host the depositions at Plaintiffs' counsel's office, and accommodating defense counsel's schedules.

However, after those dates were set, Defendant filed a Rule 11 motion for sanctions seeking attorneys' fees and costs against Plaintiffs and their counsel. In addition,

1

Plaintiff Kelley-Cook has a pending motion to stay proceedings pending appeal to the Fifth Circuit on the Court's earlier dismissal ruling.

Proceeding with depositions now—while both motions remain undecided—would needlessly and inefficiently escalate costs, risk creating discovery that may later be rendered unnecessary, and contradict Defendant's asserted claim that it is entitled to fee-shifting under Rule 11. For these reasons, Plaintiffs seek an emergency order staying or quashing the August 27 depositions until the Court resolves these threshold matters.

## II.    BACKGROUND

### A. Plaintiffs' cooperation.

Plaintiffs never resisted depositions. In July 2025, Plaintiffs provided dates and confirmed their willingness to appear at counsel's office. The parties exchanged emails confirming this schedule. *See* Exhibit A.

### B. Notices

Defendant noticed Esther Kelley-Cook's deposition for 10:00 a.m. and Kelly Cook's deposition for 1:30 p.m. on August 27, 2025, both at Plaintiffs' counsel's office.  *See* Exhibit B.

### C. Sanctions motion.

On August 20, 2025, Defendant filed a motion for sanctions under Rule 11, seeking attorneys' fees as the sanction [Dkt. 71].

### D. Motion to stay appeal.

Plaintiffs have also moved to stay this case pending appeal of the Court's dismissal ruling to the Fifth Circuit. That motion is pending.

### III.    LEGAL STANDARDS

#### A.  Protective Orders / Quashing Depositions.

Under Fed. R. Civ. P. 26(c), the Court may issue a protective order "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Under Fed. R. Civ. P. 45(d)(3), the Court must quash a subpoena that subjects a person to undue burden. Courts in this Circuit recognize a district court's "broad discretion and inherent power to stay discovery until preliminary matters can be disposed of." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

#### B.  Stays Pending Appeal

Courts apply the traditional stay factors: likelihood of success on appeal, irreparable harm, injury to other parties, and the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) [whether] public interest [favors a stay]."

#### C.  Rule 11 Sanctions Law

Sanctions must be limited to the "least severe sanction adequate to deter." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (en banc). Fee-shifting is allowed only for fees "directly resulting" from the violation. *Jennings v. Joshua ISD*, 948 F.2d 194, 196–99 (5th Cir. 1991); *Topalian v. Ehrman*, 3 F.3d 931, 934–35 (5th Cir. 1993). The Fifth Circuit has repeatedly emphasized that Rule 11 sanctions must be narrowly tailored and cannot be used to justify excess or avoidable fees. *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008).

## IV.    ARGUMENT

### A.  Defendant's sanctions motion underscores its duty to mitigate costs.

Defendant's motion for sanctions seeks an award of attorneys' fees. However, under Fifth Circuit law, any such fees must be "directly resulting" from the alleged Rule 11 violation and must be limited to the amount necessary to deter repetition. *See Jennings v. Joshua Independent School District*, 948 F.2d 194, 196–99 (5th Cir. 1991). Yet Defendant has a plan to incur thousands of dollars in deposition-related fees while simultaneously claiming Plaintiffs filed a frivolous lawsuit—a position that is fundamentally inconsistent with Rule 11's duty to mitigate. A party cannot inflate its alleged damages by incurring unnecessary fees before the Court has ruled on whether the claims were sanctionable in the first place.

Moreover, Defendant appears unwilling to accept the implications of proceeding with depositions while its sanctions motion remains pending. Although Rule 11 prohibits an *attorney* from filing pleadings known to be false at the time of filing, Defendant's counsel has expressly stated an intent to use Plaintiffs' depositions to bolster the sanctions motion. *See* Exhibit C. But this strategy overlooks a critical problem: any attempt to question Plaintiffs about what they told counsel prior to filing is protected by the attorney-client privilege, and any inquiry into counsel's pre-suit investigation is protected by the attorney work product doctrine. Plaintiffs intend to address this in their forthcoming opposition brief to Defendant's Motion for Sanctions (Doc. 72) and will propose submitting relevant materials *in camera* for the Court's review.

Accordingly, because Defendant intends the depositions to be an evidentiary hunting ground to support their Rule 11 Motion for Sanctions, the Court should stay the depositions until such time the Rule 11 Motion is determined. Otherwise, the depositions will be met with objections and privilege assertions. Plaintiffs' Motion should be granted.

**B. The depositions should be stayed to prevent unnecessary expense while threshold motions are pending.**

The Fifth Circuit in *Petrus* upheld a protective order staying discovery until preliminary motions were resolved, reasoning that discovery can be stayed when resolution of a preliminary motion may dispose of the entire case. 833 F.2d at 583. Here, the pending sanctions motion and motion to stay proceedings present threshold issues that could narrow, moot, or entirely halt aspects of the case. Proceeding with depositions before the Court rules risks wasted costs and duplicative effort.

**C. A short postponement creates no prejudice to Defendant and serves judicial efficiency**

Defendant suffers no meaningful prejudice from a brief stay; the depositions can be reset quickly if the Court denies the pending motions. By contrast, Plaintiffs face undue burden if forced to proceed now, only to have the Court later stay the case or limit discovery. The balance of equities favors a temporary stay.

**V.     CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court:

1. Stay and/or quash the August 27, 2025, deposition notices of Esther Kelley-Cook and Kelly Cook;

2. Quash the subpoena issued to Kelly Cook under Rule 45;

3. Enter a protective order providing that Plaintiffs' depositions will be rescheduled, if appropriate, after the Court rules on Defendant's Rule 11 motion and Plaintiffs' motion to stay proceedings pending appeal; and

4. Grant such further relief as justice requires.

Respectfully submitted,


*/s/ Jarrett L. Ellzey*
**EKSM, LLP**
Jarrett L. Ellzey
Texas Bar No. 24040864
jellzey@eksm.com
Tom Kherkher
Texas Bar No. 24113389
tkherkher@eksm.com
Leigh S. Montgomery
Texas Bar No. 24052214
lmontgomery@eksm.com
4200 Montrose, Suite 200
Houston, Texas 77006
Phone: (888) 350-3931
Fax: (888) 276-3455

**ATTORNEYS FOR PLAINTIFFS
AND THOSE SIMILARLY SITUATED**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on the 22nd day of August 2025, I conferred via email on the relief sought herein with Defendant's counsel, Ted Craig.  Mr. Craig indicated in writing that Defendants are opposed to this motion.  Mr. Craig responded affirmatively to the undersigned invitation to confer further via telephone, and he confirmed during the later call that Defendant is opposed to this motion.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on this day, the 22nd day of August 2025.

*/s/ Jarrett L. Ellzey*
Jarrett L. Ellzey