**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § § | |

**DEFENDANT, KANNER & PINTALUGA'S,**
**MOTION FOR SUMMARY FINAL JUDGMENT**

Defendant, The Law Offices of Kanner & Pintaluga, P.A. ("Kanner & Pintaluga"), pursuant to Federal Rule of Civil Procedure 56, respectfully moves for entry of summary final judgment against Plaintiff, Esther Kelley-Cook ("Plaintiff" or "Mrs. Kelley-Cook").

### SUMMARY OF THE ARGUMENT

Plaintiff's barratry claim is premised on alleged solicitation during a phone call made to Plaintiff's cellular phone. The Court should enter summary judgment on Plaintiff's barratry claim for two reasons. The first is the absence of any admissible evidence the caller was a representative of or acting for the benefit of Kanner & Pintaluga. The *only* evidence Plaintiff offers to support she was called by or for the benefit of Kanner & Pintaluga is an alleged statement made by the caller, during the call, that the firm of Kanner & Pintaluga would provide legal representation. Because the statement is inadmissible hearsay that does not qualify as a statement of Kanner & Pintaluga and there otherwise is no evidence connecting the caller to Kanner & Pintaluga, there is

no evidentiary basis for a finding Plaintiff was called by or for the benefit of Kanner & Pintaluga. The Court should enter summary judgment on this basis alone.

Summary judgment is further warranted because Plaintiff testified during her deposition she was not solicited for legal representation during the call. Plaintiff and her husband own the vehicle, but neither Plaintiff nor her husband were involved in the accident alleged in the Complaint. Plaintiff's parents-in-law were using the vehicle. According to Plaintiff, the caller wanted to speak with whoever was involved in the crash for purpose of getting <u>them</u> legal representation, not Plaintiff. Because Plaintiff herself was not solicited, her barratry claim fails.

### NATURE AND STAGE OF THE PROCEEDINGS

On April 24, 2025, Plaintiff and then-plaintiff, Kelly Cook ("Mr. Cook") (collectively, the "Cooks"), filed the operative Second Amended Class Action Complaint (the "Complaint"). *See* Doc. 46. The Complaint asserted three causes of action: (1) barratry under Texas Government Code § 82.0651; (2) civil conspiracy; and (3) a request for injunctive relief to halt the alleged solicitation scheme. *Id.* at ¶¶ 49–65. Kanner & Pintaluga sought dismissal of the Complaint. *See* Doc. 54. On June 9, 2025, Plaintiff and Mr. Cook voluntarily dismissed with prejudice Progressive Casualty Insurance Company as a Defendant in this case. *See* Doc. 64.

On June 16, 2025, following a hearing, the Court granted in part Kanner & Pintaluga's Second Motion to Dismiss. The Court's order: (1) dismissed all claims with prejudice except Mrs. Kelley-Cook's individual barratry claim under Texas Penal Code § 38.12(a) and/or Texas Disciplinary Rule 7.03(b);[1] (2) struck the class action allegations; and (3) denied leave for further amendment. *See* Court's Minute Entry dated June 26, 2025. On July 10, 2025, Plaintiff and Mr.

---

[1] Plaintiff's barratry claim based on all other subsections of Texas Penal Code § 38.12 and Texas Disciplinary Rule 7.03 were dismissed. *See* Court's Minute Entry dated June 26, 2025.

Cook sought reconsideration of dismissal of the class action claims, which was denied by the Court. *See* Doc. 68 and Doc. 69. As a result, only Mrs. Kelley-Cook's barratry claim under Texas Penal Code § 38.12(a) and/or Texas Disciplinary Rule 7.03(b) in Count I remains pending.

## ISSUE TO BE RULED ON AND STANDARD OF REVIEW

The issue to be ruled on is whether there is any admissible evidence that Kanner & Pintaluga solicited Plaintiff in violation of either Texas Penal Code § 38.12(a) or Texas Disciplinary Rule 7.03(b). Summary judgment is appropriately entered where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (U.S. 1986). Concerning the plaintiff's evidentiary burden at the summary judgment phase, the Supreme Court has held:

> [T]he inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict ….

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (U.S. 1986).

STATEMENT OF MATERIAL FACTS

1.      On October 3, 2024, Mr. Cook's parents were driving a vehicle owned by the Plaintiff and her husband Mr. Cook and got into a motor vehicle accident (the "Accident"). *See* Deposition Transcript of Esther Kelley-Cook dated August 27, 2025, attached as Exhibit A, at 13:22-14:3.

2.      Plaintiff was not involved in the Accident. *Id*.

3.      On October 5, 2024, Plaintiff received a phone call from the phone number (786) 371-0905 inquiring about the Accident (the "First Call"). *Id.*, at 12:20–13:9; *see also* Esther Kelley-Cook's Obj. and Resp. to Second Set of Interrog. dated August 14, 2025, attached as Exhibit B, ¶ 7.

4.      Kanner & Pintaluga is not the owner or subscriber of the phone number (786) 371-0905 and is unaware of anyone associated with that phone number.  *See* Declaration of Daniel Jiminez ("K&P Dec.") attached hereto as Exhibit C, ¶8.

5.      Regarding the First Call, Plaintiff testified the caller "said . . . something to the effect of . . . 'I understand you've been in an accident. How are you feeling?'" (Ex. A, Plaintiff's Dep., 13:10–18) and Plaintiff responded, "I wasn't in the accident. Let me have you talk to somebody else." *Id.*, at 13:19–20.

6.      Plaintiff then handed the phone to her husband, Mr. Cook. *Id.*, at 13:10-20.

7.      Other than this brief exchange, there was no other conversation or statements made to Plaintiff during the First Call. *See* Ex. A, Plaintiff's Dep., at 12:20–13:9; 14:21–15:7; 15:13–16; Ex. D, Mr. Cook's Am. Resp. to Interrog., ¶ 4; Ex. B, Plaintiff's Resp. to Second Set of Interrog.,

¶ 5 (Plaintiff verifying she "has no personal knowledge of the statements made during the October 5, 2024 call.").

8.      During the First Call, the caller did not identify themselves or state that they were a representative of Kanner & Pintaluga. *See* Ex. A, Plaintiff's Dep., at 14:6–10; 15:25–16:2; 19:2–6; Ex. B, Plaintiff's Resp. to Second Set of Interrog., ¶¶ 1, 5; *see also* Ex. D, Mr. Cook's Am. Resp. to Interrog., ¶ 4.

9.      On October 22, 2024, Plaintiff received a phone call from the phone number (832) 397-6311 (the "Second Call"). *See* Ex. A, Plaintiff's Dep., at 23:21-25; Ex. B, Plaintiff's Resp. to Second Set of Interrog., ¶ 8.

10.     Kanner & Pintaluga is not the owner or subscriber of the phone number (832) 397-6311 and is unaware of anyone associated with that phone number. *See* Ex. C, K&P Dec., ¶ 10.

11.      The caller during the Second Call identified himself as Noah Rodriguez. *See* Ex. A, Plaintiff's Dep., at 22:5–11; Ex. B, Plaintiff's Resp. to Second Set of Interrog., ¶ 2.

12.     Kanner & Pintaluga does not employ or otherwise have an agency or business relationship with Noah Rodriguez. *See* Ex. C, K&P Dec., ¶ 4.

13.     Kanner & Pintaluga has never made any payments to a person named Noah Rodriguez. *Id.*, ¶ 6.

14.     During the Second Call, Plaintiff advised the caller she was not involved in the Accident but knew who was. *See* Ex. A, Plaintiff's Dep., at 44:19–45:2.

15.     According to Plaintiff, the Second Call caller was interested in having the person(s) who were involved in the accident—not Plaintiff—hire an attorney. *See Id.*, at 44:24–45:6.

16.     When Plaintiff asked the caller during the Second Call to identify the lawyers that might be involved with any legal representation, the caller provided the website for Kanner & Pintaluga. *See Id.*, at 44:9–18.

17.     The caller during the Second Call did not state he was affiliated with or was being paid by any law firm, including Kanner & Pintaluga. *See Id.*, at 26:17–27:9; 43:10–44:18.

18.     Plaintiff and her husband are unaware of the identity or employer of any individual who made calls in connection with the underlying facts of this case, and do not have personal knowledge to support either caller for the First Call or Second Call were associated with Kanner & Pintaluga. Ex. B, Plaintiff's Resp. to Second Set of Interrog., ¶ 1, 3–4 (confirming Plaintiff is "unaware of the true identity of the employer of any individual who made the calls" and does not have personal knowledge the persons who placed the First Call and Second Call were associated with Kanner & Pintaluga).; *see also* Ex. D, Mr. Cook's Am. Resp. to Interrog., ¶¶ 4–7 (establishing he did not "know the identity of the caller(s) or their employer" and does not have personal knowledge the persons who placed the First Call and Second Call were associated with Kanner & Pintaluga).

## MEMORANDUM OF LAW

**I.     Plaintiff's Barratry Claim Requires Proof of Solicitation of Plaintiff By or On Behalf of Kanner & Pintaluga**

Plaintiff may only recover against Kanner & Pintaluga on her barratry claim by proving she was solicited for legal representation by or on behalf of Kanner & Pintaluga. Texas Government Code § 82.0651(c) and (d) allow a person i) "***who was solicited*** by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons" ii) to recover as *against* "***each person who engaged in barratry***." (emphasis added). As a result of the Court's

ruling on Kanner & Pintaluga's motion to dismiss, Plaintiff's barratry claim is constrained to purported violations of Texas Penal Code sections 38.12(a)(2) and/or Texas Disciplinary Rule 7.03(b).

Texas Penal Code section 38.12(a) provides, in relevant part:

(a) A person commits an offense if, with intent to obtain an economic benefit the person: [ . . . ]

> (2) solicits employment, either in person or by telephone, for himself or for another; [ . . . ]

> (4) pays or gives or offers to pay or give a person money or anything of value to solicit employment. [ . . . ]

Tex. Penal Code § 38.12(a)(2), (4). Texas Disciplinary Rule 7.03(b) provides:

(b) A lawyer shall not solicit through in-person contact, or through regulated telephone, social media, or other electronic contact, professional employment from a non-client, unless the target of the solicitation is:

> (1) another lawyer;

> (2) a person who has a family, close personal, or prior business or professional relationship with the lawyer; or

> (3) a person who is known by the lawyer to be an experienced user of the type of legal services involved for business matters.

Tex. Discipl. R. Prof'l Conduct 7.03(b). "A lawyer 'solicits' employment by making a 'solicitation communication,' as that term is defined in Rule 7.01(b)(2)." Tex. Discipl. R. Prof'l Conduct 7.03(a)(2). A "solicitation communication" is:

a communication substantially motivated by pecuniary gain that is made by or on behalf of a lawyer to a specific person who has not sought the lawyer's advice or services, which reasonably can be understood as offering to provide legal services that the lawyer knows or reasonably should know the person needs in a particular matter.

Tex. Discipl. R. Prof'l Conduct 7.01(b)(2). Therefore, to prevail on her barratry claim, Plaintiff must—at a minimum—prove she was solicited by or on behalf of Kanner & Pintaluga. *See Nguyen*

7

*v. Watts*, 605 S.W.3d 761, 777 (Tex. 1st Dist. 2020) (concluding subsection 82.0651(c) requires the plaintiff to have been "solicited").

## II.    There is No Admissible Evidence Plaintiff Was Solicited By or On Behalf of Kanner & Pintaluga

### A.    There is No Admissible Evidence the Second Call was Made by or On Behalf of Kanner & Pintaluga

As Plaintiff's deposition testimony demonstrates, the only communications Plaintiff had relevant to her claim occurred during the Second Call. She did not have any substantive communications during the First Call. Only her husband Mr. Cook spoke with the caller during the First Call. He is no longer a Plaintiff in this matter.

Concerning the Second Call, Plaintiff is unable to offer any evidence the caller was affiliated with Kanner & Pintaluga other than Plaintiff's testimony the caller purportedly stated the lawyers who would provide representation to the person(s) involved in the Accident were associated with Kanner & Pintaluga. This statement is inadmissible hearsay that the Court may not consider at the summary judgment phase. "Hearsay evidence inadmissible at trial cannot be used to create a genuine issue of material fact to avoid summary judgment." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 692 (5th Cir. 2011) (citing *Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976)). In *Miller v. Gaston*, the Fifth Circuit explained, on summary judgment, courts may only consider evidence that is admissible at trial; hearsay or other inadmissible information cannot create a genuine issue of material fact, and allowing the case to proceed on such evidence would serve no purpose. 358 Fed. Appx. 573, 575 (5th Cir. 2009) (citing *Duplantis v. Shell Offshore, Inc.* 948 F.2d 187, 192 (5th Cir. 1991)).

To be certain, the caller's statement during the Second Call is not admissible as an opposing party statement pursuant to Federal Rule of Evidence 801(d)(2) because Plaintiff cannot muster any independent evidence the declarant met any of the Rule's criteria for admission. Specifically,

8

Plaintiff is unable to present any evidence the declarant was either a representative, agent, or employee of Kanner & Pintaluga or was otherwise authorized by Kanner & Pintaluga to speak on its behalf. Rule 801(d)(2) expressly provides that a purported statement of a party opponent "does not by itself establish the declarant's authority under (C); [or] the existence or scope of the relationship under (D)." Thus, Plaintiff cannot rely on the purported statement itself to establish the Rule 801(d)(2) criteria for admissibility. *See U.S. v. Richards*, 204 F.3d 177, 202 (5th Cir. 2000); *U.S. v. Cotton*, 535 U.S. 625, 629 (2002). Because the record is devoid of admissible evidence establishing any affiliation between the caller and Kanner & Pintaluga, the Court should grant summary judgment in favor of Kanner & Pintaluga and against Plaintiff.

### B.    Plaintiff Was Not Solicited

Even if the inadmissible hearsay is considered—which it should not be—it is undisputed Plaintiff was never solicited. Plaintiff testified that, during the First Call, she had a brief exchange with the caller before handing the phone to Mr. Cook. During that exchange, the caller did not offer Plaintiff any legal services. Plaintiff also concedes the caller did not offer her legal services during the Second Call, either. Rather, Plaintiff testified that, after she advised the caller she was not involved in the Accident, the caller tried to identify the person(s) involved in the Accident to offer them legal services.

As noted in *Nguyen*, "[s]ubsection 82.0651(c) requires, not only a violation of the specific Penal Code or Disciplinary Rule provisions, it also requires the plaintiff to have been 'solicited by' the prohibited conduct." *Nguyen*, 605 S.W.3d at 777. While the Texas civil barratry statute does not define "solicit," "the term is typically given its ordinary meaning." *Id.* (citing *State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180 (Tex. 2013)). The *Nguyen* Court considered various dictionary definitions of the term "solicit," the statutory context in which it appears, and the ordinary meaning assigned by the legal profession, and concluded the phrase "solicited by" in

subsection 82.0651(c) "should be construed to mean a person has experienced a prohibited communication directed toward him or her ***as a prospective client*** by or on behalf of an attorney in an effort to gain employment." *Id*. at 779 (emphasis added). Here, Plaintiff admits the caller on the Second Call was not communicating with Plaintiff "as a prospective client," but was seeking to identify the person(s) involved in the Accident to offer them, not Plaintiff, legal services. Accordingly, because Plaintiff was not solicited, there is a second basis for the Court to enter summary judgment in favor of Kanner & Pintaluga and against Plaintiff.

### CONCLUSION

The absence of admissible evidence Plaintiff was either i) called by or on behalf of Kanner & Pintaluga or ii) solicited by anyone warrants the entry of summary judgment in favor of Kanner & Pintaluga and against Plaintiff.

Respectfully submitted,


*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Pro Hac Vice forthcoming)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com


By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com


**BECK REDDEN LLP**

By: /s/ Alex B. Roberts
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

11

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Ted. C. Craig*