**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § | |
| *Defendants*. | § § | |

**DEFENDANT, THE LAW OFFICES OF KANNER & PINTALUGA, P.A.'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION FOR CONTINUANCE**

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

Of Counsel:

**GRAYROBINSON, P.A.**

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: */s/ Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

## I.   NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF THE ISSUE TO BE DECIDED

The Court should deny Plaintiff's request for a continuance because her motion fails to establish a plausible basis for the Court to find that additional discovery will reveal specific facts which would create a genuine issue of material fact, precluding the entry of summary judgment. Kanner & Pintaluga's motion for summary judgment is premised on the lack of admissible evidence of two primary elements Plaintiff must prove: i) the call was made by or on behalf of Kanner & Pintaluga and ii) the caller solicited Plaintiff for legal representation. To substantiate her barratry claim, Plaintiff must provide evidence supporting both these elements.

A continuance to permit discovery concerning the second element—whether Plaintiff was solicited during the call at issue—is unwarranted because of Plaintiff's deposition testimony. She testified she was <u>not</u> solicited during the call. Plaintiff does not articulate how additional discovery from Kanner & Pintaluga or any other source would create a factual conflict with her own testimony. To be certain, Plaintiff's factual admission she was not solicited can result in only one outcome: the entry of summary judgment on her barratry claim.

Concerning the other element of her claim—whether the caller was affiliated with Kanner & Pintaluga—it is puzzling Plaintiff seeks a continuance when she asserts in her motion she already "has evidence tying Defendant to the caller." Doc. 87, at p. 9. If Plaintiff possesses evidence creating an issue of fact on this point, a continuance is unnecessary. Further, Plaintiff's arguments for an unlimited continuance until she has deposed unidentified representatives of Kanner & Pintaluga does not satisfy the requirements of Rule 56(d). She does not identify who these witnesses are or what they will say in deposition to create a fact issue.

The Court should otherwise deny the requested continuance because Plaintiff does not demonstrate, as she must, that she lacks evidence supporting the elements of her claim despite having diligently pursued discovery in this matter. Plaintiff has not engaged in any discovery in

1

this case for over six months. Due to her lack of diligence, Plaintiff leans into a generic argument that Kanner & Pintaluga has obstructed Plaintiff from conducting discovery. Her only support for this argument is a reference to objections to written discovery Kanner & Pintaluga served *over six months ago*. Plaintiff has not taken any action whatsoever regarding these objections or otherwise conducted any discovery since receiving these responses, evidencing an unquestionable lack of diligence in gathering evidence to support her claim.

Notably, Plaintiff's motion for continuance is the first instance in which Plaintiff has given Kanner & Pintaluga notice of any grievances concerning these discovery objections. A Rule 56(d) motion is not a motion to compel, especially where, as here, the moving party made no effort to meet and confer regarding the referenced discovery issues before filing the motion. Regardless, contrary to Plaintiff's contention concerning the status of discovery in this matter, Kanner & Pintaluga's discovery responses do address whether Plaintiff was called by or on behalf of Kanner & Pintaluga. These verified responses demonstrate she was not.

For these reasons, the Court should deny Plaintiff's Rule 56(d) motion and set a date for Plaintiff to respond to the motion for summary judgment.

## II.     ARGUMENT

### A.     Legal Standard

"Rule 56(d) allows a court to deny a summary judgment motion and extend discovery if the party opposing summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 815-16 (5th Cir. 2017). The party filing the Rule 56(d) motion "'must demonstrate how additional discovery will create a genuine issue of material fact.'" *Id.* (quoting *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016)). "In particular, the party opposing summary judgment must set forth a plausible basis for believing that specified facts,

2

susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Jacked Up*, 854 F.3d at 816 (quoting *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)) (internal quotations omitted); *see also Beattie v. Madison Cnty. School Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (Party filing a Rule 56(d) motion "must show (1) why she needs additional discovery and (2) how that discovery will create a genuine issue of material fact.").

Additionally, the party opposing summary judgment "must also have 'diligently pursued discovery.'" *Jacked Up*, 854 F.3d at 816 (quoting *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014)). That the discovery cutoff in this case is in April 2026 "does not by itself defeat summary judgment or support granting a motion under 56(d)." *See St. Bernard Parish v. Lafarge North America*, 550 F. App'x 184, 187 (5th Cir. 2013) (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994)). Finally, the Court's denial of a Rule 56(d) motion for continuance is reviewed for abuse of discretion. *See Biles*, 714 F.3d at 894.

**B.     Depositions of Defendant Will Not Create a Genuine Issue of Material Fact to Preclude Summary Judgment**

"Discovery is not a prerequisite to the disposition of a motion for summary judgment." *Williams v. Bexar Cnty.*, No. 22-50289, 2024 WL 3326082, at *4 (5th Cir. 2024) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). Rather, discovery may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the Plaintiff to oppose a motion for summary judgment. *Id.* That is exactly the case here. Kanner & Pintaluga has requested summary judgment based on the lack of evidence supporting the two core elements of Plaintiff's claim. Plaintiff's barratry claim is based on one phone call. Plaintiff must prove: i) the phone call was made by or on behalf of Kanner & Pintaluga and ii) the caller

3

solicited Plaintiff for legal representation. There is no admissible evidence supporting either of these elements and no further discovery will lead to any such evidence.

### 1.    It is Undisputed Plaintiff Was Not Solicited, and No Additional Discovery Will Create a Factual Dispute

Concerning the second element of her claim—whether Plaintiff was solicited during the call—her own testimony is dispositive of her barratry claim. Plaintiff testified the third-party caller did not solicit her. *See* Doc. 86, at pp. 5, 9-10. Plaintiff stated the caller was interested in having the person(s) involved in the accident—not Plaintiff—hire an attorney. *Id.*, at p. 5, ¶ 15. Therefore, no amount of additional discovery will provide evidence creating a genuine issue of material fact on this issue, and the Court may grant summary judgment on this basis alone. *See Raby v. Livingston*, 600 F.3d 552, 561-62 (5th Cir. 2010). ("If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.").

Tellingly, Plaintiff does not identify the evidence she intends to obtain through discovery to contradict her own testimony that she was not solicited. *See* Doc. 87, at pp. 8-9. Instead, Plaintiff argues she "expects to obtain testimony regarding the **intent** behind the solicitation call." *Id.*, at p. 9 (emphasis added); *see also* Doc. 87-1, at ¶ 11 ("A deposition of Defendant will reveal Defendant's **intent** to solicit through an agent acting for its benefit, which is far more significant to determining liability for solicitation than whether that solicitation reached the victim for which it was intended.") (emphasis added). Plaintiff does not and cannot cite any authority to suggest that an **intent** to solicit is sufficient to sustain a claim for barratry. As a matter of Texas law, to prevail on her barratry claim, Plaintiff must prove she was solicited. *See Nguyen v. Watts*, 605 S.W.3d 761, 777 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (concluding subsection 82.0651(c) requires the plaintiff to have been "solicited"). She admits she was not. For this reason alone, the Court should deny Plaintiff's Rule 56(d) motion.

4

### 2.    A Continuance is Not Warranted Concerning the Issue of Whether the Caller Was Affiliated with Kanner & Pintaluga

Kanner & Pintaluga also seeks summary judgment due to the lack of admissible evidence the caller was an agent of or calling on behalf of Kanner & Pintaluga. *See* Doc. 86, pp 8-9. Plaintiff agrees she must prove an affiliation between the caller and Defendant to prove her barratry claim. *See* Doc. 87-1, at ¶ 8 (Ellzey declaration stating: "Thus, to create a genuine issue of material fact, Plaintiff needs to provide evidence that the call she received was made for the benefit of and on behalf of Defendant."). Plaintiff's arguments for a continuance to engage in additional discovery concerning this element of her claim are contradictory and unavailing.

On the one hand, Plaintiff argues "Defendant is aware that Plaintiff has evidence tying Defendant to the caller . . . ." Doc. 87, at p. 9.[1] Contrary to Plaintiff's assertion, Kanner & Pintaluga is not aware of any such evidence. Plaintiff has neither produced any such evidence in response to discovery[2], submitted any privilege log indicating that such evidence exists but was withheld from production, nor otherwise disclosed its existence under Federal Rule of Civil Procedure 26(a).[3] Irrespective of Plaintiff's calculated nondisclosure of this evidence, based on her affirmative

---

[1] Perhaps Plaintiff is referring to the privileged materials she sought to submit for *in camera* review. *See* Doc. 78. If that is the case, Plaintiff intends to use the privilege as a shield and a sword. *See* Doc. 80.

[2] As part of its investigation of Plaintiff's claims, Kanner & Pintaluga repeatedly requested that Plaintiff and then-Plaintiff Mr. Cook provide the basis for their contention that Kanner & Pintaluga was responsible for the phone calls alleged in the Complaint. *See* Doc. 80-1, Kelley Cook's Supplemental Objections and Amended Responses to Interrogatories dated May 27, 2025, at nos. 13 and 14; Doc. 80-2, Kelly-Cook's Objections and Responses to Second Set of Interrogatories dated August 14, 2025, at nos. 9-10. Rather than provide this information, Plaintiff and Mr. Cook withheld this information based on claimed work product protection. Additionally, during Plaintiff's and Mr. Cook's depositions, their counsel instructed them not to provide similar information based on claims of privilege. *See* Doc. 80-4 Deposition Transcript of Esther Kelley-Cook dated August 27, 2025, at 32:23-33:10; 36:19-38:2; 45:14-46:1; *see also* Doc. 80-5, Deposition Transcript of Kelly Cook dated August 27, 2025, at 15:13-22; 17:1-8; 20:1-17; 27:12-22; 28:11-29:1.

[3] To the extent Plaintiff's failure to disclose documents she has in her possession, custody or control violates Federal Rule of Civil Procedure 26(a), Kanner & Pintaluga will seek relief under Rule 37(c)(1) to preclude Plaintiff from using the evidence to oppose summary judgment.

representation that she possesses evidence showing an affiliation between the caller and Kanner & Pintaluga, there is no basis for a continuance pursuant to Rule 56(d). In other words, according to Plaintiff, she already has such evidence, so no continuance is necessary.

One the other hand, Plaintiff's counsel attests he intends "to present Defendant with evidence showing a connection between the solicitation call and Defendant . . . [a] key piece of evidence, **which lies entirely in Defendant's hands** . . . ." Doc. 87-1, at ¶ 10 (emphasis added). Counsel does not identify what that evidence is. First and foremost, there is no such evidence in Kanner & Pintaluga's "hands," as has been made repeatedly clear through Kanner & Pintaluga's discovery responses. Specifically, Kanner & Pintaluga has responded that the following categories of documents **do not exist**:

- documents or communications related to any contact Kanner & Pintaluga or anyone on its behalf had with Plaintiffs;

- any written agreements signed by Plaintiffs;

- any solicitation, advertisement or marketing material sent to Plaintiffs;

- any documents that contain either Plaintiff's name or contact information;

- any documents containing the telephone numbers used to call the Plaintiff;

- any documents containing the names Noah Rodriguez, Owen Forbes, Bruno Diaz or Bruno Ortiz;

- any internal documents related to how Plaintiffs' information was obtained;

- any financial records reflecting any compensation provided to any person or entity in connection with the purported solicitation of Plaintiffs;

- any written communications discussing the recruitment or solicitation of potential clients with any lead generator company;

- any communications with Accident Solutions, Inc., Texas Health Group, 10X Law Firm, or DTL Law Firm;

- any written communications with Osveldo Toledo and/or any company owned by Osveldo Toledo;

6

- contracts with Accident Solutions, Inc., Texas Health Group, 10 X Law Firm, or DTL Law Firm;

- contracts with Progressive Insurance;

- any scripts, text messages or emails used in mass solicitations campaigns in Texas;

- bank records reflecting payments related to client solicitation or referrals, including specifically to Accident Solutions, Inc., Texas Health Group, 10 X Law Firm, and DTL Law Firm;

- internal spreadsheets or other reports tracking referrals or new client acquisitions from Accidents Solutions, Inc.; and

- any communications with other lawyers, law firms or business regarding the solicitation of clients in Texas.

*See* Doc. 87-3, Kanner & Pintaluga's Responses to Request for Production, at nos. 1-12, 15-16, 18, 26-28, 46-47, 50-53.

Additionally, in response to Plaintiff's Interrogatories, Kanner & Pintaluga verified it: (1) is unaware of any persons who participated in or had knowledge of any solicitation of Plaintiffs; (2) has not negotiated or entered into any agreements or contracts with Accident Solutions, Inc.; (3) only became aware of Plaintiff and the underlying accident when it received the complaint in this lawsuit; (4) is unaware of any persons who either contacted or attempted to contact the Plaintiffs or communicated with the Plaintiffs regarding legal representation on its behalf; and (5) is unaware of any offers of monies, gifts or discounts on services, or compensation made to Plaintiffs on its behalf. *See* Doc. 87-2, Kanner & Pintaluga's answers to First Set of Interrogatories, at nos. 1, 3-7, and 10.[4]

---

[4] Plaintiff focuses on Kanner & Pintaluga's objections to interrogatories nos. 2, 8, 9, 10, and 14. *See* Doc. 87, at pp. 3-4. Those objections are in response to Plaintiff's overly broad and irrelevant interrogatories that seek information that goes beyond the claims raised and has no geographical or time limitations to make it proportional to the needs of this case. Again, Plaintiff has not sought so much as a conference to discuss these responses nor filed a motion to challenge these objections.

Plaintiff also argues she "expects to obtain testimony and documents showing (1) the Defendant used third-party lead generation vendors or lead generating referrals, including but not limited to Accident Solutions, Inc. to obtain potential clients in Texas; (2) the lead generation vendors or referral sources made outbound calls on behalf of the Defendant related to motor vehicle accidents; (3) that the phone numbers or personnel involved in those solicitations are the same as those that contacted Plaintiff." Doc. 87, at p. 8. However, Kanner & Pintaluga's discovery responses evidence that it has no documents or communications related to contacting or soliciting the Plaintiff, any documents containing Plaintiff's name or contact information, or any communications or contracts with Accident Solutions, Inc. Plaintiff's sworn interrogatory answers also establish Kanner & Pintaluga is unaware of any person who participated in or had any knowledge of any solicitation of the Plaintiff and only became aware of the Plaintiff after receiving the complaint in this lawsuit. Given these discovery responses, Plaintiff is left with the hopeful contention that Kanner & Pintaluga will somehow provide different answers to these same questions during depositions. Wishful thinking does not satisfy Rule 56(d). Simply put, the additional discovery Plaintiff claims she needs has already been provided and she does not otherwise set forth "a plausible basis for believing that specified facts, susceptible of collection with a reasonable time frame, probably exist . . . ." *Jacked Up*, 854 F.3d at 816.

### C.    Plaintiff Has Not Diligently Pursued Discovery

Without providing any meaningful support, Plaintiff blithely states she "has diligently engaged in discovery." Doc. 87, at pp. 9-10. A review of Plaintiff's discovery efforts belies this claim. Plaintiff and then-plaintiff, Mr. Kelly Cook, filed their initial Class Action Complaint on November 11, 2024. *See* Doc. 1. It was not until five months later, on April 11, 2025, Plaintiffs served their Requests for Production and First Sets of Interrogatories on Kanner & Pintaluga and, then-defendant Progressive Casualty Insurance Company. On May 19, 2025. Kanner & Pintaluga

served its responses and objections to Plaintiffs' First Request for Production and First Set of Interrogatories. In the six months following receipt of Kanner & Pintaluga's objections to Plaintiff's discovery, Plaintiff has never sought to meet and confer about the objections raised or otherwise indicated to Kanner & Pintaluga's counsel that it took issue with the objections. It was not until the filing of the instant Rule 56(d) motion that the undersigned received notice Plaintiff was displeased with its objections. In *Jacked Up*, the Fifth Circuit found that the trial court did not abuse its discretion in denying the Rule 56(d) motion for a continuance where the plaintiff there did not move to compel production of documents until after a summary judgment motion was filed. *See Jacked Up*, 854 F.3d at 816. Here, Plaintiff has not filed a motion to compel because she never addressed the objections with defense counsel, a necessary perquisite.

Concerning nonparty discovery, on April 11, 2025, Plaintiff subpoenaed Accident Solutions, Inc. The parties disagreed as to the scope of the subpoena. *See* Doc. 49, 53, 57. Ultimately, on May 22, 2025, the Court granted, in part, Kanner & Pintaluga's Motion for Protective Order and limited the scope of the subpoena to Accident Solutions, Inc. Over six months have passed since Plaintiff ostensibly subpoenaed records from Accident Solutions, Inc. Presumably, since Plaintiff has not provided Kanner & Pintaluga with documents produced by the subpoenaed third party, Accident Solutions, Inc. has not compiled with the subpoena. Yet, to date, Plaintiff has not filed a motion to hold Accident Solutions, Inc. in contempt for its failure to comply with the subpoena.

Finally, Plaintiff repeatedly represents that on November 13, 2025, she noticed Defendant's deposition. *See* Doc. 87, at pp. 1, 5, and 9; *see also* Doc. 87-1, at ¶ 7. She did not. Rather, over one year after she filed her initial complaint, Plaintiff for the first time sought to schedule a Rule 30(b)(6) deposition and provided a list of topics. *See* **Exhibit A**. A call to discuss the deposition and proposed topics was scheduled for November 21, 2025, but was unilaterally

9

cancelled by Plaintiff's counsel. In *Beattie*, the Fifth Circuit found the plaintiff there was not diligent where she "had several months, from the time she sued, to depose [the defendants]." *Beattie*, 254 F.3d at 606 (explaining that a party who fails to engage in discovery does so at his or her own risk). Further, Plaintiff suggests there are other fact witnesses she intends to depose (Doc. 87-1, at ¶ 9); however, the depositions of those unidentified "other fact witnesses" have not been noticed. To the extent Plaintiff refrained from engaging in discovery until now, she did so at her own peril. *See Beattie*, 254 F.3d at 606.

Contrary to Plaintiff's assertion, the record is clear there have been no "repeated efforts to secure discovery." Doc. 87, p. 7. Indeed, Plaintiff has not yet moved to compel discovery even though she complains of the objections raised by Kanner & Pintaluga in response to discovery. As the Fifth Circuit noted in *Lillie v. Office of Financial Institutions State of Louisiana*, 997 F.3d 577, 587 (5th Cir. 2021), "the Federal Rules of Civil Procedure place the onus on the discovery-seeker to invoke the judicial process. Rule 37 provides that a party may obtain a court order compelling discovery that it has not been able to obtain through cooperation with the other side." *Id*. Like the plaintiffs in *Lillie*, Plaintiff here has not sought to compel discovery and, thus, "has no right to a judicial rescue." *Id.* (collecting cases where parties were not diligent, including situations where parties had not moved to compel the requested documents and had waited until summary judgment to seek judicial intervention). Because Plaintiff has not diligently engaged in discovery, she is not entitled to relief under Rule 56(d).

## III.    CONCLUSION

The Court should deny Plaintiff's Rule 56(d) Motion for Continuance [Doc. 87] and reset briefing deadlines on Kanner & Pintaluga's Motion for Summary Judgment [Doc. 86].

10

Respectfully submitted,

**GRAYROBINSON, P.A.**

By: */s/ Ted C. Craig*
Ted C. Craig (Admitted Pro Hac Vice)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Ted.craig@gray-robinson.com

*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

Of Counsel:
**GRAYROBINSON, P.A.**

By: */s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: /s/ *Alex B. Roberts*
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

11

Case No. 4:24-cv-4423

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8th, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Ted C. Craig*