**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLY COOK and ESTHER KELLEY-COOK, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:24-cv-4423 |
| vs. | § § | JURY TRIAL DEMANDED |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, a Delaware Corporation, and THE LAW OFFICES OF KANNER & PINTALUGA, P.A., a Florida Profit Corporation, | § § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT, KANNER & PINTALUGA'S, PARTIAL REPLY**
**IN SUPPORT OF MOTION FOR SUMMARY FINAL JUDGMENT**
**CONCERNING PLAINTIFF'S LACK OF STATUTORY STANDING**

Defendant, The Law Offices of Kanner & Pintaluga, P.A. ("Kanner & Pintaluga"), pursuant to Federal Rule of Civil Procedure 56, files its reply in support of entry of summary final judgment against Plaintiff, Esther Kelley-Cook ("Plaintiff" or "Mrs. Kelley-Cook") for lack of statutory standing to assert a claim under Texas Government Code § 82.0651(c).

**INTRODUCTION**

The question before the Court is whether Texas Government Code section 82.0651(c) provides a private cause of action to a person who was a participant in an alleged solicitation communication but was not the prospective client being solicited. The answer is "no." Section 82.0651(c) authorizes suit only by "[a] person who was solicited by conduct violating" Texas's criminal barratry statute or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct "but who did not enter into a contract as a result of that conduct . . . ." Tex. Gov't Code § 82.0651(c).

Texas appellate courts have held that to maintain a civil barratry claim, the plaintiff must have been the prospective client with whom the soliciting party wanted to contract. As Plaintiff admitted during her deposition, she was not the prospective client. According to Plaintiff, the alleged caller was attempting to solicit her parents-in-law, who were the prospective clients.

Rather than engage with the statute's text, Plaintiff attempts to reframe the inquiry several ways that obscure the threshold question of statutory standing. She asserts, for example, that the relevant issue is whether she may pursue a barratry claim despite not being involved in the underlying accident. *See e.g.*, Doc. 94, at p. 1 (stating the issue is whether Plaintiff has standing to pursue a barratry claim *if she was not involved in the accident*). Elsewhere, she contends that she need not have been the intended target of the solicitation. *Id.*, at p. 9 (arguing she did not have to be the *intended target of the solicitation*). She also conflates statutory standing with Article III standing—distinct doctrines governed by different standards. *Id.*, at 9. None of these arguments alters the fundamental impediment to Plaintiff's claim: the undisputed fact she was not solicited as the prospective client. For this reason alone, the Court should enter summary judgment in favor of Kanner & Pintaluga and against Plaintiff.

**MEMORANDUM OF LAW**

## I. The Question Presented Concerns Statutory Standing Under Subsection 82.0651(c), Not Article III Standing

The Fifth Circuit applies a two-track analysis when evaluating standing in cases involving statutes with private rights of action. *See Ecosystem Investment Partners v. Crosby Dredging, L.L.C.*, 729 F. App'x 287 (5th Cir. 2018); *see also Lee v. Verizon Communications, Inc.*, 837 F.3d 523, 546 (5th Cir. 2016) ("Article III standing is distinct from statutory standing . . . ."). Courts

must first examine Article III standing as a threshold jurisdictional requirement,[1] then separately analyze whether the plaintiff has statutory standing under the statute at issue. *See Ecosystem Investment*, 729 F. App'x at 291 (concluding the plaintiff had Article III standing but no statutory standing—that is, it lacks a 'legislatively conferred cause of action'"). Statutory standing determines whether Plaintiff has a cause of action under the statute. That question requires the Court "to determine the meaning of the . . . enacted provision creating a cause of action." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). As noted by the Supreme Court in *Lexmark*, the Court must "apply traditional principles of statutory interpretation. [It should not] ask whether in [its] judgment [the Texas legislature] should have authorized [Plaintiff's] suit, but whether [the Texas legislature] in fact did so." *Id*. Therefore, the question here is whether Plaintiff has standing to assert a claim under section 82.0651(c)—not whether Plaintiff has Article III standing. Pursuant to the plain wording of the statute, she does not.

## II.     Plaintiff Lacks Statutory Standing to Assert a Civil Barratry Claim Because She Was Not the Prospective Client

"When interpreting statutory language, words are given their ordinary, plain meanings, and language must be enforced unless ambiguous." *United States v. Limon*, 159 F.4th 327, 334–35 (5th Cir. 2025) (citing *United States v. Moore*, 71 F.4th 392, 395 (5th Cir. 2023), *cert. denied*, —— U.S. ——, 144 S. Ct. 551, 217 L.Ed.2d 294 (2024)). Still, "text should never be divorced from context," which "can mean both the immediate clause and the broader context of the statute as a whole." *Id*. From there, "[s]tatutory history ... can also provide helpful context," and, "[i]f applicable, canons of construction can be used to resolve remaining ambiguity." *Id.* (citations omitted).

---

[1] Plaintiff argues she has Article III standing. *See* Doc. 94, at pp. at 9-10. Kanner & Pintaluga does not dispute Plaintiff has Article III standing. Rather, Kanner & Pintaluga contends Plaintiff lacks statutory standing.

The private right of action for barratry provided in section 82.0651(c) is plainly limited to a person who has been "solicited by conduct violating" specified sections in the Texas Penal Code or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct "but who did not enter into a contract as a result of that conduct." Tex. Gov't Code § 82.0651(c). Texas appellate courts have interpreted the statutory language to mean the person was "solicited by" the prohibited conduct "**as a prospective client**." *See Nguyen v. Watts*, 605 S.W.3d 761, 779 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (holding that subsection 82.0651(c) "should be construed to mean a person has experienced a prohibited communication directed toward him or her **as a prospective client** by or on behalf of an attorney in an effort to gain employment") (emphasis added); *Reyes v. Mukerji Law Firm*, No. 01-22-00430-CV, 2024 WL 371102, at *5 (Tex. App.—Houston [1st Dist.] Feb. 1, 2024, no pet.) (construing subsection 82.0651(c) to require proof that the claimant "experienced a prohibited communication directed toward . . . her as a **prospective client**") (emphasis added); *Gauthia v. Arnold & Itkin, L.L.P.*, No. 01-19-00143-CV, 2020 WL 5552458, at *7 (Tex. App.—Houston [1st Dist.] Sept. 17, 2020, no pet.) ("Solicitation occurs at the moment the purported case runner communicates in person with a **prospective client** about legal representation for an existing legal problem.") (emphasis added).

In *Nguyen*, the plaintiffs based their civil barratry claims on the unauthorized filing of presentment forms falsely claiming they were represented by counsel and entitled to settlement proceeds. *See Nguyen,* 605 S.W.3d at 776.[2] On appeal, the plaintiffs argued the unauthorized filing

---

[2] When the state's highest court has not addressed the specific statutory interpretation issue, federal courts must interpret the statute "in a manner consistent with the method that would be employed by that state's highest court." *Matter of Amberson*, 54 F.4th 240, 249 (5th Cir. 2022). In such cases, federal courts look to intermediate appellate court decisions for guidance, unless other persuasive data indicates the state supreme court would decide otherwise. *See Stem v. Gomez*, 813 F.3d 205, 213 (5th Cir. 2016).

constituted "actionable conduct" in violation of section 38.12(a) and proved they were solicited by the prohibited conduct. *Id.* The *Nguyen* Court disagreed with appellants' broad interpretation of subsection 82.0651(c) because it improperly conflated the phrase "solicited by" with the phrase "any conduct violating Texas Penal Code § 38.12(a)." The *Nguyen* Court held "a private right of action [for barratry] requires the claimant [be] solicited by the violative conduct" in an effort to gain business. *Id.* at 778–79. Specifically, section 82.0651(c) "should be construed to mean [that] a person has experienced a prohibited communication directed toward him or her **as a prospective client** by or on behalf of an attorney in an effort to gain employment." *Id.* at 779 (emphasis added). The *Nguyen* Court's interpretation of section 82.0651(c) is consistent with the legislative purpose expressly stated in section 82.0651(e): "**to protect those in need of legal services** against unethical, unlawful solicitation . . . ."

Plaintiff attempts to avoid summary judgment by conflating a claim for civil liability under section 82.0651(c) with a violation of the Texas criminal barratry statute. To this end, Plaintiff notes there is criminal culpability for "soliciting employment," which means "to communicate in person or by telephone with a prospective client or a member of the prospective client's family concerning professional employment . . . for the purpose of providing professional services to the prospective client . . . ." Tex. Penal Code § 38.01(11).[3] Plaintiff contends she has standing to sue under section 82.0651(c) because she is a "family member" of the prospective clients: her parents-in-law. Her argument incorrectly conflates a violation of the criminal barratry statue with standing to assert a civil barratry claim. The plain language of section 82.0651(c) belies that a family

---

[3] Plaintiff relies on the *Nguyen* Court's use of the definition of "solicit employment" in Texas Penal Code section 38.01 as conclusive that the definition must apply. However, the *Nguyen* Court noted that the definitions given in the Texas Penal Code "may supply insight into the meaning that the legislature intended." *Nguyen*, 605 S.W. 3d at 778. The statutory definition in the criminal statutory framework cannot override the plain text of section 82.0651.

member of a prospective client may sue over an attempt to solicit the prospective client through a communication with that family member. Even if a criminal violation of section 38.01(11) occurred as a result of the phone call with Plaintiff, Plaintiff lacks standing because she cannot satisfy the additional element required for standing to assert a civil claim. She admittedly was not the prospective client the alleged caller solicited.

Moreover, Plaintiff's interpretation is at odds with the implied right of action canon which requires courts to distinguish between the conduct a statute prohibits and whether—in this case— the Texas legislature intended to create private enforcement mechanisms for such conduct. *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1051 (5th Cir. 1982). As noted by the Fifth Circuit:

> What conduct a statute forbids, however, is analytically separable from whether Congress enacted the statute for the special benefit of a particular class. Introducing the question of a violation into the private-right-of-action analysis poses a danger that a court will lapse back into the common law presumption that a violation alone implies a private right of action.

*Id.*, at 1051, n.3; *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals."). In *Diefenthal*, the Fifth Circuit found that when "Congress has established a detailed enforcement scheme, which expressly provides a private right of action for violations of specific provisions, that is a strong indication that Congress did not intend to provide private litigants with a means of redressing violations of other sections of the Act." *Diefenthal*, 681 F.2d at 1049. Plaintiff's approach subsumes the question of whom may bring a claim for civil barratry into the question of whether the conduct constitutes a violation of the criminal barratry statute—an approach the Fifth Circuit cautions against and does not endorse. *See Diefenthal*, at 1051, n.3.

Plaintiff's interpretation also violates the surplusage canon of statutory interpretation. *See United States v. Palomares*, 52 F.4th 640, 644 (5th Cir. 2022) ("The canon against surplusage is the interpretive principal that courts prefer interpretations that give independent legal effect to every word and clause in a statute."). The phrase "who did not enter into a contract as a result of that conduct" in section 82.0651(c) is naturally read to refer to a prospective client who could have entered into a contract for services but did not. A comparison of section 82.0651(a) with section 82.0651(c) confirms this reading. Section 82.0651(a) provides a civil remedy to a "client who enters into a contract" "procured as a result of conduct violating" the criminal barratry statute and/or the rules of professional responsibility. Section 82.0651(c) affords a civil remedy to "a person who was solicited by" violative conduct "but who did not enter into a contract." The former provision confers standing on a client that was successfully solicited; the latter provision confers standing on a prospective client that was not. Plaintiff's proposed interpretation of the text of section 82.0651(c) to include "a member of the prospective client's family," renders the phrase "who did not enter into a contract as a result of that conduct" meaningless and of no effect.

The *Nguyen* Court affirmatively rejected this approach with respect to the phrase "solicited by" in section 82.0651(c):

> Had it intended for a plaintiff to recover under Subsection 82.0651(c) by showing only a violation of the relevant Penal Code or Disciplinary Rule provisions, the legislature could have made violations of those provisions coextensive with a right of private action without requiring the plaintiff to be "solicited by" the violation. Instead, the legislature requires plaintiffs to be "solicited by" the violative conduct as a qualifying element of recovery. *See* Tex. Gov't Code § 82.0651(c). If we adopt Appellants' reading of Subsection 82.0651(c), we would not be giving effect to every word in the statute and would be rendering the phrase "solicited by" surplusage. *See Shumake*, 199 S.W.3d at 287. This would be counter to the presumption that we must ensure that every word and clause in a statute has a purpose. *See Axberg*, 572 S.W.3d at 260.

7

*Nguyen*, 605 S.W.3d at 777. An adoption of Plaintiff's interpretation of section 82.0651(c) would similarly not give any effect to the phrase "who did not enter into a contract as a result that conduct" and render violations of the criminal barratry statute coextensive with the private cause of action afforded by section 82.0651(c). If the legislature had intended simply to create a private cause of action for a violation of the barratry prohibitions found the Texas Penal Code and/or the Texas Disciplinary Rules of Professional Conduct, it could have done so. It did not. Instead, it crafted a law that only confers standing to sue on someone who was solicited to enter into a contract for services. As Plaintiff admits, she was not solicited to enter into a contract for the simple reason that she was not the prospective client.

## CONCLUSION

The undisputed fact Plaintiff was not solicited by the alleged caller for purposes of entering into a contract with her as a prospective client warrants the entry of summary judgment in favor of Kanner & Pintaluga and against Plaintiff.

Respectfully submitted,

*Attorneys for Defendant, The Law Offices of Kanner & Pintaluga, P.A.*

**GRAYROBINSON, P.A.**

By:*/s/ Ted C. Craig*
Ted C. Craig (Pro Hac Vice forthcoming)
Attorney-in-Charge
Florida Bar No. 966878
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887

By:*/s/ Veronica A. Meza*
Veronica A. Meza (Admitted Pro Hac Vice)
Florida Bar No. 86151
333 SE 2nd Avenue
Suite 3200
Miami, FL 33131
Tel (305) 416-6880
Fax (305) 416-6887
Veronica.meza@gray-robinson.com

**BECK REDDEN LLP**

By: /s/ Alex B. Roberts
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
aroberts@beckredden.com

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Ted. C. Craig*